```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                            24 CR 556 (DEH)

ERIC ADAMS,

               Defendant.

------------------------------x    Arraignment

                                        New York, N.Y.
                                        September 27, 2024
                                        12:00 p.m.


Before:

                 HON. KATHARINE H. PARKER,

                                        Magistrate Judge


                       APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
CELIA V. COHEN
ANDREW ROHRBACH
DEREK WIKSTROM
     Assistant United States Attorneys


QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Attorneys for Defendant
ALEX SPIRO


ALSO PRESENT:  Special Agent Jacob Balog, FBI
```

| | |
|---|---|
| 1 | THE COURT:  Good afternoon.  Please be seated. |
| 2 | THE DEPUTY CLERK:  Calling case 24 Cr. 556, United |
| 3 | States v. Eric Adams. |
| 4 | Beginning with the government, please make your |
| 5 | appearance for the record. |
| 6 | MS. COHEN:  Good afternoon, your Honor.  Celia Cohen, |
| 7 | Andrew Rohrbach, Derek Wikstrom for the government, and we are |
| 8 | also joined at counsel table by Special Agent Balog of the FBI. |
| 9 | MR. SPIRO:  Good afternoon, your Honor.  This is Alex |
| 10 | Spiro on behalf of Mr. Adams.  Thank you. |
| 11 | THE COURT:  Good afternoon.  And good afternoon, Mayor |
| 12 | Adams.  I'm Judge Parker. |
| 13 | THE DEFENDANT:  Good afternoon. |
| 14 | THE COURT:  You are appearing here today because |
| 15 | certain charges have been filed against you in an indictment |
| 16 | issued by a grand jury from the Southern District of New York. |
| 17 | The purpose of the proceeding today is to inform you |
| 18 | of certain rights that you have, to inform you of the charges |
| 19 | against you, to consider whether counsel should be appointed |
| 20 | for you, and decide under what conditions, if any, you shall be |
| 21 | released pending trial. |
| 22 | Am I correct, Ms. Cohen, that the mayor's appearing |
| 23 | here today pursuant to a summons? |
| 24 | MS. COHEN:  That's correct, your Honor.  My |
| 25 | understanding is he appeared at court this morning at |

1    approximately 8:45 a.m.

2              THE COURT:  Thank you.

3              Mayor Adams, I'm now going to explain certain
4    constitutional rights that you have.

5              You have the right to remain silent.  You're not
6    required to make any statements.  Even if you've already made
7    statements to the authorities, you're not required to make any
8    further statements.  Anything you do say can be used against
9    you.

10             You have the right to be released either conditionally
11   or unconditionally pending trial, unless I find that there are
12   no conditions that would reasonably assure your presence at
13   future court appearances and the safety of the community.

14             I'm obliged to inform you by law that if you are not a
15   U.S. citizen, you have the right to request that a government
16   attorney or law enforcement official notify a consular officer
17   from your country of origin that you have been arrested, and in
18   some cases a treaty or other agreement may require that the
19   U.S. government give that notice, whether you request it or
20   not.

21             You have the right to be represented by an attorney
22   during all court proceedings, including this one, and during
23   all questioning by the authorities.

24             You have the right to hire your own lawyer, which I
25   understand you've done, but if you can't afford one, I'll

1  appoint one to represent you.

2          Mayor Adams, do you understand your rights as I've
3  just explained them?

4          THE DEFENDANT: Yes, I do, your Honor.

5          THE COURT: All right. I'm now going to summarize the
6  charges in the indictment.

7          Count One charges you with violating Title 18 of the
8  United States Code, Section 371, by conspiring with others to
9  commit offenses against the United States. And specifically,
10 wire fraud in violation of Title 18 of the United States Code,
11 Section 1343; soliciting, accepting, and receiving a campaign
12 contribution by a foreign national in violation of Title 52 of
13 the United States Code, Section 3121(a)(2); and federal program
14 bribery, in violation of Title 18 of the United States Code,
15 Section 666(a)(2).

16         You are alleged to have engaged in a number of overt
17 acts in furtherance of the alleged conspiracy, including -- and
18 I'm summarizing -- accepting on behalf of yourself and a
19 companion free plane tickets or plane ticket upgrades to
20 various international destinations, soliciting and/or accepting
21 free or steeply discounted hotel rooms, accepting other
22 amenities such as a car and driver, free use of a VIP room at
23 an airline lounge and a meal at a luxury restaurant, directing
24 a staffer to arrange to accept campaign contributions of
25 foreign funds, and accepting campaign contributions of foreign

1    money, accepting straw donations to your campaign, causing the
2    Fire Department of New York to issue a letter acquiescing to
3    the occupation of Turkish House when it had not yet passed a
4    fire department safety inspection and likely would fail any
5    such inspection, and submitting a false disclosure statement to
6    the Campaign Finance Board that concealed straw donations.
7              You are alleged to have engaged in this conduct from
8    in or about 2015 to in or about 2024 in this district and
9    elsewhere.
10             Count Two charges you with committing wire fraud in
11   violation of Title 18 of the United States Code, Sections 1343
12   and 2.  And specifically, it alleges that you participated in a
13   scheme to fraudulently obtain matching funds for your campaigns
14   for mayor by falsely claiming that contributions qualified for
15   matching funds, when in fact they did not qualify.
16             You're alleged to have engaged in this conduct from in
17   or about 2019 through in or about 2024 in this district and
18   elsewhere.
19             Counts Three and Four charge you with soliciting a
20   campaign contribution by a foreign national in violation of
21   Title 52 of the United States Code, Section 3121 and
22   3109(d)(1)(A), and 18 U.S.C. Section 2.  And specifically, that
23   in or about 2021, and again in 2023, you knowingly and
24   willfully solicited, accepted, and received, and aided and
25   abetted and willfully caused the solicitation, acceptance, and

1   receipt of: (1) a contribution and donation from a foreign
2   national and (2) express and implied promises to make a
3   contribution and donation in connection with a New York City
4   mayoral election in the aggregate amount of $25,000 and more in
5   a calendar year.
6            In Count Five, you are charged with bribery in
7   violation of Title 18 of the United States Code, Sections
8   666(a)(1)(B) and 2.  And specifically, you are alleged to have
9   solicited and accepted free and heavily discounted luxury
10  travel benefits from a Turkish official and others in exchange
11  for intending to be influenced in connection with New York
12  City's regulation of the Turkish House located at 821 U.N.
13  Plaza.
14           The indictment also contains forfeiture allegations as
15  to the offenses charged in Counts One, Two, and Five.
16           Mayor Adams, do you have a copy of the indictment and
17  have you read it?
18           THE DEFENDANT:  Yes, I have, your Honor.
19           THE COURT:  Would you like the Court to read the
20  indictment in full in open court or do you waive a public
21  reading?
22           THE DEFENDANT:  I waive a public reading, your Honor.
23           THE COURT:  And Counselor Spiro, have you reviewed the
24  charges with your client in advance of this proceeding and is
25  he prepared to enter a plea today?

1           MR. SPIRO:  Yes, your Honor.
2           THE COURT:  And does he wish to enter a plea at this
3  moment?
4           MR. SPIRO:  Yes, your Honor.
5           THE COURT:  Mayor Adams, what do you wish to plead?
6           THE DEFENDANT:  I'm not guilty, your Honor.
7           THE COURT:  The record should reflect that Mayor Adams
8  has pleaded not guilty and that he has now been arraigned.
9           Now before we go any further, I want to review with
10 the government certain obligations that it has under the law.
11          I remind the government of its obligations under *Brady*
12 *v. Maryland* and its progeny to disclose to the defense all
13 information, whether admissible or not, that is favorable to
14 the defendant, material either to guilt or to punishment, and
15 known to the government.  The government must make good-faith
16 efforts to disclose to the defense all such information as soon
17 as reasonably possible after its existence becomes known to the
18 government.  The information to be disclosed also includes any
19 information that can be used to impeach the trial testimony of
20 a government witness.
21          These disclosures must be made sufficiently in advance
22 of trial in order for the defendant to make effective use of it
23 at trial.  And I remind you that these obligations are
24 continuing, and that they apply to the information, whether you
25 credit it or not.

1          I further remind you that for these purposes,
2    "government" includes federal, state, and local prosecutors and
3    law enforcement officials who have participated in the
4    investigation and prosecution of this matter, and that you have
5    an affirmative obligation to seek from all these sources all
6    information subject to disclosure.
7          I further caution the government that if it fails to
8    comply with this order, there will be serious consequences,
9    including, without limitation, evidentiary sanctions, dismissal
10   of the charges, and sanctions on any responsible lawyer for the
11   government.
12         Does the government understand these obligations and
13   confirm that it has and will fulfill them?
14         MS. COHEN:  Yes, your Honor.
15         THE COURT:  Yes to both questions?
16         MS. COHEN:  Yes to both questions.
17         THE COURT:  I'll enter a written order confirming the
18   government's *Brady* obligations following these proceedings.
19         I'll hear next from the government as to bail,
20   detention or release.
21         MS. COHEN:  Thank you, your Honor.
22         Prior to today's appearance, we conferred with the
23   defense counsel and we have a proposed package to put before
24   the Court on consent.
25         The defendant would be released on his own signature

1   with the condition that he not have contact with witnesses or
2   individuals named in the indictment, and the government will
3   make -- will reach a reasonable accommodation with respect to
4   family members and members of the mayor's staff.
5          THE COURT:  What does that mean?
6          MS. COHEN:  We intend to confer with counsel, your
7   Honor, about what contact would be permissible for persons in
8   the defendant's family or members of the mayor's staff.  So,
9   for example, for individuals who have personal knowledge of the
10  facts in the indictment, we would agree that the mayor can have
11  contact with those individuals, as long as they do not pertain
12  to the facts in the indictment.
13         THE COURT:  Right.  But why shouldn't that be a
14  condition now as opposed to -- you said you are going to have a
15  discussion with counsel.
16         MS. COHEN:  That's fine.  If you wanted to put that
17  directly in the bond, that's fine.  Our intent was simply to
18  put before the Court that we're going to be reasonable in
19  working out accommodations with the defendant in terms of who
20  he needs to have contact with on a day-by-day basis.  We have
21  not had a discussion about, for example, who on his staff he
22  needs to have day-to-day contact.
23         My only point is that the government intends to be
24  reasonable.
25         THE COURT:  Your proposal is he not speak with

1  witnesses and individuals named in the indictment concerning

2  the charges specifically and the facts in the indictment.

3              MS. COHEN:  That's right, your Honor.

4              THE COURT:  Okay.  And it is typical for a defendant

5  to surrender his passport or make no new applications.  That's

6  not part of your application?

7              MS. COHEN:  That is not part of our application, your

8  Honor.

9              THE COURT:  All right.

10             Counselor Spiro, do you agree with these proposed

11 terms as outlined by the government?

12             MR. SPIRO:  Yes, your Honor.  The government and I

13 spoke before court, and I didn't want to make the government

14 list these folks in open court.  There is only one really key

15 witness in the indictment who we are aware of the name of, and

16 anybody else that they want to alert me to after court as to

17 unnamed individuals, they said they will.  So we'll make sure

18 we follow the order being entered by the Court.

19             THE COURT:  All right.  So is it anticipated then that

20 you are going to provide specific names?

21             MS. COHEN:  Yes, your Honor.

22             THE COURT:  Okay.

23             MS. COHEN:  Your Honor, just so the record is clear,

24 we are not going to provide the names to put in the bond.  We

25 will provide the names to defense counsel.

1          THE COURT:  Right.  I understand.  Thank you.

2          Based on my review of the indictment, the pretrial
3  services report that I reviewed in advance of this proceeding,
4  and the agreement of counsel, I will accept the recommendation.

5          Mayor Adams will be released today on the following
6  conditions:  He shall have no contact with any individual
7  witnesses or others in a list to be provided by the government
8  concerning the facts and circumstances outlined in the
9  indictment.  This does not preclude Mayor Adams from having
10 routine communications regarding business and private family
11 matters.

12         I believe that Judge Ho, the district judge assigned
13 to this matter, has set a conference date.

14         MS. COHEN:  That's correct, your Honor.  We are
15 appearing before Judge Ho on Wednesday, October 2.

16         THE COURT:  At what time?

17         MS. COHEN:  10:30 a.m.

18         THE COURT:  Thank you.  And are there any other
19 matters that the government would like to raise today?

20         MS. COHEN:  The government moves to exclude time under
21 the Speedy Trial Act from today through the parties' first
22 appearance before Judge Ho on October 2 in the interest of
23 justice so that the parties can begin to discuss a protective
24 order and prepare for production of discovery.

25         THE COURT:  Mr. Spiro, is there any objection to the

1    exclusion of time?
2         MR. SPIRO:  I don't have an objection to that two-day
3    exclusionary period.  We are going to be wanting a speedy trial
4    here.
5         I am going to ask that the government provide *Brady*,
6    *Giglio*, and any discovery material they have organized on
7    Wednesday.  I don't think we ought to wait further than that.
8    If the government has it already available, they should provide
9    it.
10        And also, I will say as to the exclusion, we'll be
11   filing a motion to dismiss on Wednesday, and we can take that
12   up in front of Judge Ho, but that will be happening on
13   Wednesday as well.
14        THE COURT:  Time will be excluded until October 2 in
15   the interest of justice, and you can take up any motions with
16   Judge Ho at the next conference.
17        Are there any additional requests from government?
18        MS. COHEN:  Nothing further from the government.
19        THE COURT:  Any additional requests from defense?
20        MR. SPIRO:  No, your Honor.
21        THE COURT:  Mayor Adams, I'm obliged to warn you that
22   if you fail to appear in court as required, or you violate any
23   of the conditions of your release, a warrant will be issued for
24   your arrest, and you may be charged with the separate crime of
25   bail jumping, which can mean additional jail time and a fine.

1  In addition, if you commit any new offense while you are
2  released, in addition to the sentence prescribed for that
3  offense, you will be sentenced to an additional term of
4  imprisonment of not more than 10 years if the offense is a
5  felony, and not more than one year if the offense is a
6  misdemeanor.  This term of imprisonment would be served after
7  any other sentence of imprisonment is completed.
8         And while you are awaiting trial, sir, I must also
9  warn you not to have any contact with or engage in any
10 intimidation of potential or designated witnesses or jurors,
11 not to engage in any intimidation of any court officer, and not
12 to engage in any conduct that would obstruct any investigation
13 by law enforcement.
14         Okay.  So I think that's everything.  I'm going to ask
15 the marshals to escort the mayor and counsel to the clerk's
16 office on the fifth floor now.  And the public who are in the
17 overflow courtrooms can be excused now.  I'll just wait, I'll
18 just ask individuals in the courtroom to wait a moment until
19 the mayor has left the courtroom.
20         MR. SPIRO:  Thank you, your Honor.
21         (Adjourned)