**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

October 25, 2024

<u>VIA ECF</u>

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Re:   <u>United States vs. Adams</u>, 24 Cr. 556 (DEH)

Dear Judge Ho:

On October 17, 2024, "[i]n the interests of efficiency and of Defendant Adams' right to a speedy trial, the Court direct[ed] the parties to meet and confer, and to submit a proposed CIPA schedule[.]" ECF No. 36 at 1. The parties met and conferred on October 22, 2024, but were unable to agree on a schedule for CIPA-related litigation. The parties' respective scheduling proposals are reflected in the chart below. After the chart, the parties' respective justifications for their proposals are explained.

| Event | Proposed Defense Date | Proposed Government Date |
|---|---|---|
| Government Section 4 Motion | January 6, 2025 | February 7, 2025 |
| Government *ex parte* Section 4 Hearing | January 13-21, 2025 | February 14-21, 2025 |
| Defense Section 5 Notice[1] | January 28, 2025 | March 14, 2025 |
| Government Objections to Section 5 Notice | February 3, 2025 | March 28, 2025 |
| Defense Section 5 Reply | February 10, 2025 | April 4, 2025 |
| Government Section 6 Motion | February 18, 2025 | April 18, 2025 |

---

[1]  This date, and all subsequent dates, are only if-needed.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM |
MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

| Defense Section 6 Objections | February 25, 2025 | April 25, 2025 |
| Government Section 6 Reply | March 4, 2025 | May 2, 2025 |
| Section 6 Hearing | March 11, 2025 | May 9, 2025 |

**Mayor Adams's Position**

Mayor Adams respectfully requests a trial date no later than March 2025, in advance of the New York City mayoral primary on June 24 (and early voting on June 14). The government anticipates a multi-week trial in this matter, and a trial date later than March raises the significant risk that the proceedings will not conclude before the primary process, including campaigning and fundraising. *See* Oct. 2, 2024 Conf. Tr. 35:19-36:22. Voters should know the outcome of the government's charges before heading to the polls, and Mayor Adams's interest in a speedy trial under these circumstances is manifest, as the Court has acknowledged. *Id.* at 38:17-18 (stating "the public and Mayor Adams have an interest in a speedy trial" which "is heightened in the context of the elections calendar"); *see also id.* at 46:16-20.

The government's proposed CIPA schedule may well be appropriate in a different case that does not involve the sitting Mayor of New York City in an election year. But the government's schedule would almost certainly delay trial until at least next summer, and this delay is attributable to the government's own decision-making. The government began investigating the charged conduct more than three years ago, *see id*. 15:2-3, and it controlled the timing of the indictment. The government could have started the CIPA review and declassification process months ago, pre-indictment, so that it would be completed by early 2025, but it evidently chose not to do so. That is no reason to delay trial and certainly does not overcome Mayor Adams's speedy trial rights. Nor is it plausible that, if the Court now orders the CIPA process to be completed in time for a March 2025 trial, the entire national security apparatus of the Department of Justice could not comply with that order.

**The Government's Position**

For the reasons the Government explained at the *ex parte* conference held pursuant to CIPA Section 2, the Government believes the schedule it has proposed is the shortest that can be realistically accomplished. The Government is not aware of a case in this District that has successfully completed full CIPA litigation on a faster timeline, and the defendant's contrary assertions are based on speculation that cannot be reconciled with the facts known to the Court. Although it may be possible to compress or eliminate the dates after the Court's rulings on the Section 4 motion depending on how the Court rules and the defendant's corresponding choices, planning a trial based on that possibility creates a significant risk of disruptive adjournments. By contrast, the Government's proposed schedule should confidently allow rapid but orderly preparation for a trial that would nonetheless be completed by the June 14, 2025 date identified by the defendant.

2

Respectfully submitted,

Alex Spiro