**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

October 30, 2024

**VIA ECF**

Hon. Dale E. Ho
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 905
New York, New York 10007

Re: **United States v. Adams, No. 24-Cr-556 (DEH)**

Dear Judge Ho:

  I write respectfully on behalf of Mayor Eric Adams, the defendant in the above-captioned matter, and in regards to the motions hearing scheduled for this Friday, November 1, 2024.  We are in receipt of the Court's Order of today (ECF No. 43) and understand that the Court does not plan to hear argument on Mayor Adams's motion for an Evidentiary Hearing under Federal Rule of Criminal Procedure 6(e) (ECF No. 19).  Because the inquiry as to whether media leaks have violated Rule 6(e) is necessarily "a fact specific inquiry," *United States v. Skelos*, No. 15 Cr. 317 (KMW), 2015 WL 6159326, at *9 (S.D.N.Y. Oct. 20, 2015), we planned to submit exhibits and supplement the record on Mayor Adams's motion during Friday's argument.  In particular, we planned to submit (1) an FBI Form 302 recently produced by the government in discovery that confirms ███████████████████████████████, contrary to the government's position in this case; and (2) a file showing that the reporter at *The New York Times* who reported most of the leaked information in this case also has published leaked information in other corruption prosecutions in this District going back years.

  ***Recently Produced FBI 302.***  On Monday, October 21, 2024, Mayor Adams's counsel received a discovery production from the government ███████████████████████████████.  After processing and loading this production, Mayor Adams's counsel has discovered that one of the documents produced by the government is an FBI 302 reflecting ███████████████

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH



███████████████████████████████. *See* Ex. 1.[1] ████████████
████████████████████████████████:

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████.

*Id.* ████████████████████████████████████████████████████
████████████████████████████████. As the Court is aware, the issuance of grand jury subpoenas was leaked in this case. ████████████████████████████████████████
████████████████████████████████. *See* ECF No. 38 at 18-19 ("Nor is it clear that even the articles mentioning the service of grand jury subpoenas reveal information protected by Rule 6(e).").

The government's production of this lone document with clear relevance to Mayor Adams's motion also underscores our concern that the government has refused to produce relevant discovery despite the pendency of this motion. Indeed, the court has ordered all discovery to be produced by December 4, and given the seriousness of the issues presented in this motion, the government should have prioritized production of grand jury materials relevant to the motion (such as the transcripts of witness testimony). Instead, the government refused Mayor Adams's written request. In the event that Mayor Adams receives further discovery from the government evidencing leaks of grand jury information—or that the leaks have prejudiced Mayor Adams—he will be forced to re-open this issue if it has not already been resolved.

**Government Leaks To The Same NYT Reporter.** As noted in Mayor Adams's papers, many of the leaks in this case were reported by William Rashbaum, a reporter at *The Times*. It appears that Mr. Rashbaum has for years been a recipient of inside information from the government, including information alleged to have violated the grand jury secrecy rule. *See United States v. Skelos*, No. 15 Cr. 317 (KMW), 2018 WL 2849712, at *6 (S.D.N.Y. June 8, 2018) (same reporter allegedly received leaks from the government); *United States v. Silver*, No. 15 Cr. 93 (VEC), 103 F. Supp. 3d 370, 373-74 & n.3 (S.D.N.Y. 2015) (same reporter authored article containing alleged leaks). Mayor Adams had planned to discuss these issues in further detail with the Court during Friday's hearing and is accordingly submitting letters from and articles by Mr. Rashbaum that were at issue in the *Skelos* case, as well as the articles by Mr. Rashbaum that were at issue in the *Silver* case—both of which cases the government has argued are analogous to this one. *See* Exs. 2-7. This pattern across corruption cases corroborates that the leaks here emanated from the government, given the unlikelihood that subjects of three separate criminal investigations leaked to the exact same reporter by happenstance.

---

[1] Because this document reveals grand jury information under Rule 6(e), and because it is also subject to the Protective Order in this case, Mayor Adams is submitting it under seal along with this letter.

Mayor Adams believes he has met his prima facie burden to obtain an evidentiary hearing on these important issues affecting his rights. To the extent the Court believes brief argument would be helpful during Friday's hearing (or at any other time), we will be prepared to address the motion and answer any questions the Court may have.

Respectfully submitted,

Alex Spiro