**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

November 4, 2024

<u>VIA ECF</u>

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 905
New York, New York 10007

Re:     <u>United States v. Adams</u>, 24 Cr. 556 (DEH)

Dear Judge Ho:

    During Friday's hearing on Mayor Adams's motion to dismiss Count V of the Indictment, the government referred to two cases where courts declined to dismiss indictments under *Snyder v. United States*, 144 S. Ct. 1947 (2024). One of these cases was Judge Rochon's recent decision in *United States v. Starks*, No. 1:24-cr-126, 2024 WL 4528169 (S.D.N.Y. Oct. 18, 2024) (Exhibit A). Because *Starks* was newly raised by the government, Mayor Adams submits this letter as a response to the government's verbal notice of supplemental authority.[1] *Starks* does not support the government's position in this case and, if anything, supports Mayor Adams's argument about *Snyder*.

    In *Starks*, the defendant was a superintendent with the New York City Housing Authority (NYCHA). Ex. A at 1. Starks was indicted on one count of federal program bribery under 18 U.S.C. § 666(a)(1)(B) for soliciting and accepting bribes in exchange for arranging for contractors to receive no-bid contracts from the NYCHA. *See ibid.* Starks moved to dismiss the § 666(a)(1)(B) charge, arguing that, after *Snyder*, the allegations in the indictment and underlying complaint were best characterized as gratuities. *See* No. 1:24-cr-126, ECF 17. In particular, Starks emphasized the timing of the alleged payments as occurring after the relevant contracts had been awarded. *See, e.g., id.* at 2 ("No matter what those contractors may have hoped to achieve by

---

[1] *See, e.g.*, *United States v. Ragano*, 2024 WL 3302673, at *3 n.6 (E.D.N.Y. July 3, 2024); *United States v. Bin Wen*, 2018 WL 6715828, at *3 (W.D.N.Y. Dec. 21, 2018); *United States v. Johnson,* 886 F. Supp. 1057, 1061 (W.D.N.Y. 1995); *see also United States v. Hild*, 644 F. Supp. 3d 7, 24 (S.D.N.Y. 2022); *Gluck v. Hecla Mining Co.*, 657 F. Supp. 3d 471, 480 (S.D.N.Y. 2023).

giving Starks money after he had awarded them no-bid contracts, following the decision in *Snyder*, such payments would not render Starks guilty of a crime under [Section] 666."); *id.* at 7 ("This charging language is consistent with Starks awarding a no-bid contract to a contractor and then asking that contractor for a gift.").

Judge Rochon denied the motion to dismiss and rejected Starks's argument about *Snyder*. *See* Ex. A at 2-3. Judge Rochon stressed that, under *Snyder*, the "key inquiry is . . . 'the timing of the agreement' between the parties, 'not the timing of the payment.'" *Id.* at 3 (quoting *Snyder*, 144 S. Ct. at 1959). She noted that *Snyder* interpreted Section 666 to also "capture those arrangements where payment is received only *after* the official act has been rendered, but pursuant to an existing agreement." *Ibid.* (citing *Snyder*, 144 S. Ct. at 1959). Accordingly, Starks's argument about the timing of payments "misse[d] the mark." *Ibid.*

That holding has no bearing on the present case. The defendant in *Starks* emphasized the timing of alleged payments, while Mayor Adams has consistently focused on the timing of an alleged agreement. *See* Motion to Dismiss at 13-15; Reply at 7-9. The defendant in *Starks* did not dispute that his alleged actions—awarding no-bid contracts to private contractors—satisfied the "quo" standard of Section 666, whereas Mayor Adams has consistently asserted that the Indictment does not sufficiently allege an agreement involving the sort of quo required by Section 666. *See* Motion to Dismiss at 10-13, 16-20; Reply at 9-10.

Furthermore, *Starks* actually supports Mayor Adams's argument that Section 666 contains an official-act requirement. *See* Motion to Dismiss at 7-9; Reply at 3-4. Judge Rochon twice mentioned the term "official act" in applying the Supreme Court's decision in *Snyder*, consistent with the understanding that *Snyder* construed Section 666's quo standard to connote an official act. *See, e.g.*, Ex. A at 3 (discussing "arrangements where payment is received only *after* the *official act* has been rendered") (emphasis added). Insofar as the Court deems *Starks* relevant to its disposition of the pending motion to dismiss, Judge Rochon's decision only fortifies Mayor Adams's argument about *Snyder*.

Mayor Adams accordingly reiterates his request that the Court dismiss Count V and allow this case to proceed to trial on the remaining charges (unless the government can convince the grand jury to return a legally sufficient bribery charge). If anything, *Starks* confirms the proper remedy here. And even if there were any doubts as to whether the charged conduct satisfied Section 666 (there is none), fundamental principles of lenity, *see United States v. Davis*, 588 U.S. 445, 464-65 (2019), and fair notice, *see Snyder*, 144 S. Ct. at 1958–59, would demand a resolution in favor of dismissal—not a potentially decade-long prison sentence under the government's breathtaking interpretation of the statute.

Respectfully submitted,

*/s/ Alex Spiro*

Alex Spiro