**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7364

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

November 11, 2024

*The Court is in receipt of Defendant's letter. The Government is directed to file a response to Defendant's letter by **Friday, November 15, 2024.***

**VIA ECF**

*SO ORDERED.*

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 905
New York, New York 10007

Dale E. Ho
United States District Judge
Dated: November 12, 2024
New York, New York

Re:    *United States v. Adams*, 24 Cr. 556 (DEH)

Dear Judge Ho:

I write on behalf of Mayor Eric Adams in the above-captioned matter regarding the Court's order setting an April 21, 2025 trial date. Mayor Eric Adams respectfully requests that the Court reconsider its decision to set this multiweek trial for so late into the mayoral campaign season. The Court should instead schedule trial to begin by April 1, 2025.

In setting a preliminary trial date for this case, the Court faced scheduling realities that the defense now wishes to simplify: Mayor Adams waives all discovery motions in this matter. If litigation pursuant to the Classified Information Procedures Act ("CIPA") is the only impediment to an earlier trial date, the defense additionally waives access to all CIPA discovery—both in the interest of time and in the interest of having a trial that is fully open to the public. As case law confirms, waiver of discovery motions is not ineffective assistance of counsel because the Mayor's waiver to classified information is both knowing and intelligent. *Cf. United States v. Mezzanatto*, 513 U.S. 196, 201 (1995) ("A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution.").

Additionally, counsel wishes to bring a number of other considerations to the Court's attention. The problem with the current trial schedule is that it would delay resolution of this case until late May 2025, at the earliest (and likely even longer).[1] As it currently stands, the resolution of trial would only be one month before New York voters cast their ballots in the 2025 Democratic

---

[1] If the Court grants Mayor Adams's pending Motion to Dismiss Count V, the trial would no doubt be substantially shorter, which would reduce the necessity of the requested schedule.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM |
MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

primary.  Moreover, given the enormous early voting turnout in the recent election, it is likely that many New Yorkers will cast their ballots on the first days of early voting, which begins on June 14, 2025.  An earlier trial date will ensure that Mayor Adams's speedy trial rights are upheld, that the Mayor will be able to fully participate in his reelection campaign and that this City's voters can be rid of the distraction of this misguided indictment as they hear from and evaluate the Democratic candidates for Mayor on their merits.

Several critical events are likely to occur prior to the conclusion of trial in late May that will impair the Mayor's ability to campaign.  During his 2021 run for office, Mayor Adams campaigned tirelessly for more than six months before the Democratic primary, making countless public appearances, and spending significant time interacting with the people of this City to better understand how to improve their lives.  For example, the first debate of the 2021 Democratic primary took place on January 31, 2021.  *See, e.g.*, Dana Rubinstein, *Who's the Front-Runner? 5 Takeaways From the First Mayoral Debate*, N.Y. TIMES (Feb. 1, 2021), *available at* https://www.nytimes.com/2021/02/01/nyregion/debate-mayor-nyc.html.  Given the current schedule, Mayor Adams would likely still be in the middle of the month-long trial during the second debate, which took place on May 13, 2021.  *See* Bobby Cuza, *What to Watch for in Tonight's Mayoral Debate*, SPECTRUM NEWS (May 13, 2021), *available at* https://ny1.com/nyc/all-boroughs/news/2021/05/13/what-to-watch-for-in-tonight-s-mayoral-debate.

Additionally, there are numerous candidate forums that occur throughout the Democratic primary season for which it is essential that Mayor Adams attend.  To name just a few that Mayor Adams attended in 2021: the Mayoral Transit Forum (March 25, 2021); Tech:NYC Mayoral Forum (April 8, 2021); City Limits Mayoral Forum on Aging in New York City (April 14, 2021); the Asian American Community Mayoral Forum (May 4, 2021); New York City AFL-CIO Central Labor Council's "Conversations with the Candidates" (May 7-8, 2021); and the PIX 11 News Mayoral Forum (May 27, 2021).  Mayor Adams has already been forced to skip one such forum, on October 26.  *See* Emma Fitzsimmons*, At First N.Y.C. Mayoral Forum, Five Democratic Candidates Attack Adams*, N.Y. TIMES (Oct. 26, 2024), *available at* https://www.nytimes.com/2024/10/26/nyregion/mayor-democrats-adams-forum.html (noting that "criminal charges [Mayor Adams] faces . . . received plenty of attention" at "the unofficial on-the-ground start to the mayoral race ahead of the Democratic primary").  A verdict in late May would allow the Southern District prosecutors to sideline Mayor Adams for the vast majority of his remaining reelection campaign, during many of the most important moments.  The Court should not allow the schedule to prevent the Mayor from effectively running for reelection to accommodate the preference of the prosecutors, who chose when to secure an indictment in this case.  Only an earlier trial date can mitigate these severe prejudices.

Moreover, an earlier trial in this case is perfectly feasible.  The only material concerns are (1) discovery, and (2) the need for the Court to rule on any pretrial motions, including potential CIPA motions.  As to the former, the government made clear at the November 1 hearing that it is on track to meet the Court's December 4 deadline for discovery, which of course leaves ample time for the parties to continue preparing for a trial to begin on April 1, 2025.  As to the latter, the

defense has already received from the government the numerous search warrants in this case. Given Mayor Adams's motions waiver,[2] there will be no CIPA litigation.

Mayor Adams has a constitutional right to a speedy trial, and he is vigorously asserting that right here. *See United States v. Tigano*, 880 F.3d 602, 611 (2d Cir. 2018) ("[T]he right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment." (citation omitted)). Even if the Mayor was not actively campaigning for reelection, he would be demanding a speedy trial of the meritless accusations that Southern District prosecutors have made in this case. But the Mayor is in the midst of a reelection campaign, and, as the Court has already noted, this prosecution will continue to cast a cloud over that campaign until it is resolved by a jury of New Yorkers. *See* Nov. 1 Hr'g Tr. 55:19-21 (noting the Court "appreciate[d] the interest in a speedy trial that the public has, that any defendant has, but particularly that Mayor Adams has in this case given the election cycle"); *see also id.* at 60:22-25 ("I am taking very seriously the public's interest in a quick trial . . . and Mayor Adams' interest in one here specifically in light of the election calendar" because "it's important for the public to have an answer one way or another"). Consequently, for both Mayor Adams and the voting public, the stakes of the Court's trial date could not be higher.

Furthermore, Mayor Adams respectfully submits that the Court's review of dockets in other cases of this nature do not bear on the current schedule. After years of investigation, the prosecutors in this case picked this moment to indict the Mayor for allegations dating back to 2016. The prosecutors could have indicted Mayor Adams on a timeline that did not interfere with the campaign or waited until after the election. But, they chose to proceed him knowing that their preferred schedule would put the trial right in the middle of the Democratic primary.

To the extent that the Court feels the need to consider these cases, the schedules should further confirm that an earlier trial date is realistic. In *United States v. Menendez*, No. 23 Cr. 490 (SHS), one of the recent public corruption cases in this District, the defendant went to trial approximately seven months after an indictment was returned. *See id.* The government seeks essentially the same timetable here, but, as the Court has noted, *Menendez* "was a multi-defendant case" and the "volume of classified material in that case was unusually large." Nov. 1, 2024 Hr'g Tr. 61:22-62:1. The *Menendez* case also presented additional factors weighing in favor of delay that are not present here. For example, then-Senator Menendez did not invoke his speedy trial rights. *See, e.g.*, *Menendez*, Oct. 2, 2023 Min. Entry; Mar. 11, 2024 Min. Entry. And at this juncture, Senator Menendez had not yet selected trial counsel, who did not appear until more than a month after an initial trial date was selected. *Compare Mendendez*, ECF No. 39 *with id.*, ECF Nos. 88-92. Perhaps most significantly, Senator Menendez was not seeking reelection in the Democratic primary. *See* Mike Catalini, *New Jersey Sen. Bob Menendez Says He Won't Run in Democratic Primary*, ASSOCIATED PRESS (Mar. 21, 2024), *available at* https://apnews.com/article/menendez-bribery-senate-new-jersey-7a8cd625f5be3d2f2c4c1f2c2a72ff9e. The same is true of *United States v. Silver*, 15 Cr. 93 (VEC). The defendant there had resigned his position as Assembly Speaker and was not running for reelection in the leadup to his trial. *See Sheldon Silver Submits Resignation Letter*, WALL ST. J.

---

[2] For the avoidance of doubt, Mayor Adams does not waive the right to file other non-discovery pretrial motions, such as motions in *limine*.

(Jan. 30, 2015), *available at* https://www.wsj.com/articles/silver-submits-resignation-letter-1422671601.

      Finally, I wish to note that the existing schedule did not account for other previously scheduled trials where Mayor Adams's attorneys are trial counsel. Most pressingly, William Burck and Avi Perry have a multiweek trial scheduled in a federal criminal case in the United States District Court for the District of Columbia commencing on May 6, 2025, before the Honorable Trevor McFadden. *See United States v. Burke et al.*, 24 Cr. 265 (TNF) (D.D.C.). Judge McFadden set the trial date in that case on September 23, 2024, prior to the unsealing of the indictment against Mayor Adams. An April 1 trial date would avoid these conflicts. At bottom, a five-month schedule between indictment and trial is not unreasonable given the unique circumstances and equities at play. The Speedy Trial Act provides that "trial . . . shall commence within seventy days from the filing date (and making public) of the . . . indictment." 18 U.S.C. § 3161(c)(1). A trial starting April 1, 2025 would provide the government and the Court with nearly double the length of time needed to try a case under the Speedy Trial Act—in a case that, as defense counsel has explained, is not complex despite the government's claims to the contrary. *See* Nov. 1, 2024 Hr'g Tr. 60:3-17. Moreover, the government previously agreed to a May 1, 2025 trial date. *See id.* at 44:25-45:4. Although the government (as always) claims to be ready for trial at any time, the Court's provisional trial date only moves the schedule one week before the government opines it could surely be ready.

      \*     \*     \*

      Mayor Adams originally desired a February 2025 trial date. Given the Court's comments during the November 1, 2024 hearing, the defense understands the Court's hesitation in setting trial for March 2025. A trial beginning April 1, 2025 alleviates any such concerns while advancing the schedule by three weeks. Accordingly, the Court should move Mayor Adams's trial date earlier because of significant impacts this trial will have to the Mayor's ability to campaign during the primary. Given the realities of the news and election cycle, this earlier trial date is not only feasible, but essential here.

Respectfully submitted,

Alex Spiro