UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                v.<br><br>ERIC ADAMS,<br>                          Defendant. | 24-CR-556 (DEH)<br><br>MEMORANDUM OPINION<br>AND ORDER |

DALE E. HO, United States District Judge:

      Before this Court is Defendant Eric Adams's ("Defendant" or "Mayor Adams") letter motion for reconsideration of the trial date in this matter. Def.'s Letter Mot. for Recons. ("Def.'s Mot."), ECF No. 55. Specifically, Mayor Adams requests that his trial, which is currently set for April 21, 2025, be rescheduled to begin by April 1, 2025. *Id.* at 1. In its response, the Government notes that the parties have been unable to agree on the feasibility of an April 1, 2025, trial date due to, *inter alia*, their diverging understandings of what discovery must be disclosed by the December 4, 2024, deadline set by this Court. Govt's Resp. to Def.'s Letter Mot. for Recons. ("Govt's Resp."), ECF No. 59. The Government therefore moves for this Court: (1) to clarify what materials are required to be disclosed by the December 4th discovery deadline, (2) to adjourn the Government's response to Mayor Adams's motion for reconsideration, and (3) to order the parties to meet and confer about the feasibility of a pretrial schedule for an April 1, 2025, trial date.

      For the avoidance of doubt, the Court clarifies that its Scheduling Order prescribing that "[d]iscovery shall be produced by December 4, 2024," ECF No. 33, refers to the production of materials pursuant to Rule 16.[1] In other words, the Government need not provide Mayor Adams

---

[1] All references to Rules are to the Federal Rules of Criminal Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

1

with all exculpatory evidence required to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972), by December 4, 2024. Under well-established Second Circuit caselaw, *Giglio* materials need not be disclosed immediately upon request by a defendant. *See United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). Instead, such exculpatory material must be disclosed "in time for its effective use at trial or at a plea proceeding." *Id.* While it is the Government's duty to disclose *Giglio* evidence in a timely manner to permit its "effective use," *id.*, courts may intervene to direct the Government to disclose *Giglio* evidence by a certain date "as a matter of sound case management," *United States v. Giffen*, 379 F. Supp. 2d 337, 347-48 (S.D.N.Y. 2004).

This Court declines to direct the Government to disclose all *Giglio* materials by December 4th. The Mayor cites no authority for the proposition that *Giglio* materials must be disclosed approximately four months before the trial date—the timeline he requests this Court order the Government to follow. While it is true, as Mayor Adams notes, that determining whether *Giglio* material have been disclosed in time for its "effective use at trial" depends on the "nature of the evidence and the 'particular circumstances of the case,'" Def.'s Reply in Supp. of Def.'s Mot. for Recons. ("Def.'s Reply") 2, ECF No. 60 (citing *Coppa*, 267 F.3d at 146), none of the cases in this Circuit where the court ordered the Government to expedite its production of *Giglio* materials required those materials be produced four months ahead of trial.[2] Indeed, "[c]ourts in this Circuit

---

[2] Mayor Adams cites to *United States v. Mohamed*, 148 F. Supp. 3d 232, 246 (E.D.N.Y. 2015) to support his request for this Court to order early disclosure of *Giglio* materials in his case. Def.'s Reply 2. Setting aside that *Mohamed* explicitly reaffirmed that "[t]here is no pre-trial right to *Giglio* material," the court ultimately ruled against the defendant's request for early disclosure where the Government represented it would provide *Giglio* material four weeks before a suppression hearing. *Mohamed*, 148 F. Supp. 3d at 246. Some courts ordering expedited *Giglio* disclosure have followed a similar one-month timeframe. *See, e.g.*, *United States v. Aparo*, 221 F. Supp. 2d 359 (E.D.N.Y. 2002) (ordering *Giglio* materials produced four weeks before trial in case with complex charges and multiple defendants). Other courts have ordered *Giglio* materials to be disclosed two weeks before trial. *See, e.g.*, *United States v. Rodriguez*, No. 19 Crim. 779, 2020 WL 5819503, at *12 (S.D.N.Y. Sept. 30, 2020) (ordering disclosure two weeks before trial in case where defendant was charged under multi-count indictment). Others have required disclosure only

2

have repeatedly declined to issue pretrial discovery orders pertaining to *Brady* and *Giglio* material, upon a good faith representation by the government that it has complied—and will continue to comply—with its disclosure obligations." *United States v. Rodriguez*, No. 19 Crim. 779, 2020 WL 5819503, at *10 (S.D.N.Y. Sept. 30, 2020). Here, the Court understands the Government to be complying with its discovery obligations in good faith[3] and instructs that it continue to do so in accordance with its constitutional duties and this Court's Scheduling Order. This Court, therefore, declines to direct the Government to disclose all *Giglio* materials by December 4, 2024.

In light of the foregoing, the Court **RESERVES JUDGMENT** on Mayor Adams's motion for reconsideration and **GRANTS** the Government's motion. The Government's deadline for responding to Mayor Adams's motion for reconsideration is accordingly **ADJOURNED** to November 27, 2024. The parties are **ORDERED** to meet and confer with respect to: (a) the feasibility of a pretrial schedule for an April 1, 2025, trial date, including but not limited to deadlines for expert disclosures, the production of *Giglio* and Jenks Act materials, and motions in limine; and (b) the form of any necessary and permissible waivers needed for an April 1, 2025, start of trial. The parties are **ORDERED** to submit a joint status letter no later than November 27, 2024, via ECF describing whether they have reached an agreement on the matters discussed above

---

days before trial in cases of similar complexity as this one. *See, e.g.*, *United States v. Underwood*, No. 04 Crim. 424, 2005 WL 927012, at *3 (S.D.N.Y. Apr. 21, 2005) (ordering disclosure of *Giglio* materials two business days before trial in multi-defendant narcotics case); *United States v. Vaughan*, No. 10 Crim. 233, 2010 WL 3025648, at *3 (S.D.N.Y. July 27, 2010) (ordering disclosure of *Giglio* materials three business days before trial in case where single defendant was charged with three counts of fraud).

[3] The Government represented as much in a hearing on November 1, 2024, and the Government also notes in its Response that it "recognizes, and is complying with, its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and has not delayed the production of information those obligations require the Government to produce." Govt's Resp. 2 n.2.

3

and a proposed pretrial schedule; if the parties are unable to reach agreement, the letter shall set forth their respective positions and proposed pretrial schedules with respect to these matters.

The Clerk of Court is respectfully directed to terminate ECF No. 59.

SO ORDERED.

Dated: November 20, 2024
New York, New York

                                              DALE E. HO
                                      United States District Judge