UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                v.<br><br>ERIC ADAMS,<br>                          Defendant. | 24-CR-556 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On November 11, 2024, Defendant New York City Mayor Eric Adams ("Mayor Adams") filed a motion for reconsideration of the April 21, 2025 trial date in this matter, seeking that the trial date be moved up to begin on April 1, 2025. *See* Mot. for Recons. of Trial Date, ECF No. 55. For the reasons explained below, the Motion is **DENIED**.

At a conference held on November 1, 2024, the Court determined that April 21, 2025 was the earliest practicable date for trial in this matter given, *inter alia*, the need for sufficient time to accommodate various discovery issues in this case, including potential practice under the Classified Information Procedures Act ("CIPA"). *See* Conf. Tr. 60-62, 67, ECF No. 57. The Court also noted that the overall length of the pretrial schedule it was adopting was consistent with other cases involving allegations of a similar nature. *Id.* at 67; *see also United States v. Menendez*, 23 Crim. 490, Min. Entries 10/02/23 & 04/19/2024 (initially setting trial date of May 6, 2024, more than seven months from date of indictment, and then adjourning by one week); *United States v. Silver*, 15 Crim. 93, Min. Entry 4/28/15 (setting trial date of November 2, 2015, more than eight months from date of complaint, and more than seven months from date of indictment).

Ten days later, Mayor Adams filed a motion for reconsideration, representing that, "[i]f litigation pursuant to the Classified Information Procedures Act ('CIPA') is the only impediment

1

to an earlier trial date, the defense . . . waives access to all CIPA discovery." Mot. for Recons. at 1. In light of that representation, this Court issued an Order on November 20, 2024 that, *inter alia*, directed the parties to meet and confer about the feasibility of an April 1, 2025 trial date and to propose a pretrial schedule. *See* Mem. Order 3-4, ECF No. 63.

On November 27, 2024, the parties submitted a joint letter in accordance with that Order. *See* Joint Letter, ECF No. 64. The parties largely agreed on a pretrial schedule for the existing April 21, 2025 trial date, with some exceptions related to the timing of disclosure of *Giglio* material and the exchange of witness lists, exhibits, and witness statements. *See id.* at 2-3, 3 n.1. Mayor Adams also submitted a proposed pretrial schedule for his requested April 1, 2025 trial date. *See id.* at 6-7. Notwithstanding his previous representation that "the defense . . . waives access to all CIPA discovery," Mot. for Recons. at 1, Mayor Adams's proposed schedule for an April 1, 2025 trial date includes deadlines for CIPA practice. *See id.* at 6-7. The Government stated that, in light of Mayor Adams's "apparent withdrawal of his stated intention to waive CIPA practice," it would not engage with the defense on the earlier proposed schedule. *Id.* at 4. There is no proposed schedule in the parties' submission that omits CIPA practice. *See id.*[1]

Based on the Court's review of the parties' joint submission, it appears that Mayor Adams no longer wishes to waive CIPA practice (or, at least, is not certain that he wishes to do so at this time). But the Court has already determined that it would be impracticable to accommodate the complex discovery issues presented in this case, including potential CIPA practice, while setting a trial date earlier than April 21, 2025. *See* Conf. Tr. at 60-62, 67. Mayor Adams is fully within his rights to withdraw his proposed waiver, but because his request for

---

[1] Mayor Adams also previously represented that he "waives all discovery motions in this matter," Mot. for Recons. at 1, but his proposed pretrial schedule for an April 1, 2025 trial date includes a deadline for "Defense motions against discovery, if any." Joint Letter at 6.

reconsideration of the trial date was premised, in significant part, on that waiver, the bases underlying the Court's determination as to the trial date remain unchanged. The Court therefore cannot adopt Mayor Adams's proposed trial schedule.

Mayor Adams also notes that two members of his trial team will be unavailable for trial beginning on May 6, 2025. *See* Mot. for Recons. at 4. A defendant, however, "does not have the absolute right to counsel of her own choosing," only a right to counsel that is *effective*. *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). Mayor Adams has not argued that commencing the trial on April 21 would deprive him of his right to effective assistance of counsel, *see* Mot. for Recons., nor did he bring this pre-existing conflict to the Court's attention during either of the two hearings in which the parties discussed the trial schedule. *See* Initial Conf. Tr. 35-46, ECF No. 31; Conf. Tr. at 44-62. While the Court is generally amenable to requests to avoid scheduling conflicts, the Court finds that, under the circumstances, it is impracticable to accommodate Mayor Adams's request for a trial that begins prior to April 21, 2025. If Mayor Adams seeks other relief to accommodate the scheduling conflict (such as a later trial date), he may file a motion requesting such relief (after meeting and conferring with counsel for the Government).[2]

The motion is therefore **DENIED**. Trial in this matter remains scheduled for April 21, 2025. The Court will consider the parties' views as to the timing of *Giglio* materials and other scheduling issues that remain in dispute at the upcoming case management conference scheduled for December 20, 2024. In the event the parties have additional issues to raise with the Court

---

[2] While Mayor Adams identifies various other interests supporting an early trial date, the Court has already considered those issues and sought to account for them by setting a trial date as early as possible consistent with the complex discovery issues—including CIPA practice—presented in this case. *See* Conf. Tr. at 60-62, 67.

during the conference, they may submit a status letter on December 18, 2024 identifying such issues and any anticipated requests for relief.

SO ORDERED.

Dated: December 17, 2024
New York, New York

                                            DALE E. HO
                                 United States District Judge