

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 19, 2024

**BY ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *United States v. Eric Adams*, 24 Cr. 556 (DEH)

Dear Judge Ho:

Since the unsealing of the Indictment in this case, defense counsel has repeatedly made false public statements about the facts and evidence in this case that violate Local Criminal Rule 23.1. The Government alerted defense counsel to such violations in late September 2024, and on November 4, 2024, the Court "cautioned that this case is to be tried in the courtroom and not in the press," Dkt. 49 at 21. Nonetheless, defense counsel has continued to violate the Rule, including as recently as December 17, 2024. Accordingly, the Government respectfully submits this letter to request that the Court direct counsel for the parties to comply with the Rule.

Local Criminal Rule 23.1(a) provides:

> It is the duty of the lawyer or law firm … not to release or authorize the release of non-public information or opinion that a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that the dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

Local Criminal Rule 23.1(d) goes on to identify various categories of public statements that presumptively "interfere with a fair trial or otherwise prejudice the due administration of justice." For example, the Rule provides, in relevant part, that statements of "opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case" are among those that "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." L. Crim. R. 23.1(d)(7). Statements about the "credibility of prospective witnesses" also "presumptively … interfere with a fair trial." L. Crim. R. 23.1(d)(4). The potential prejudice is evaluated "at the time a statement is made," so it is no defense that an attorney's statement in violation of the Rule did not *actually* prejudice the eventual jury. *United States v. Cutler*, 58 F.3d

825, 836-37 (2d Cir. 1995) (internal quotation marks and citation omitted) (holding that statements made by defense counsel many months before trial were reasonably likely to prejudice the proceedings). The Rule authorizes the Court to "issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury…." L. Crim. R. 23.1(h).

On December 17, 2024, following the Court's issuance of a written decision denying the defendant's motion to dismiss Count Five of the Indictment, Dkt. 68, the New York Times reported the following statement from defense counsel regarding the Court's opinion:

> Alex Spiro, one of Mr. Adams's lawyers, said in a statement on Tuesday that the ruling was evidence that the prosecution's case was "contrived."
>
> "It took several months for the court to unwind its legal theories — questioning several of them in its ruling — and proving the point that this case was simply invented to harm Mayor Adams and not about justice at all," he said.

*See*    https://www.nytimes.com/2024/12/17/nyregion/adams-bribery-corruption-case-judge.html. These statements express an "opinion as to . . . the merits of the case," L. Crim. R. 23.1(d)(7), and mischaracterize the Court's decision in service of the defense's long-running and fallacious accusation that the Government obtained the Indictment because of improper and malicious motives.

Defense counsel's December 17, 2024 statements are simply the most recent example in a series of false statements about the case made over the past three months that violate Local Criminal Rule 23.1. They broadly fall into two categories.

*First*, defense counsel has said "This case isn't even a real case" and has accused the Government of "trying to cobble" "a story" "to tarnish" the defendant, obtaining the Indictment because "the spectacle of this is so exciting to them," and "trying to manipulate and fool and taint" the public.[1] But as the defense is now aware based on the discovery materials produced to date, there are multiple witnesses who will expressly implicate the defendant in criminal conduct, each of whom is corroborated by electronic communications and other data obtained from over 50 cellphones and other electronic devices and accounts. Even defense counsel's extrajudicial statements suggesting that the travel benefits lavished upon the defendant by the Turkish Official resemble the mundane conveniences received by non-corrupt public officials are belied by the electronic communications and airline and hotel records turned over to the defense. That defense counsel is not simply "releas[ing]" the "non-public information" received in discovery, L. Crim. R. 23.1(a), but rather mischaracterizing it in an effort to shape public opinion is not a defense to a plain violation of the Rule because defense counsel's statements nonetheless remain "opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case"

---

[1] https://nypost.com/video/mayor-adams-attorney-alex-spiro-says-federal-prosecutors-have-no-case; https://www.cbsnews.com/newyork/video/nyc-mayor-eric-adams-attorney-alex-spiro-speaks-after-entering-not-guilty-plea; https://www.youtube.com/watch?v=yS23yJI5VtA.

meaning that they "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice," L. Crim. R. 23.1(d)(7). Defense counsel's improper public comments about the merits of the case and the Government's motivations seek to taint the jury pool with a false narrative accusing the Government of investigating the defendant and obtaining the Indictment as retribution for certain positions the defendant took as Mayor starting in or about October 2022.[2] As defense counsel knows from the Government's discovery materials, the Government's investigation of the defendant's criminal conduct began in 2021, well before the defendant took these particular positions (or was even elected Mayor), and was based on concrete evidence that the defendant's campaign sought and received illegal campaign contributions. Moreover, even if defense counsel did not know that this narrative was false, that would not entitle them to attempt to prove it outside the courtroom. *See United States v. Smith*, 985 F. Supp. 2d 506, 540 (S.D.N.Y. 2013) ("Defendants have no constitutional right to use the media to influence public opinion concerning this case so as to gain an advantage at trial." (previous alterations and internal quotation marks omitted)).

Indeed, if defense counsel truly believed that there was a selective prosecution here, the Federal Rules expressly provide an avenue for asserting that claim. *See* Fed. R. Crim. P. 12(b)(3)(A)(iv); *see also United States v. Avenatti*, 433 F. Supp. 3d 552 (S.D.N.Y. 2020) (denying motion premised on the allegation that Michael Avenatti was being prosecuted due to the animosity of the presidential administration). Knowing that exposure to the evidence would be just as fatal to Adams's claims as it was to Avenatti's does not justify defense counsel's efforts to peddle this false narrative only outside court.

*Second*, the defense has repeatedly attacked the "credibility of prospective witnesses," L. Crim. R. 23.1(d)(4), focusing on the credibility of a suspected Government witness (the "Adams Staffer" in the Indictment) and claiming that the Government has concealed from the defense exculpatory information from the Adams Staffer and that the charges against the defendant depend entirely on the Adams Staffer's testimony.[3] These claims, which should not have been litigated through public statements, have not held up to scrutiny: when questioned by the press, defense counsel has declined to identify what lies the Adams Staffer has told—other than the lie that Adams was not engaged in criminal conduct with her, which is in fact specifically alleged in the Indictment, Dkt. 1 ¶ 48(c)—and has declined to explain the Adams Staffer's supposed motivation to falsely implicate Adams.[4] Moreover, as defense counsel knows from the Government's discovery materials, the various witnesses in the case are in fact heavily corroborated not only by one another but by the raft of electronic communications, photographs, and calendar entries already described, among other evidence.  Like their claims of selective prosecution, defense counsel has not sought to raise with the Court claims about supposed concealed information from

---

[2] https://www.youtube.com/watch?v=2wNtCZimGUc; https://www.wsj.com/opinion/eric-adamss-plea-to-democrats-new-york-indictment-30df53a2?mod=Searchresults_pos1&page=1; https://www.cnn.com/2023/09/01/politics/white-house-eric-adams-migrant-crisis/index.html.

[3]    https://www.cbsnews.com/newyork/video/nyc-mayor-eric-adams-attorney-alex-spiro-speaks-after-entering-not-guilty-plea; https://www.youtube.com/watch?v=yS23yJI5VtA.

[4] *Id.*

the Adams Staffer, having let the deadline for motions under Rule 12 of the Federal Rules of Criminal Procedure come and go.

On September 30, 2024, the Government sent defense counsel a letter alerting them to Local Criminal Rule 23.1 and the manner in which their statements to the press violated that rule. The Government made clear it might seek relief from the Court in the event that defense counsel continued to violate the Rule. They did not respond.

Instead, on October 7, 2024, defense counsel made further statements to the press attacking the credibility of the Adams Staffer and grossly mischaracterizing an email exchange between counsel.[5] Even the news story itself did not credit defense counsel's description of the parties' email exchange but, in doing so, noted that the press outlet had reviewed a redacted email exchange between the Government and defense counsel—revealing that a member of the defense had provided the actual email exchange, plainly "non-public information," L. Crim. R. 23.1(a), to the press.[6] And, as noted above, defense counsel recently mischaracterized the Court's ruling in order to once again attack the merits of the case.

Defense counsel has plainly violated Local Criminal Rule 23.1. The foregoing statements refer to "[t]he identity, testimony or credibility of prospective witnesses" and/or offer an "an opinion as to . . . the merits of the case or the evidence in the case," and therefore "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of" Local Criminal Rule 23.1.  L. Crim. R. 23.1(d)(4), (7).

---

[5]    https://www.nbcnewyork.com/news/local/doj-turns-over-evidence-that-could-discredit-key-witness-against-eric-adams-mayors-defense-team-says/5865508.

[6] *Id.*

Adams, like every criminal defendant, is entitled to a zealous defense. His counsel is free to make arguments about the Indictment, the evidence, or the Government's witnesses *to the Court*. But rather than test those allegations in a court of law where, for example, he would have to grapple with the true timeline of the investigation or the multitude of witnesses and electronic data supporting the charges in the Indictment, defense counsel has instead chosen to litigate this case in press statements, where he can simply pretend certain facts do not exist—exactly what Local Criminal Rule 23.1 rightly precludes. The purpose of the Rule is to promote fair trials before untainted jury pools. That is an aim that the Government shares, and that defense counsel should as well. In light of defense counsel's course of conduct, the Government respectfully requests that the Court direct counsel for the parties to comply with the Rule.

Respectfully Submitted,

Edward Y. Kim
Acting United States Attorney

by:    _____/s/_____
Celia V. Cohen
Andrew Rohrbach
Hagan Scotten
Derek Wikstrom
Assistant United States Attorneys
(914) 993-1921 / (212) 637-1944 / 2410 / 1085

cc:    Counsel of Record (by ECF)