

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 26, 2024

**BY ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Eric Adams*, **24 Cr. 556 (DEH)**

Dear Judge Ho:

      The Government respectfully submits this reply in support of its motion under Local Criminal Rule 23.1 (Dkt. 76). The Government will not further address Adams's repetition of already-discredited narratives. *See*, *e.g.*, https://www.nbcnewyork.com/news/local/eric-adams-bribery-charge-motion/5842354 (defense counsel comparing Adams's acceptance of luxury travel in exchange for official action to other officials having "their iced tea filled up"); (Dkt. 80 at 5 (offering other misdescriptions of the bribes)). But it bears noting that even after Adams's most recent filing, counsel has again violated the rule: On December 23, 2024, just hours after "reaffirm[ing]" the defendant's "obligations under Rule 23.1" (Dkt. 80 at 5), counsel issued another public statement, in which he purported to describe—without the candor or completeness required in court—"the government's own interviews" of one of Adams's co-conspirators.[1] This can only be an allusion, however inaccurate, to "non-public information," L. Crim. R. 23.1(a), disclosed to counsel in discovery.

      With respect to Adams's legal claims, the U.S. Attorney's description of the allegations in the Indictment complied with Rule 23.1. *See United States v. Avenatti*, 433 F. Supp. 3d 552, 567 (S.D.N.Y. 2020) (rejecting argument that press statements which tracked public allegations violated Rule 23.1). And even if it had not, the defense's belief that the rule has been violated does not allow retaliation in kind. *See United States v. Smith*, 985 F. Supp. 2d 506, 540 (S.D.N.Y.

---

[1]   https://www.nytimes.com/2024/12/23/nyregion/adams-corruption-contributions-businessman.html?smid=nytcore-ios-share&referringSource=articleShare.

2013). This Court should therefore grant the Government's motion and direct counsel for the parties to comply with Rule 23.1.

The Government will separately respond to Adams's renewed motion claiming disclosure of grand jury information (Dkt. 82) on January 7, 2024, *see* L. Crim. R. 49.1, or any other date set by the Court.

Respectfully Submitted,

Edward Y. Kim
Acting United States Attorney

by: _____/s/_____
Celia Cohen
Andrew Rohrbach
Hagan Scotten
Derek Wikstrom
Assistant United States Attorneys
(914) 993-1921 / (212) 637-1944 / 2410 / 1085

cc:    Counsel of Record (by ECF)