<u>Exhibit 2</u>

# Memorandum from the Acting Deputy Attorney General to the Acting United States Attorney for the Southern District of New York (Feb. 10, 2025)

Case 1:24-cr-00556-DEH   Document 128-2   Filed 02/17/25   Page 2 of 3

**U.S. Department of Justice**

Office of the Deputy Attorney General

Washington, DC 20530

February 10, 2025

| | |
|---|---|
| MEMORANDUM FOR | ACTING UNITED STATES ATTORNEY, UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK |
| FROM: | THE ACTING DEPUTY ATTORNEY GENERAL  |
| SUBJECT: | Dismissal Without Prejudice of Prosecution of Mayor Eric Adams |

You are directed, as authorized by the Attorney General, to dismiss the pending charges in *United States v. Adams*, No. 24 Cr. 556 (SDNY) as soon as is practicable, subject to the following conditions: (1) the defendant must agree in writing to dismissal without prejudice; (2) the defendant must agree in writing that he is not a prevailing party under the Hyde Amendment, Pub. L. 105-119 (Nov. 26, 1997); and (3) the matter shall be reviewed by the confirmed U.S. Attorney in the Southern District of New York, following the November 2025 mayoral election, based on consideration of all relevant factors (including those set forth below). There shall be no further targeting of Mayor Adams or additional investigative steps prior to that review, and you are further directed to take all steps within your power to cause Mayor Adams' security clearances to be restored.

The Justice Department has reached this conclusion without assessing the strength of the evidence or the legal theories on which the case is based, which are issues on which we defer to the U.S. Attorney's Office at this time. Moreover, as I said during our recent meetings, this directive in no way calls into question the integrity and efforts of the line prosecutors responsible for the case, or your efforts in leading those prosecutors in connection with a matter you inherited. However, the Justice Department has determined that dismissal subject to the above-described conditions is necessary for two independent reasons.

First, the timing of the charges and more recent public actions by the former U.S. Attorney responsible for initiating the case have threatened the integrity of the proceedings, including by increasing prejudicial pretrial publicity that risks impacting potential witnesses and the jury pool. It cannot be ignored that Mayor Adams criticized the prior Administration's immigration policies before the charges were filed, and the former U.S. Attorney's public actions created appearances of impropriety that implicate the concerns raised in the Attorney General's February 5, 2025 memorandum regarding *Restoring The Integrity and Credibility of the Department of Justice*, as well as in Executive Order 14147, entitled *Ending The Weaponization*

Memorandum from the Acting Deputy Attorney General　　　　　　　　　　　　　　　　　　　　Page 2
Dismissal Without Prejudice of Prosecution of Mayor Eric Adams

*Of The Federal Government.* These actions and the underlying case have also improperly interfered with Mayor Adams' campaign in the 2025 mayoral election. *See* Justice Manual § 9-85.500, entitled *Actions that May Have an Impact on an Election.*

Second, the pending prosecution has unduly restricted Mayor Adams' ability to devote full attention and resources to the illegal immigration and violent crime that escalated under the policies of the prior Administration. We are particularly concerned about the impact of the prosecution on Mayor Adams' ability to support critical, ongoing federal efforts "to protect the American people from the disastrous effects of unlawful mass migration and resettlement," as described in Executive Order 14165.[1] Accomplishing the immigration objectives established by President Trump and the Attorney General is every bit as important—if not more so—as the objectives that the prior Administration pursued by releasing violent criminals such as Viktor Bout, the "Merchant of Death."[2] Accordingly, based on these additional concerns that are distinct from the weaponization problems, dismissal without prejudice is also necessary at this time.

---

[1] Your Office correctly noted in a February 3, 2025 memorandum, "as Mr. Bove clearly stated to defense counsel during our meeting [on January 31, 2025], the Government is not offering to exchange dismissal of a criminal case for Adams's assistance on immigration enforcement."

[2] According to an October 2024 *Wall Street Journal* article, Bout has already started to participate in arms deals again, including negotiations with representatives of Ansar Allah, also known as the Houthis. https://www.wsj.com/world/russia/putins-merchant-of-death-is-back-in-the-arms-business-this-time-selling-to-the-houthis-10b7f521.