<u>Exhibit 6</u>
Devlin Barrett, Glenn Thrush, and Adam Goldman, *Under Pressure to Drop Charges, Career Prosecutors Weighed Stark Options*, New York Times, Feb. 14, 2025

# Under Pressure to Drop Charges, Career Prosecutors Weighed Stark Options

Lawyers in the Justice Department's public integrity section came to believe that to save their jobs, one of them would have to sign the official request to dismiss corruption charges against Mayor Eric Adams.

  

**By Devlin Barrett, Glenn Thrush and Adam Goldman**
Reporting from Washington

Feb. 14, 2025

About two dozen lawyers in the Justice Department's public integrity section conferred on Friday morning to wrestle with a demand from a Trump political appointee that many of them viewed as improper: One of them needed to sign the official request to dismiss corruption charges against Mayor Eric Adams.

The acting deputy attorney general, Emil Bove III, told the shellshocked staff of the section responsible for prosecuting public corruption cases that he needed a signature on court motions. The lawyers knew that those who had already refused had resigned, and they could also be forced out.

By Friday afternoon, a veteran prosecutor in the section, Ed Sullivan, agreed to submit the request in Manhattan federal court to shield his colleagues from being fired, or resigning en masse, according to three people briefed on the interaction, speaking on the condition of anonymity for fear of retribution.

The filing landed in the court docket Friday evening, bearing the name of Mr. Sullivan and that of a criminal division supervisor as well as the signature of Mr. Bove.

Mr. Bove, the filing said, "concluded that dismissal is necessary because of appearances of impropriety and risks of interference with the 2025 elections in New York City." The stated justification was remarkable because of its acknowledgment that politics, not the evidence in the case, had played a guiding role.

---

**What you should know.** The Times makes a careful decision any time it uses an anonymous source. The information the source supplies must be newsworthy and give readers genuine insight.

Learn more about our process.

---

On Thursday, six lawyers — the Trump-appointed acting U.S. attorney for the Southern District of New York and five prosecutors in Washington — resigned rather than accede to Mr. Bove's demands. On Friday, a seventh stepped down, writing in his resignation letter that only a "fool" or a "coward" would sign off on the dismissal.

But those close to the public integrity section prosecutors described Mr. Sullivan's decision to put his name on the document as heroic. The reason for someone to sign it is to protect others, said one of the people with knowledge of Friday's call.

Before being summoned for the tense meeting, lawyers in the section debated their bad options, but came to increasingly believe that someone should step forward to save the jobs of the others, people familiar with the discussions said.

Mr. Bove, speaking on a video call, demanded that the court motions be signed within an hour, according to people later briefed on the conversation, leaving participants with the impression that they might face disciplinary action if no one complied.

Lawyers in the section understand that the outcome is in many ways already determined: Judges have little discretion but to ultimately accept such a motion. Nevertheless, it appears increasingly likely that the trial judge may hold a hearing

2/17/25, 3:35 PM
Case 1:24-cr-00556-DEH   Document 128-6   Filed 02/17/25   Page 4 of 4
Why Career Prosecutors Signed a Dismissal Request in the Adams Case - The New York Times

to question department officials about the decision. Such a hearing could be difficult and embarrassing for the department's new leaders.

Part of the consideration for Justice Department lawyers is whether simply signing the document would mean risking their bar license, since major ethical objections have already been made to dropping the case.

But in those private discussions, many of the lawyers believed it would be a worse outcome if all the section's lawyers were fired or forced to resign over the Adams case.

Current and former officials praised those who had already stepped down, saying they sacrificed their livelihoods and dream jobs because they were put in an impossible position — told to do something they considered immoral, illegal or unethical.

**Glenn Thrush** covers the Department of Justice and has also written about gun violence, civil rights and conditions in the country's jails and prisons. More about Glenn Thrush

**Adam Goldman** writes about the F.B.I. and national security. He has been a journalist for more than two decades. More about Adam Goldman

---

A version of this article appears in print on , Section A, Page 13 of the New York edition with the headline: Career Prosecutors Weighed Stark Options