UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              v.<br><br>ERIC ADAMS,<br><br>                    Defendant. | 24 Cr. 556 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On February 19, 2025, the Court held a conference on the Government's Motion to Dismiss the Indictment in this matter under Rule 48(a), *see* ECF No. 122. In light of the Government's motion and the representations of the parties during the conference, it is clear that trial in this matter will not go forward on April 21. Accordingly, trial is **ADJOURNED SINE DINE**. The Order setting a pretrial schedule, ECF No. 87, is hereby vacated, and all deadlines set forth therein are also **ADJOURNED SINE DIE**.

Normally, courts are aided in their decision-making through our system of adversarial testing, which can be particularly helpful in cases presenting unusual fact patterns or in cases of great public importance. Our legal "system assumes that adversarial testing will ultimately advance the public interest in truth and fairness." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). In particular, "the unique strength of our system of criminal justice" is that it is premised on the belief that "[t]ruth . . . is best discovered by powerful statements on both sides of the equation." *United States v. Cronic*, 466 U.S. 648, 655 (1984) (quotation marks omitted); *see also Young v. United States*, 315 U.S. 257, 259 (1942) ("The public interest that a result be reached which promotes a well-ordered society is foremost in every criminal proceeding. . . . [O]ur judgments are precedents, and the proper administration of the criminal law cannot be left

1

merely to the stipulation of parties."). For example, in the context of a Rule 48(a) motion, the government's request for dismissal without prejudice is often contested by the defendant and then adjudicated by the court with the benefit of adversarial briefing. *See, e.g.*, *United States v. Madzarac*, 678 F. Supp. 3d 42 (D.D.C. 2023); *United States v. Pitts*, 331 F.R.D. 199 (D.D.C. 2019); *United States v. Borges*, 153 F. Supp. 3d 216 (D.D.C. 2015); *United States v. Karake*, No. 02 Crim. 256, 2007 WL 8045732 (D.D.C. Feb. 7, 2007); *United States v. Doody*, No. 01 Crim. 1059, 2002 WL 562644 (S.D.N.Y. Apr. 16, 2002); *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989).

Here, the recent conference helped clarify the parties' respective positions, but there has been no adversarial testing of the Government's position generally or the form of its requested relief specifically. Where, as here, nominal adversaries are aligned in their positions, "precedent and experience have recognized the authority of courts to appoint an *amicus* to assist their decision-making . . . including in criminal cases and even when the movant is the government." *In re Flynn*, 973 F.3d 74, 81 (D.C. Cir. 2020) (denying mandamus where district court appointed *amicus* counsel on unopposed Rule 48(a) motion). Indeed, "[t]he Supreme Court appoints an amicus to argue a case about once a year, . . . often in situations where the government does not oppose the position advanced by its adversary." *United States v. Blaszczak*, 56 F.4th 230, 259 (2d Cir. 2022) (Sullivan, J., dissenting); *see e.g.*, *Dorsey v. United States*, 567 U.S. 260, 272 (2012) (noting appointment of *amicus* in criminal matter "[s]ince petitioners and the Government [took the same] position"). The Second Circuit often does so as well. *See, e.g.*, *Blaszczak*, 56 F.4th at 243 (majority opinion) (noting arguments of court-appointed *amicus*).

Similarly, "[d]istrict courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746,

2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011); *see also United States v. Yonkers Contracting Co.*, 697 F. Supp. 779, 781 (S.D.N.Y. 1988) (citation omitted) (noting that "district courts have broad discretion to appoint *amici curiae*"); Feb. 19, 2025 Conf. Tr. at 49:14-17 (Government stating its view that *amicus* participation will not "meaningfully aid" the Court in this case, but acknowledging "that the Court has a lot of discretion about consideration of *amicus* arguments, inviting *amicus* participation"). And there is precedent for the appointment of *amicus* to assist a district court in the consideration of an unopposed motion under Rule 48(a) specifically. *See United States v. Flynn*, No. 17-232, 2020 WL 2466326, at *1 (D.D.C. May 13, 2020), *mandamus denied*, 973 F.3d 74 (D.C. Cir. 2020) (en banc).

Accordingly, to assist with its decision-making via an adversarial process, the Court exercises its inherent authority to appoint Paul Clement of Clement & Murphy PLLC as *amicus curiae* to present arguments on the Government's Motion to Dismiss. *See Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 209 (2020) ("Because the Government agrees with petitioner on the merits of the constitutional question, we appointed Paul Clement to defend the judgment below as *amicus curiae*. He has ably discharged his responsibilities."). The Court expresses its gratitude to Mr. Clement for his service and will provide Mr. Clement a copy of this Order and the transcript from the February 19 conference.

It is hereby **ORDERED** that the parties and *amicus curiae* shall address:

1) The legal standard for leave to dismiss an indictment under Rule 48(a);

2) Whether, and to what extent, a court may consider materials other than the Rule 48(a) motion itself;

3) Under what circumstances, if any, additional procedural steps and/or further inquiry would be appropriate before resolving a Rule 48(a) motion;

4) Under what circumstances, if leave is granted, dismissal should be with or without prejudice;

5) If leave were denied under Rule 48(a), what practical consequences would follow, including whether dismissal would nevertheless be appropriate or necessary under other rules or legal principles (e.g., for "unnecessary delay" under Rule 48(b) or under speedy trial principles, *see United States v. N.V. Nederlandsche Combinatie Voor Chemische Industrie*, 453 F. Supp. 462, 463 (S.D.N.Y. 1978)); and

6) Any other issues the parties or *amicus* consider relevant to the Court's resolution of the Government's motion.

Briefs shall be due no later than March 7, 2025. If necessary, the Court will hold oral argument at 2:00 p.m. on March 14, 2025.

The Court notes that it has considered the parties' views with respect to the appointment of *amicus* and concludes that an appointment is appropriate here to assist the court's decision-making. That is particularly so in light of the public importance of this case, which calls for careful deliberation. The Court reiterates that it understands the importance of prompt resolution of the pending motion and will endeavor to rule expeditiously after briefing (and, if necessary, oral argument) is complete. The adjournment of trial and all related deadlines alleviates any prejudice resulting from a short delay. Moreover, in light of the concerns raised by the parties regarding the Mayor's responsibilities and the burden of continued court appearances, the Court notes that while Mayor Adams has a right to appear at any future proceedings, he need not do so given the current procedural posture. *See* Rule 43(b)(3) ("A defendant need not be present" where "[t]he proceeding involves only a conference or hearing on a question of law"). In other words, absent an order of this Court stating otherwise, Mayor Adams need not appear and need not file a notice voluntarily waiving his appearance at future proceedings, if any, on the Government's Motion to Dismiss.

Finally, in light of Mr. Clement's appointment as *amicus*, the Court does not believe there is a need for additional *amicus* participation at this stage. Nevertheless, to ensure that the parties and appointed *amicus* have an opportunity to respond to arguments made by other *amici*, if any,

4

any motion for leave to participate as amicus must be filed, with the proposed amicus brief, by February 28, 2025. The Court will not consider any motions for *amicus* participation after that date. Any opposition to such a motion by a party shall be filed by March 5, 2025.

SO ORDERED.

Dated: February 21, 2025
       New York, New York

                                                DALE E. HO
                                     United States District Judge