**The Law Office of Nathaniel H. Akerman**

45 Rockefeller Plaza, New York, New York 10111| 917-848-3793 | nick@nickakermanlaw.com


**March 10, 2025**

**VIA ECF**
The Honorable Dale E. Ho
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007


Re: Additional Letter Motion to Appear as Amicus Curiae on Government's Motion to Dismiss *U.S. v. Eric Adams* 24 Cr. 556


Dear Judge Ho:

 A.  Introduction

On February 18, 2025, I filed a letter-motion to be heard as an amicus curiae on behalf of Common Cause[1] in opposition to the Department of Justice's F. R. Crim. P., Rule 48(a) motion to dismiss without prejudice the prosecution captioned, U.S. v. Adams, 24 Cr. 556. Dkt.# 127.

Common Cause submits this additional letter-motion in opposition to the government's letter-motion of March 7, 2025, "seeking sealing of Exhibits A-H to the Department's March 7, 2025 Response In Support of Motion to Dismiss Pursuant to Rule 48(a)." Dkt.# 161.

 B.  **The Government's Use of the Sealed Documents Appears to Unfairly Attack Members of the U.S. Attorney's Office without Their Ability to Respond**

The government's purported basis for its sealing request is "the privacy interests of the attorneys at issue" who "are the subjects of an ongoing investigation at the Department." Dkt.# 161. To the contrary, the facts suggest that the government's motion is a transparent effort to publicly malign the prosecutors involved in the Adams' prosecution who opposed Mr. Bove's corrupt effort to dismiss the Adams indictment in exchange for Mayor Adams' improperly assisting the Trump administration with migrant policies in New York City.

---

[1] Common Cause is a national nonpartisan organization dedicated to protecting the integrity of U.S. election processes and making government at all levels more representative, open, and responsive to the interests of everyday people.

Mr. Bove's bad faith is demonstrated by his statement to this Court at the February 19, 2025, conference that it was not "appropriate for" the Court to "consider what's in" Mr. Bove's memo to former Acting U.S. Attorney Danielle Sassoon. Tr. 42.[2] Mr. Bove stated that "[t]he record here is the motion that I made." *Id.* Nonetheless, Mr. Bove in the Department of Justice's Memorandum filed on March 7, 2025, selectively quotes from U.S. Attorney's Office internal documents to argue "that record reveals additional troubling conduct at the U.S. Attorney's Office." Dkt.# 160 at 3-4.

These records are Exhibits A-H, which Mr. Bove moves to maintain under seal. Without being able to view these documents, there is no way to know the context in which the quoted statements are made or whether there are other U.S. Attorney internal documents that qualify, explain or put Exhibits A-H in context.

    C. **The Government Fails to Acknowledge in Its Letter-Motion That Its Investigation and Its Subjects Have Already Been Publicly Revealed**

On February 13, 2025, Mr. Bove informed Ms. Sassoon in a letter that she and "the AUSAs principally responsible for this case are being placed on off-duty, administrative leave, pending investigations by the Office of the Attorney General and the Office of Professional Responsibility, both of which will also evaluate your conduct." Dkt.# 125-2 at 1. This investigation was initiated after Ms. Sassoon informed the Justice Department "that the prosecution team is aware of . . . [her] communications with the Justice Department, is supportive of . . . [her] approach, and is unwilling to comply with the order to dismiss the case." *Id.*

Mr. Bove's assertion of "privacy interests of the attorneys at issue" is a further pretext to conceal from the public the full facts surrounding his corrupt deal with Mr. Adams. Dkt.# 161. Indeed, Mr. Bove concedes that "the identities of certain participants could be drawn based on connections to public reporting." *Id.* What Mr. Bove fails to acknowledge is that the identities of all the participants have previously been publicly revealed.

All attorneys on the Adams prosecution team in the U.S. Attorney's Office are disclosed by name on the ECF court docket sheet for U.S. v. Adams. These Assistant U.S. Attorneys include Andrew Rohrbach, Derek Wikstrom, Celia V. Cohen, and Hagan Cordell Scotten. In addition, they have all been identified in the press as being under investigation.

On March 7, 2025, the New York Times reported that Ms. Cohen and Mr. Rohrbach "were put on administrative leave by the Justice Department." They "were given letters signed by Todd Blanche, the deputy attorney general, notifying them they had been placed on leave." "They were then immediately escorted out of the Lower-Manhattan building that houses the U.S. attorney's office." The article further reported that Mr. Bove "wrote that . . . Mr. Scotten and Mr. Wikstrom would be the subjects of an inquiry by the Justice Department's internal investigative arm and the attorney general's office." https://www.nytimes.com/2025/03/07/nyregion/eric-adams-prosecutors-sdny.html

On February 14, 2025, the New York Times printed the full resignation letter of Hagan Scotten. In resigning, Mr. Scotten directly attacked the pretextual reasons Mr. Bove gave for dismissing the Adams indictment:

---

[2] "Tr" refers to pages in the conference transcript of February 19, 2025.

> the first justification for the motion—that Damian Williams's role in the case somehow tainted a valid indictment supported by ample evidence, and pursued under four different U.S. attorneys - is so weak as to be transparently pretextual. The second justification is worse. No system of ordered liberty can allow the Government to use the carrot of dismissing charges, or the stick of threatening to bring them again, to induce an elected official to support its policy objectives.

https://www.nytimes.com/interactive/2025/02/14/nyregion/scotten-letter.html

Mr. Scotten's resignation letter also reflects that he was not concerned about his privacy or the Justice Department investigation but was willing to stand up for the rule of law and the traditions of the Southern District U.S. Attorney's Office that does not use criminal prosecutions to influence public officials:

> There is a tradition in public service of resigning in a last-ditch effort to head off a serious mistake. Some will view the mistake you are committing here in the light of their generally negative views of the new Administration. I do not share those views. I can even understand how a Chief Executive whose background is in business and politics might see the contemplated dismissal-with-leverage as a good, if distasteful, deal. But any assistant U.S. attorney would know that our laws and traditions do not allow using the prosecutorial power to influence other citizens, much less elected officials, in this way. If no lawyer within earshot of the President is willing to give him that advice, then I expect you will eventually find someone who is enough of a fool, or enough of a coward, to file your motion. But it was never going to be me.

*Id.*

The government cannot "demonstrate" on its motion to seal Exhibits A-H that its claimed interests of "the privacy and reputation interest of those involved in an investigation" "outweigh public disclosure." *U.S. v. Strevell*, 2009 U.S. Dist. LEXIS 19020 *12 (N.D.N.Y. March 4, 2009).

Here, the investigations and the attorneys who are the subject of those investigations have been publicly revealed. "[O]nce the genie is out of the bottle because an otherwise protected document is in the public domain, the court has no power to remove it from that domain." *Id.* at *14-15. Also, none of the attorneys are "resisting disclosure" but instead appear like Mr. Scotten to embrace the investigations as badges of honor reflecting their refusals to carry out Mr. Bove's corrupt direction to dismiss the Adams indictment as principled stands for the rule of law.

    D. Conclusion

The Court should:

1) deny the government's motion to seal Exhibits A-H and direct the government to produce to the Court all internal documents that qualify, explain or put Exhibits A-H in context pursuant to F. R. Evid.106,

2) based on the record already established, and as Amicus Paul Clement's advice supports, deny the government's motion to dismiss without prejudice as made in bad faith to exercise improper leverage over Mayor Adams to ignore his obligations to his constituents in order to cooperate in the Trump administration's migrant policies, and

3

3) hold a hearing.[3]

                                           Respectfully submitted,

                                           /s/ *Nathaniel H. Akerman*
                                           Nathaniel (Nick) H. Akerman
                                           The Law Office of Nathaniel H. Akerman
                                           Attorney for Common Cause

---

[3] We recognize that Amicus Paul D. Clement stated that "there is no need to go beyond the publicly available materials to determine dismissal with prejudice is the proper remedy." Dkt.# 158 at 32. However, we believe that the government's addition of Exhibits A-H to the public record changes the calculus and request that the Court conduct a hearing.