UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            v.<br><br>ERIC ADAMS,<br>                              Defendant. | 24-CR-556 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

Before the Court is the Justice Department's motion to seal certain exhibits submitted in connection with its brief in support of its Rule 48 Motion to Dismiss the Indictment in this case. *See* Mot. to Seal, ECF No. 161.  For the reasons stated below, the Motion to Seal is **GRANTED IN PART and DENIED IN PART**.  The documents in question shall be filed under seal in unredacted form; versions on the public docket shall be filed with redactions limited to phone numbers and email addresses.

## BACKGROUND

On February 14, 2025, the Justice Department filed a "motion seeking dismissal without prejudice of the charges in this case, with leave of the Court, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure." Mot. to Dismiss 1, ECF No. 122.  On February 21, 2025, the Court ordered the parties and court-appointed *amicus* to submit further briefing to address several questions posed by the Court related to the Department's Motion.  *See* Order, ECF No. 136.  On March 7, 2025, the Department filed its brief on the docket.  *See* DOJ's Resp. Supp. Mot. to Dismiss ("DOJ Br."), ECF No. 160.  The brief references several exhibits that were filed via email, consisting of communications between attorneys at the U.S. Attorney's Office for the Southern District of New York ("SDNY").  *See* ECF No. 160-1 (placeholder for Exhibits A-H).  The Department states in its brief that these exhibits show "troubling conduct at the U.S. Attorney's

1

Office for the Southern District of New York." DOJ Br. 1. In a one-page follow-up letter brief, the Department seeks leave to file these exhibits under seal, citing "the privacy interests of the attorneys at issue." Mot. to Seal 1. Defendant consents to the sealing request. *See id.*

Two days after the Department filed its Motion to Seal, on March 9, 2025, the New York Times Company ("NYT Company") filed an Opposition to the Department's Motion. *See* Opp'n to Sealing, ECF No. 163. On March 13, 2025, NYP Holdings, Inc., the publisher of the *New York Post*, filed a letter joining the NYT Company's Opposition. *See* Letter Joining Opp'n to Sealing, ECF No. 168.[1]

Under Local Criminal Rule 49.1, "[a]ny reply papers must be filed within seven days after service of the opposing papers." *See* S.D.N.Y. & E.D.N.Y. Local Crim. R. 49.1(c). Seven days from the date of the NYT Company's Opposition was March 16, 2025, which fell on a weekend, making the Department's reply due by March 17, 2025. That date has now passed, and the Court therefore deems the Department's Motion fully briefed.

**LEGAL STANDARD**

Courts apply a three-part inquiry to determine whether to seal or redact a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022). First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *Id.* at 87. A judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann*

---

[1] As explained *infra*, the Court is required to assess the merits of any application for sealing or redaction, regardless of the consent of the parties in the litigation. While permitting intervention for the NYT Company and/or NYP Holdings for purpose of unsealing would likely be appropriate, *see United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("A motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper."), the Court has the benefit of their filings and does not find formal intervention necessary for purposes of resolving this particular motion for sealing by the Department.

*LLP*, 814 F.3d 132, 139 (2d Cir. 2016).[2] Whether or not a court ultimately relies upon a document in adjudicating a motion is irrelevant to whether it is a "judicial document." *Brown v. Maxwell*, 929 F.3d 41, 50-51 (2d Cir. 2019). "[A] presumption of *immediate* public access attaches [to judicial documents] under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (emphasis added).

Second, a court determines the weight of the presumption that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88. "The presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." *Id.* at 89. However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch*, 435 F.3d at 123.

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88. "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Moreover, the non-moving party's consent to sealing is not dispositive, as "the mere fact that information is sealed or redacted by agreement of the parties is not a valid basis to overcome the presumption" of public access. *Homeward Residential, Inc. v. Sand Canyon Corp.*, 499 F. Supp. 3d 18, 31 (S.D.N.Y. 2020), *aff'd*, 2022 WL 402389 (2d Cir. Feb. 10, 2022). "That is, a party must demonstrate reasons to justify sealing or redaction separate and apart from

---

[2] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

a private agreement to keep information confidential." *Id.*  A court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.  Finally, the nature and extent of the sealing must be narrowly tailored to serve these interests. *Lugosch*, 435 F.3d at 124.

## DISCUSSION

First, there is no dispute that the exhibits are judicial documents.  They were submitted in conjunction with the Department's Rule 48 Motion and are therefore "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).  Accordingly, "a presumption of *immediate* public access attaches [to these documents] under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 126 (emphasis added).

Second, the weight of the presumption of public access here is high, for several reasons.  The documents were filed in connection with a motion to dismiss, and a "strong presumption attaches to materials filed in connection with dispositive motions." *Olson*, 29 F.4th at 90.  *See also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("[T]he presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication.").  Moreover, "there is a strong public interest in the manner in which criminal cases are conducted," and in particular with respect to "the handling of any allegations of prosecutorial misconduct." *Gannett Media Corp. v. United States*, No. 22-2160, 2022 WL 17818626, at *3 (2d Cir. Dec. 20, 2022).  This interest is triggered by mere allegations of this nature; the public interest exists even if the materials in question ultimately contain "no findings or additional evidence of government misconduct." *Id.* at *4.  Finally, it cannot be denied that this case—which involves the federal prosecution of the sitting Mayor of New York City—is

a matter of enormous public interest. *See* Hr'g Tr. at 48:15-25, ECF No. 31. All of these factors point to an extremely strong presumption of public access with respect the materials at issue.

Third, the countervailing factors do not outweigh the exceedingly strong presumption of public access applicable here. The Department's Motion to Seal references "the privacy interests of the attorneys at issue," noting that they "are the subjects of an ongoing investigation at the Department." Mot. to Seal 1. The Second Circuit has rejected such "broad" assertions as insufficient to justify even redactions to judicial documents. *Gannett*, 2022 WL 17818626, at *4 (rejecting "privacy concerns" of prosecutors who may be subject to internal investigation by the Department of Justice as justifying redactions); *cf. Brown*, 929 F.3d at 48 (holding that the district court erred in granting sealing/redactions based on "generalized statements"); *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("Broad and general findings by the trial court . . . are not sufficient to justify [sealing].").

The authorities cited by the Department are unavailing. The Department first cites *Lugosch* for the proposition that "countervailing factors" against the presumption of access "include but are not limited to . . . and [sic] the privacy interests of those resisting disclosure." Mot. to Seal 1 (citing *Lugosch*, 435 F.3d at 120). But here, the party "resisting disclosure" is the Department itself, and its own privacy interests have not been raised to justify sealing. In any event, while *Lugosch* articulated the broad principle that privacy interests can be a countervailing interest against the presumption of public access, it did not hold that such interests are a trump card. *See* 435 F.3d at 120. And while *Lugosch* made no ruling with respect to the request to unseal the documents at issue in that case, it did hold that it was "error for the district court to conclude that it could not make any determinations" with respect to unsealing "until it had ruled on the underlying summary judgment motion." *Id.* at 120-21. This counsels in favor of ruling on the

Department's sealing request now—that is, before the Court rules on the Department's Rule 48 Motion to Dismiss.

The Department also quotes *United States v. Dwyer* for the proposition that "sealing is warranted to protect, *inter alia*, 'the privacy and reputation interests of those involved in an investigation.'" Mot. to Seal 1 (quoting *Dwyer*, No. 15 Crim. 385, 2016 WL 2903271, at *1 (S.D.N.Y. May 18, 2016)). *Dwyer*, however, *denied* a redaction request. *See* 2016 WL 2903271, at *1. *Dwyer* did quote *United States v. Strevell* for the proposition that "the privacy and reputation interests of those involved in an investigation" can be a countervailing interest against the right of public access. 2016 WL 2903271, at *1 (quoting *Strevell*, No. 05 Crim. 477, 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009). But *Strevell* also noted that "a formulaic recitation of such an interest will not suffice to justify sealing," and it ultimately held that "the general sealing of personal information contained in sentencing documents under the rubric of privacy concerns is unwarranted." *Strevell*, 2009 WL 577910, at *5.

Finally, though it has no bearing on the Court's decision here, the Court also notes that the Department acknowledges in its motion that "inferences regarding the identities of certain participants could be drawn based on connections to public reporting." Mot. to Seal 1. But the Department nevertheless avers that this "is not the case for each of the individual participants." *Id.* At a minimum, this concession demonstrates that wholesale sealing of these documents is not narrowly tailored to serve the privacy interests asserted. *See Grossberg v. Fox Corp.*, No. 23 Civ. 2368, 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) (denying sealing because "the cat is now firmly out of the bag"); *In re Search Warrant*, No. 16 Misc. 464, 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016).

There is one limited exception to the Court's denial of the sealing request: the Department shall redact all email addresses and phone numbers in the documents at issue. As courts have held

6

in the FOIA context, to protect privacy interests, "[t]he government may redact all email addresses and phone numbers," which "provide the public with no substantive information." *Fams. for Freedom v. U.S. Customs & Border Prot.*, 837 F. Supp. 2d 287, 302 (S.D.N.Y. 2011); *Seife v. United States Dep't of State*, 298 F. Supp. 3d 592, 629 (S.D.N.Y. 2018) ("[W]eighing even a de minimis privacy right in the email addresses with the public interest [asserted], the Court finds that disclosure of the redacted email domain information would not be proper."). Accordingly, the Department shall redact phone numbers and email addresses, but nothing else absent a showing that additional redactions are justified and narrowly tailored.

## CONCLUSION

For the reasons stated above, the Department's Motion to Seal is **GRANTED IN PART and DENIED IN PART**. The documents in question (Exhibits A-H to the Department's Brief at ECF No. 160) shall be filed under seal in unredacted form with access limited to the Court and the relevant parties; versions on the public docket shall be filed with redactions limited to phone numbers and email addresses.

The Court reiterates that the Second Circuit has "emphasize[d] the importance of *immediate* access where a right to access is found." *Lugosch*, 435 F.3d at 126 (emphasis added). Although the Court will attempt to rule as soon as practicable on the pending Motion to Dismiss, delaying unsealing "until after the [Court] has ruled on [the] motion" would nevertheless "impair the important interest in contemporaneous review by the public of judicial performance." *Id.* at 127. To afford the Department an opportunity to appeal this decision, however, the Court stays the effective date of this Order for one week, until March 25, 2025, or until disposition of an appeal of this decision. *Cf. Strevell*, No. 05 Crim. 477, 2009 WL 577910, at *6 ("[T]he court stays the effective date of the unsealing for ten (10) days from the date this decision to afford [the parties]

7

an opportunity to appeal."). If no appeal is filed, the Department is directed to file the unredacted exhibits under seal, and the redacted exhibits on the public docket no later than March 25, 2025.

The Clerk of Court is respectfully directed to close ECF Nos. 161 and 163.

**SO ORDERED.**

Dated: March 18, 2025
New York, New York

DALE E. HO
United States District Judge