UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | 24-CR-556 (DEH) |
| ERIC ADAMS, | EX PARTE ORDER |
| Defendant. | |

DALE E. HO, United States District Judge:

On January 29, 2025, the Court held an ex parte conference with counsel for Defendant Eric Adams ("Mayor Adams") pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3. The Court has carefully considered Mayor Adams's arguments and reviewed the Government's sealed ex parte submission in light of those arguments. In a protective order issued earlier, the Court approved the substitution of one category of classified evidence. This order provides further explanation in light of Mayor Adams's arguments at the CIPA Section 4 conference. As explained below, the Court declines to order any further classified information disclosure under CIPA Section 4.

In *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008), the Second Circuit set forth the following steps for determining whether classified information must be disclosed:

> [T]he district court must first decide whether the classified information the Government possesses is discoverable. If it is, the district court must then determine whether the state-secrets privilege applies because: (1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.
>
> If the evidence is discoverable but the information is privileged, the court must next decide whether the information is helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense. To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory

1

> information. Information can be helpful without being favorable in the *Brady* sense.

*Id.* at 80 (quotation marks and citations omitted). "Whether evidence is helpful or material to the defense is . . . within the district court's discretion." *Id.* (quotation marks omitted). The "material to the defense" standard is another way of articulating the "relevant and helpful" standard articulated by other courts. *See id.* at 79.

The Court assumes without deciding that the classified information the Government has presented in its ex parte sealed submissions is discoverable. *See id.* at 80 (assuming without deciding that classified information presented to district court was discoverable). Having carefully reviewed the classified information, the Court concludes that the state-secrets privilege applies under the standard set forth above. *See id.*

The Court has also considered Mayor Adams's arguments regarding the categories of potentially classified information that he believes would be relevant and helpful to his defense. The Court finds that any information contained in the Government's submission that might fall within the categories articulated during the ex parte hearing is cumulative and/or not in fact relevant and helpful to Mayor Adams's defense—i.e., it is not "useful to counter the government's case or to bolster a defense." *Id.* (quotation marks omitted); *see also United States v. Kwok*, No. 23 Crim. 118, 2024 WL 1704998, at *2 (S.D.N.Y. Apr. 18, 2024) ("Information that has only theoretical relevance or that is irrelevant, cumulative, or corroborative need not be disclosed." (quotations and citation omitted)). Accordingly, the Court declines to order the disclosure of any classified information beyond that which the Government has already agreed to disclose through a substitution approved by the Court.

The Court notes that it has specifically considered Mayor Adams's arguments that (1) material that is inculpatory as to him but will not be used by the Government at trial is

2

nevertheless helpful; and (2) information about the means and methods of intelligence gathering might itself be *Brady* material if it demonstrates the absence of inculpatory evidence. Without commenting on whether such categories of material exist in the Government's classified submission, the Court rejects both arguments. First, "inculpatory material which the government does not intend to offer at trial need not be disclosed. Such information cannot conceivably help a defendant, and therefore is both unnecessary and useless to him." *United States v. Rahman*, 870 F. Supp. 47, 52 (S.D.N.Y. 1994).

And second, "[t]he government has a substantial interest in protecting sensitive sources and methods of gathering information," *United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008), because "[i]mplicit in the whole concept of an informant-type privilege is the necessity that information-gathering agencies protect from compromise intelligence sources and methods," *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989); *see also United States v. Muhtorov*, 20 F.4th 558, 631-32 (10th Cir. 2021) (rejecting argument that Rule 16 and CIPA support disclosure of surveillance methods because "the government's foreign intelligence surveillance methodology is classified, so affirming or denying the use of various surveillance techniques would necessarily divulge classified information"). That is why, when defendants seek to rely on classified information, courts generally approve the use of a "substitution" of such information, "which reveals the general nature of the information contained in the [d]ocument, while seeking to protect the sensitive information about sources and methods contained therein." *United States v. Rosen*, 557 F.3d 192, 197 (4th Cir. 2009). And while, as a general matter, the governmental privilege against disclosure may be overcome when the information at issue is "relevant and helpful to the defense," *Abu Ali*, 528 F.3d at 247, the Court does not find any such information here.

3

In sum, the Court declines to order any further disclosure because none of the requested classified information, if it exists, is "relevant and helpful" or "material to the defense." *Aref*, 533 F.3d at 79-80.

SO ORDERED.

Dated: February 12, 2025
New York, New York

DALE E. HO
United States District Judge