| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **21 MAG 12196** |
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR ORDER TO DISCLOSE NON-CONTENT INFORMATION PURSUANT TO 18 U.S.C. § 2703(d) | <u>SEALED APPLICATION</u> |

Hagan Scotten affirms as follows:

1. I am an Assistant United States Attorney in the Southern District of New York and, as such, I am familiar with this matter.

2. The Government is seeking an Order pursuant to Title 18, United States Code, Section 2703(d) to require Google LLC (the "Provider"), to provide the to/from headers and other non-content information for e-mails stored in the following e-mail accounts:



(the "Subject Accounts"), maintained by the Provider. The records requested from the Provider are set forth below and in the accompanying proposed Order.

3. 18 U.S.C. § 2703(c) provides authority for a court to order an electronic communications service provider to disclose records or information not including the contents of

1

SDNY_01_000000001<br>SUBJECT TO PROTECTIVE ORDER.

communications without notice to the subscriber or customer, if the records are relevant and material to an ongoing criminal investigation.

    4.    Specifically, 18 U.S.C. § 2703(c)(1) provides in pertinent part:

> A government entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or a customer of such service (not including the contents of communications) . . . when the governmental entity–
> . . . .
> obtains a court order for such disclosure under subsection (d) of this section;
> . . . .

    5.    18 U.S.C. § 2703(d), in turn, provides (in pertinent part):

> A court order for disclosure under subsection . . . (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought, are relevant and material to an ongoing criminal investigation.

As specified in 18 U.S.C. § 2711(3), this Court is a court of competent jurisdiction under the Stored Communications Act because it has jurisdiction over the offenses being investigated, as defined below.

    6.    In addition, 18 U.S.C. § 2703(c)(3) provides:

> A governmental entity receiving records or information under [18 U.S.C. § 2703(c)] is not required to provide notice to a subscriber or customer.

    7.    Finally, 18 U.S.C. § 2705(b) authorizes the Court to issue an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—

    (1) endangering the life or physical safety of an individual;

    (2) flight from prosecution;

SDNY_01_000000002
SUBJECT TO PROTECTIVE ORDER.

  (3) destruction of or tampering with evidence;

  (4) intimidation of potential witnesses; or

  (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b)(1)-(5).

  8. As set forth below, there are specific and articulable facts showing that there are reasonable grounds to believe that the records sought herein are relevant and material to an ongoing investigation of possible theft of federal funds and wire fraud, and conspiracy to commit the same, in violation of 18 U.S.C. §§ 371, 666, 1343, and 1349 (the "Subject Offenses'), among other statutes.

<u>Background</u>

  9. Since in or about August 2021, the Office of the United States Attorney for the Southern District of New York and the Federal Bureau of Investigation have been investigating the possible receipt of so-called "straw" donations by the 2021 New York City mayoral campaign of Eric Adams (the "Adams Campaign"). A straw, or "conduit," donation occurs when a donation to a political campaign is made in the name of one donor, but the funds in question in fact belong to a different person.

  10. I understand, based on my review of publicly available information, that:

  a. The Adams Campaign accepted matching funds from the New York City Campaign Finance Board throughout a significant part of its campaign ("Matching Funds"), meaning that the Adams Campaign received funds from the New York City government as a result of donations the Adams Campaign received from private donors.[1]

---

[1] *See, e.g.*, https://www.ny1.com/nyc/all-boroughs/news/2021/10/08/eric-adams-is-taking-a-rare-step--turning-down-campaign-cash (reporting on the Adams Campaign's prior acceptance of matching funds and decision to turn down some matching funds as of October 7, 2021); https://www.nyccfb.info/VSApps/CandidateSummary.aspx?as_cand_id=1545&as_election_cycl

SDNY_01_000000003
SUBJECT TO PROTECTIVE ORDER.

      b.     Under New York City law, the Adams Campaign was eligible to receive $2,000 in Matching Funds, and no more than $2,000 in Matching Funds, for each donation of $250 from an individual donor. If an individual donated more than $250, any amount in excess of $250 would not be eligible for matching funds.[2]

      c.     New York City receives in excess of $10,000 per year in federal funding.[3]

11.    I understand, based on my discussions with FBI personnel assigned to this investigation, and my review of documents created or obtained by them, that:

      a.     Each of the Subject Accounts is used by an officer or employee (the "Subjects") of ▓▓▓▓▓▓▓▓▓▓ ("▓▓▓▓ a New York State corporation that operates in the construction industry in New York City. For example, the Subject Account ▓▓▓▓▓▓▓▓▓▓ is used by Subject Erden Arkan, who is the owner of ▓▓▓▓

      b.     The Adams Campaign received the following donations, among others, on May 7, 2021:

| AMOUNT | NAME | CITY | STATE | OCCUPATION | EMPLOYER NAME |
|---|---|---|---|---|---|
| $1,500 | Arkan, Erden | New York | NY | Owner | ▓▓▓▓ |
| $1,200 | ▓▓▓▓ | Flushing | NY | Sr. Prod. Manager | ▓▓▓▓ |
| $1,200 | ▓▓▓▓ | Brooklyn | NY | Account Manager | ▓▓▓▓ |
| $1,200 | ▓▓▓▓ | Flushing | NY | Construction | ▓▓▓▓ |
| $1,200 | ▓▓▓▓ | Cliffside Park | NJ | Business Logistics | ▓▓▓▓ |

---

e=2021&cand_name=Adams%2C+Eric+L&office=Mayor&report=summ (New York City Campaign Finance Board's report detailing total public funds disbursed to Adams Campaign).
[2]    See https://www.nyccfb.info/program/how-it-works.
[3]    See https://comptroller.nyc.gov/wp-content/uploads/2016/11/Federal_Budget_Vulnerabilities_Memo.pdf

SDNY_01_000000004
SUBJECT TO PROTECTIVE ORDER

| | | | | | | |
|---|---|---|---|---|---|---|
| $1,200 | ▮▮▮▮ | Brooklyn | NY | PM | | |
| $1,200 | ▮▮▮▮ | Brooklyn | NY | Engineer/ Lawyer | | |
| $1,200 | ▮▮▮▮ | Brooklyn | NY | Project manager | | |
| $1,200 | ▮▮▮ | Ridgewood | NJ | Finance Director | | |
| $1,200 | ▮▮▮ | Flushing | NY | Partner | | |
| $1,200 | ▮ | New York | NY | Accountant | | |

All of the donors in the above table are Subjects, except that ▮▮ and ▮▮ are not Subjects for purposes of this request, because the FBI has not located email accounts used by ▮ and ▮.

  c. Bank records for ▮ indicate that on April 28, 2021, ▮ issued checks in the amount of $1,250 to each of the Subjects with the exception of ▮ and ▮, and also issued $1,250 checks to ▮ and ▮ who is the husband of ▮. Put another way, on April 28, 2021, ▮ paid each of the donors to the Adams Campaign listed above in ¶ 11b the amount of their May 9, 2021 donation plus $50, with the exception of ▮ whose husband instead received a check for that amount, and Arkan, who as noted above is the owner of ▮.

  d. Toll records indicate that on May 19, 2021, a phone number subscribed to by ▮ and a phone number subscribed to by Arkan exchanged two calls, one of which resulted in a call of one minute and 11 seconds duration and the other of which did not result in a listed duration (possibly indicating that the call was not answered or that a text message was sent). ▮ is an advisor to the Adams Campaign.

SDNY_01_000000005
SUBJECT TO PROTECTIVE ORDER.

Request

12. The Government further requests, pursuant to 18 U.S.C. § 2705(b), that this Application and the proposed Order be sealed by the Court until such time as the Court directs otherwise, and that the Provider be ordered not to notify any person (including the subscribers associated with the Subject Accounts) of the existence of the Order for a period of one year from the date of the Order, subject to extension if necessary. Among other things, the targets of this investigation are known to use computers and electronic communications in furtherance of their activity and thus could easily delete, encrypt, or otherwise conceal such digital evidence from law enforcement were they to learn of the Government's investigation. *See* 18 U.S.C. § 2705(b)(3).

13. Consequently, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or avoid prosecution, or tamper with evidence, including electronically stored information that is easily tampered with or destroyed. Accordingly, the Government believes that one year is an appropriate additional delay of notice period for the Court to order, subject to extension upon further application if necessary.

14. Finally, based on my training and experience, I understand that the Provider may request that the Government seek data related to an enterprise such as ▮ which would include data relating to the Subject Accounts, directly from the enterprise, pursuant to the U.S. Department of Justice Policy titled Seeking Enterprise Customer Data Held by Cloud Service Providers, December 2017, available at https://www.justice.gov/criminal-ccips/file/1017511/download. However, pursuant to that policy, because ▮ appears to be solely controlled by the Subjects of this investigation as set forth above who would be in a position to delete, encrypt, or otherwise conceal the requested data if alerted to the Government's investigation, I respectfully request that the proposed order specifically require the Provider to produce enterprise data.

6

SDNY_01_000000006
SUBJECT TO PROTECTIVE ORDER.

15. No prior request for the relief sought herein has been made.

16. I declare under penalty of perjury that the foregoing factual assertions are true and correct to the best of my knowledge and belief.

Dated: New York, New York
       December 20, 2021

_____
Hagan Scotten
Assistant United States Attorney
212-637-2410

SDNY_01_000000007
SUBJECT TO PROTECTIVE ORDER.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **21 MAG 12196** |
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR ORDER TO DISCLOSE NON-CONTENT INFORMATION PURSUANT TO 18 U.S.C. § 2703(d) | TO BE FILED UNDER SEAL |

**ORDER**

This matter having come before the court pursuant to an application under Title 18, United States Code, Section 2703, which application requests the issuance of an order under Title 18, United States Code, Section 2703(d) directing Google LLC (the "Provider"), to disclose certain records and other information, the Court finds that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT APPEARING that the information sought is relevant and material to an ongoing criminal investigation, and that disclosure to any person of this investigation or this application and order entered in connection therewith would seriously jeopardize the investigation,

IT IS ORDERED, pursuant to Title 18, United States Code, Section 2703(d), that the Provider will, within ten days of the date of this Order, turn over to federal law enforcement agents the records and other information as set forth in Attachment A to this Order, including any data for enterprise accounts.

SDNY_01_000000008
SUBJECT TO PROTECTIVE ORDER.

IT IS FURTHER ORDERED that the Application and this Order be sealed until otherwise ordered by the Court, and that the Provider shall not disclose the existence of this Application and/or Order of the Court, or the existence of the investigation, to the listed subscribers or to any other person (except as necessary to carry out this Order), for a period of one year from the date of this Order.

SO ORDERED:

New York, New York
December 20, 2021

*Katharine H Parker*
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

2

SDNY_01_000000009
SUBJECT TO PROTECTIVE ORDER.

## ATTACHMENT A

You are to provide the following non-content information in electronic format to Special Agent ▮▮▮▮ of the Federal Bureau of Investigation:

- any header information reflecting the names, usernames, or IP addresses of any sender(s) or recipient(s) of communications; and
- time/date stamps

For the following e-mail account(s):



3

SDNY_01_000000010
SUBJECT TO PROTECTIVE ORDER.