UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Warrant and Order for Historical Location Information for the Electronic Device Associated with Primary IMSI 310170221533643 and/or IMEI 356391110302l373, USAO Reference No. 2021R00778 | **APPLICATION**<br><br>**24 Mag. 1551** |

**Application for Warrant and Order
for Location Information**

The United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Derek Wikstrom, Assistant United States Attorney, of counsel, respectfully requests that the Court issue the accompanying proposed Warrant and Order for historical location information for an electronic device. As grounds for this Application the Government relies on the following facts and authorities.

**I.   Introduction**

1. I am an Assistant United States Attorney in the U.S. Attorney's Office for the Southern District of New York. This Application is submitted in conjunction with the accompanying affidavit of a law enforcement agent ("Agent Affidavit"), to be sworn before this Court, and incorporated by reference herein. I make this Application based on information and belief, including the Agent Affidavit, my review of other documents in the case, and information received from investigative personnel.

2. The Investigating Agency, Target Device, Target Subject, Service Provider, and Subject Offenses referenced in this Application are as specified in the Agent Affidavit.

**II.  Legal Authority**

3. The Government seeks historical cell site data for the Target Device for the period from November 5, 2023 through November 7, 2023 (the "Historical Location Information"). Because

2024-04-17

1

SDNY_01_000007508
SUBJECT TO PROTECTIVE ORDER.

such data constitutes information concerning a subscriber, the Court is authorized to order the Service Provider to provide this data pursuant to a warrant application under 18 U.S.C. § 2703(c) or an application for an order under 18 U.S.C. § 2703(d). *See* 18 U.S.C. § 2703(c)(1)(A). I respectfully submit that the Agent Affidavit establishes probable cause supporting the issuance of a warrant under § 2703(c) for the Historical Location Information, pursuant to the applicable provisions of Rule 41. In addition, the Government seeks toll records for the same period as the Historical Location Information is requested, which the Government is authorized to obtain pursuant to 18 U.S.C. § 2703(d). I respectfully submit that there are specific and articulable facts showing that there are reasonable grounds to believe that the historical location information and toll records sought are relevant and material to an ongoing criminal investigation, as set forth in greater detail in the Agent Affidavit.

### III. Sealing and Non-Disclosure Order to Service Provider

4. When the Government obtains records or information under § 2703(c), it is not required to notify the subscriber or customer. 18 U.S.C. § 2703(c)(3). Additionally, the Government may obtain an order precluding the Service Provider from notifying the subscriber or any other third-party of the warrant or order obtained, for such period as the Court deems appropriate, where there is reason to believe that such notification will result in endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, or intimidation of potential witnesses, or will otherwise seriously jeopardize the investigation. 18 U.S.C. § 2705(b). As described in greater detail in the Agent Affidavit, the subjects of the investigation have discussed the deletion of documents and are suspected of having made efforts to obstruct the Government's investigation, and there is a risk that if this application were disclosed, electronic evidence could be destroyed.

SDNY_01_000007509
SUBJECT TO PROTECTIVE ORDER.

5. Accordingly, as explained further in the Agent Affidavit, in light of the confidential nature of the continuing criminal investigation and the adverse consequences expected in the event of premature notification, the Government respectfully requests that the Court direct the Service Provider not to notify the subscriber or any other person of the Warrant and Order sought herein for a period of one year, subject to extension upon application to the Court, if necessary.

6. For similar reasons, I respectfully request that the proposed Warrant and Order, this Application, and the accompanying Agent Affidavit, be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to serve the Warrant and Order on the Service Provider; provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

## IV. Prior Requests

7. Except as may be set forth above or in the accompanying Agent Affidavit, no prior request for the relief requested herein has been made.

Dated: New York, New York
April 17, 2024

*[signature]*
Derek Wikstrom
Assistant United States Attorney
Tel.: 212-637-1085

2024-04-17

3

SDNY_01_000007510
SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Warrant and Order for Historical Location Information for the Electronic Device Associated with Primary IMSI 310170221533643 and/or IMEI 3563911103021373, USAO Reference No. 2021R00778

AGENT AFFIDAVIT

24 Mag. 1551

**Agent Affidavit in Support of Warrant and Order
for Historical Location Information**

STATE OF NEW YORK      )
                       ) ss.
COUNTY OF NEW YORK     )

▬▬▬▬▬▬ being duly sworn, deposes and states:

**I. Introduction**

1. I am a Special Agent with the Federal Bureau of Investigation (the "FBI" or "Investigating Agency"). As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Special Agent with the FBI since 2019. I am currently assigned to a public corruption squad of the New York Field Office, where, among other things, I investigate crimes involving illegal campaign contributions, theft of federal funds, and bribery. Through my training and experience, I also have become familiar with some of the ways in which individuals use smart phones and electronic communications, including social media, email, and electronic messages, in furtherance of their crimes, and have participated in the execution of search warrants involving electronic evidence. I have also participated in the use of location data, such as the data sought herein, in order to locate persons and evidence.

SDNY_01_000007511
SUBJECT TO PROTECTIVE ORDER.

2. **Requested Information.** I respectfully submit this Affidavit pursuant to 18 U.S.C. §§ 2703(c) and (c)(1)(A) and the applicable procedures of Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(d) & 2705, in support of a warrant and order for historical location information and toll records for the Target Device identified below (collectively, the "Requested Information").

3. **Basis for Knowledge.** This Affidavit is based upon my participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals, as well as my training and experience. Because this Affidavit is being submitted for the limited purpose of obtaining the Requested Information, it does not include all the facts that I have learned during the course of this investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. In addition, unless otherwise indicated, statements by others referenced in this Affidavit were not necessarily made to me, but may have been provided to me by someone else to whom I have spoken or whose report I have read (and who in turn may have had either direct or indirect knowledge of the statement). Similarly, unless otherwise indicated, information in this Affidavit resulting from surveillance does not necessarily set forth my personal observations, but may have been provided to me by other law enforcement agents who observed the events, and to whom I have spoken or whose report I have read.

4. **Target Device, Target Subject, and Service Provider.** The Target Device referenced in this Affidavit is the electronic device associated with Primary IMSI 310170221533643 and/or IMEI 356391110302137 which, for purposes of the Requested Information, operates in similar fashion to a cellular telephone. The Service Provider for that device is AT&T. The Target Device

2

SDNY_01_000007512
SUBJECT TO PROTECTIVE ORDER.

is associated with a vehicle, but it connects to the Service Provider's network in order to provide services to the user of the vehicle. The Target Subject is ▓▓▓▓▓▓▓ who, as further explained below, uses the vehicle associated with Primary IMSI 310170221533643 and/or IMEI 35639111103021373.

5. **Cell Site Location Information.** Cellphone service providers have technical capabilities that allow them to collect at least two kinds of information about the locations of the cellphones to which they provide service: (a) precision location information, also known as E-911 Phase II data, GPS data, or latitude-longitude data, and (b) cell site data, also known as "tower/face" or "tower/sector" information. Precision location information provides relatively precise location information about a cellphone, which a provider can typically collect either via GPS tracking technology built into the phone or by triangulating the device's signal as received by the provider's nearby cell towers. Cell site data, by contrast, reflects only the cell tower and sector thereof utilized in routing any communication to and from the cellphone, as well as the approximate range of the cellphone from the tower during the communication (sometimes referred to as "per-call measurement" ("PCM") or "round-trip time" ("RTT") data). Because cell towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas, cell site data is typically less precise than precision location information. Based on my training and experience, I know that cell site data is routinely collected by the Service Provider in the course of routing calls placed to or from any cellphone on its network.[1]

---

[1] Toll records are sometimes necessary or helpful in order to obtain or interpret historical cell site data and are therefore also requested herein.

SDNY_01_000007513
SUBJECT TO PROTECTIVE ORDER.

## II. Facts Establishing Probable Cause

6. I respectfully submit that probable cause exists to believe that the Requested Information will lead to evidence of violations of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds and conspiracy to steal federal funds), (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud), (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); and (iv) 18 U.S.C. § 1001 (false statements in a matter within the jurisdiction of the executive branch of the Government of the United States) (collectively, the "Subject Offenses").

7. On or about March 22, 2024, the Honorable Gary Stein, United States Magistrate Judge for the Southern District of New York, issued a warrant authorizing the disclosure of historical cellsite information for an electronic device associated with a Vehicle Identification Number ("VIN") JA4T5VA91PZ030200 (the "First Vehicle Warrant"). That warrant, and the Government's application for it, are collectively attached hereto as Exhibit A and incorporated by reference herein.

8. In response to the First Vehicle Warrant, the Service Provider indicated that it did not have records associated with the VIN included in the First Vehicle Warrant, but that it may have data available in response to additional legal process for other relevant identifiers.

9. Based on my discussions with an employee of a communications company that provides service to the vehicle associated with the Target Device, I know that the vehicle with VIN JA4T5VA91PZ030200 also has the following other identifiers: Primary IMSI 310170221533643 and IMEI 356391110302l373.

10. Based on the foregoing, and on the probable cause described in the Government's application for the First Vehicle Warrant, attached as Exhibit A, the Government is now seeking a warrant for the same information, using these additional identifiers.

4

### III. Request for Warrant and Order

11. Based on the foregoing I respectfully request that the Court require the Service Provider to provide the Requested Information as specified further in the Warrant and Order proposed herewith, including historical cell site data and toll records for the period from November 5, 2023 through November 7, 2023.

12. **Nondisclosure.** The existence and general nature of this ongoing criminal investigation are publicly known, because of media reporting, and are known to Adams himself, including because of the execution of the Adams Phone Warrant and Adams's counsel's subsequent interactions with prosecutors. But the exact nature of the investigation and the particular types of evidence the Government is covertly seeking as the investigation continues—including the fact that the Government is seeking the Requested Information—are not publicly known. Neither is the fact that the Government has expanded the Subject Offenses under investigation to include false statements, or the fact that the Government has reason to doubt the truth of statements Adams has made and may continue to make. The premature public disclosure of this affidavit or the requested Warrant and Order could alert subjects of the investigation about as-yet non-public information about the nature and scope of the Government's investigation, which could cause them to destroy evidence, flee from prosecution, or otherwise seriously jeopardize the investigation. Accordingly, I respectfully request that the Service Provider be directed not to notify the subscriber or others of the existence of the Warrant and Order for a period of one year, and that the Warrant and Order and

SDNY_01_000007515
SUBJECT TO PROTECTIVE ORDER.

all supporting papers be maintained under seal until the Court orders otherwise, as specified in the Application submitted in conjunction with this Affidavit.



Special Agent
Federal Bureau of Investigation

Sworn to before me on

April 18, 2024

_____
HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York

6

SDNY_01_000007516
SUBJECT TO PROTECTIVE ORDER.

# Exhibit A

[24 MAG 1197]

SDNY_01_000007517
SUBJECT TO PROTECTIVE ORDER.

# Exhibit B

[23 MJ 967]

SDNY_01_000007612
SUBJECT TO PROTECTIVE ORDER.

# Exhibit C

[22 MAG 9730]

SDNY_01_000007659
SUBJECT TO PROTECTIVE ORDER.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Warrant and Order for Historical Location Information for the Electronic Device Electronic Device Associated with Primary IMSI 310170221533643 and/or IMEI 3563911103021373, USAO Reference No. 2021R00778

WARRANT AND ORDER

24 Mag. 1551

**Warrant and Order
for Historical Location Information
and for Sealing and Non-Disclosure**

TO:   AT&T ("Service Provider")

Federal Bureau of Investigation ("Investigative Agency")

Upon the Application and Agent Affidavit submitted by the Government in this matter:

### I. Findings

The Court hereby finds:

1. The electronic device that is the subject of this Order is associated with Primary IMSI 310170221533643 and/or IMEI 3563911103021373 (the "Target Device"), and is currently serviced by the Service Provider.

2. Pursuant to 18 U.S.C. § 2703(c)(1)(A) and the applicable provisions of Rule 41 of the Federal Rules of Criminal Procedure, the Government's application sets forth probable cause to believe that the historical location information for the Target Device specified below will reveal evidence, fruits, or instrumentalities of suspected violations of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds and conspiracy to steal federal funds), (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud), (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); and (iv) 18

U.S.C. § 1001 (false statements in a matter within the jurisdiction of the executive branch of the Government of the United States) (collectively, the "Subject Offenses").

3. Pursuant to 18 U.S.C. § 2703(d), the Government's application also sets forth specific and articulable facts showing that there are reasonable grounds to believe that the historical location information and toll records for the Target Device specified below are relevant and material to an ongoing criminal investigation.

4. Pursuant to 18 U.S.C. § 2705(b), there is reason to believe that notification of the existence of this Warrant and Order will result in destruction of or tampering with evidence, or otherwise will seriously jeopardize an ongoing investigation.

NOW, THEREFORE, pursuant to Fed. R. Crim. P. 41, 18 U.S.C. §§ 2701 *et seq.*, and 18 U.S.C. § 3103a, IT IS HEREBY ORDERED:

## II. Order to Service Provider

5. **Service Provider.** This Order shall apply to the Service Provider specified above.

6. **Historical Location Information and Toll Records.** The Service Provider shall provide to the Investigating Agency all available historical cell site location information reflecting the cell towers and sectors thereof utilized in routing any phone, text, or data communication to or from the Target Device, and the approximate range of the Target Device from the cell towers during the communication (PCM/RTT data), for the period from November 5, 2023 through November 7, 2023, as well as all available toll records (including call detail, SMS detail, or data session detail records) for the communications.

7. **Non-Disclosure to Subscriber.** The Service Provider, including its affiliates, officers, employees, and agents, shall not disclose the existence of this Warrant and Order, or the underlying investigation, to the subscriber or any other person, for a period of one year from the date of this Warrant and Order, subject to extension upon application to the Court, if necessary.

SDNY_01_000007688
SUBJECT TO PROTECTIVE ORDER

### III. Additional Provisions

8. **Sealing.** This Warrant and Order, and the supporting Application and Agent Affidavit, shall be sealed until otherwise ordered by the Court, except that the Government may without further order of this Court: serve this Warrant and Order on the Service Provider; provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

<u>4-18-2024</u>  <u>10:53 a.m.</u>
Date Issued   Time Issued

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

SDNY_01_000007689
SUBJECT TO PROTECTIVE ORDER.