UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: Warrant and Order For Historical
Location Information for the Cellphones
Assigned Call Numbers ■■■■ 8792
and ■■■■ 6335, USAO Reference
No. 2021R00778

---

APPLICATION

24 MAG 2450

**Application for Warrant and Order
for Cellphone Location Information**

The United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Derek Wikstrom, Assistant United States Attorney, of counsel, respectfully requests that the Court issue the accompanying proposed Warrant and Order for historical location information for two cellphones. As grounds for this Application the Government relies on the following facts and authorities.

**I. Introduction**

1. I am an Assistant United States Attorney in the U.S. Attorney's Office for the Southern District of New York. This Application is submitted in conjunction with the accompanying affidavit of a law enforcement agent ("Agent Affidavit"), to be sworn before this Court, and incorporated by reference herein. I make this Application based on information and belief, including the Agent Affidavit, my review of other documents in the case, and information received from investigative personnel.

2. The Investigating Agency, Target Cellphones, Subscribers, Target Subjects, Service Provider, and Subject Offenses referenced in this Application are as specified in the Agent Affidavit.

2024-06-30

1

SDNY_01_000008292
SUBJECT TO PROTECTIVE ORDER.

## II. Legal Authority

3. The Government seeks historical cell site data for the Target Cellphones for the period from June 13, 2024 through June 15, 2024 (the "Historical Location Information"). Because such data constitutes information concerning a subscriber, the Court is authorized to order the Service Provider to provide this data pursuant to a warrant application under 18 U.S.C. § 2703(c) or an application for an order under 18 U.S.C. § 2703(d). *See* 18 U.S.C. § 2703(c)(1)(A). I respectfully submit that the Agent Affidavit establishes probable cause supporting the issuance of a warrant under § 2703(c) for the Historical Location Information, pursuant to the applicable provisions of Rule 41. In addition, the Government seeks toll records for the same period as the Historical Location Information is requested, which the Government is authorized to obtain pursuant to 18 U.S.C. § 2703(d). I respectfully submit that there are specific and articulable facts showing that there are reasonable grounds to believe that the historical location information and toll records sought are relevant and material to an ongoing criminal investigation, as set forth in greater detail in the Agent Affidavit.

## III. Sealing and Non-Disclosure Order to Service Provider

4. When the Government obtains records or information under § 2703(c), it is not required to notify the subscriber or customer. 18 U.S.C. § 2703(c)(3). Additionally, the Government may obtain an order precluding the Provider from notifying the subscriber or any other third-party of the warrant or order obtained, for such period as the Court deems appropriate, where there is reason to believe that such notification will result in endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, or intimidation of potential witnesses, or will otherwise seriously jeopardize the investigation. 18 U.S.C. § 2705(b). As described in greater detail in the Agent Affidavit, the subjects of this investigation are suspected

SDNY_01_000008293
SUBJECT TO PROTECTIVE ORDER.

of having made efforts to obstruct the Government's investigation, and there is a risk that if this application were disclosed, electronic evidence could be destroyed.

5. Accordingly, as explained further in the Agent Affidavit, in light of the confidential nature of the continuing criminal investigation and the adverse consequences expected in the event of premature notification, the Government respectfully requests that the Court direct the Service Provider not to notify the Subscriber or any other person of the Warrant and Order sought herein for a period of one year, subject to extension upon application to the Court, if necessary.

6. For similar reasons, I respectfully request that the proposed Warrant and Order, this Application, and the accompanying Agent Affidavit, be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to serve this Warrant and Order on the Service Provider; provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

**IV. Prior Requests**

7. Except as may be set forth above, no prior request for the relief requested herein has been made.

Dated: New York, New York
July 1, 2024

*Derek Wikstrom* (signature)
Derek Wikstrom
Assistant United States Attorney
Tel.: 212-637-1085

2024-06-30

3

SDNY_01_000008294
SUBJECT TO PROTECTIVE ORDER.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Warrant and Order For Historical
Location Information for the Cellphones
Assigned Call Numbers ▇▇▇8792
and ▇▇▇6335, USAO Reference
No. 2021R00778

**AGENT AFFIDAVIT**

____ Mag. _____

**Agent Affidavit in Support of Warrant and Order
for Historical Cellphone Location Information**

STATE OF NEW YORK   )
                    ) ss.
COUNTY OF NEW YORK  )

▇▇▇▇▇▇▇ being duly sworn, deposes and states:

## I. Introduction

1. I have been a Special Agent with the Federal Bureau of Investigation (the "FBI" or "Investigating Agency") since 2019. I am currently assigned to a public corruption squad of the New York Field Office, where, among other things, I investigate crimes involving illegal campaign contributions, theft of federal funds, and bribery. Through my training and experience, I also have become familiar with some of the ways in which individuals use smart phones and electronic communications, including social media, email, and electronic messages, in furtherance of their crimes, and have participated in the execution of search warrants involving electronic evidence.

2. **Requested Information.** I respectfully submit this Affidavit pursuant to 18 U.S.C. §§ 2703(c) and (c)(1)(A) and the applicable procedures of Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(d) & 2705, in support of a warrant and order for historical location information and toll records for the Target Cellphones identified below (collectively, the "Requested Information").

Case 1:24-cr-00556-DEH   Document 191-31   Filed 05/09/25   Page 5 of 15

3. **Basis for Knowledge.** This Affidavit is based upon my participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals, as well as my training and experience. Because this Affidavit is being submitted for the limited purpose of obtaining the Requested Information, it does not include all the facts that I have learned during the course of this investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. In addition, unless otherwise indicated, statements by others referenced in this Affidavit were not necessarily made to me, but may have been provided to me by someone else to whom I have spoken or whose report I have read (and who in turn may have had either direct or indirect knowledge of the statement). Similarly, unless otherwise indicated, information in this Affidavit resulting from surveillance does not necessarily set forth my personal observations, but may have been provided to me by other law enforcement agents who observed the events, and to whom I have spoken or whose report I have read.

4. **Target Cellphones, Subscribers, Target Subjects, and Service Provider.** The Target Cellphones referenced in this Affidavit are the cellphones assigned call numbers ▉▉▉▉ 879 ("Target Cellphone-1") and ▉▉▉▉ 6335 ("Target Cellphone-2," and together with Target Cellphone-1, the "Target Cellphones"). The subscriber of Target Cellphone-1 is unknown, but as further discussed below, Target Cellphone-1 is believed to be used by Mohamed Bahi. Target Cellphone-2 is used by, and subscribed to in the name of, New York City Mayor Eric Adams. Bahi and Adams (among others) are Target Subjects of this investigation. T-Mobile is the Service Provider for the Target Cellphones.

2

2024-06-30

SDNY_01_000008296
SUBJECT TO PROTECTIVE ORDER.

5. **Cell Site Location Information.** Cellphone service providers have technical capabilities that allow them to collect at least two kinds of information about the locations of the cellphones to which they provide service: (a) precision location information, also known as E-911 Phase II data, GPS data, or latitude-longitude data, and (b) cell site data, also known as "tower/face" or "tower/sector" information. Precision location information provides relatively precise location information about a cellphone, which a provider can typically collect either via GPS tracking technology built into the phone or by triangulating the device's signal as received by the provider's nearby cell towers. Cell site data, by contrast, reflects only the cell tower and sector thereof utilized in routing any communication to and from the cellphone, as well as the approximate range of the cellphone from the tower during the communication (sometimes referred to as "per-call measurement" ("PCM") or "round-trip time" ("RTT") data). Because cell towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas, cell site data is typically less precise than precision location information. Based on my training and experience, I know that cell site data is routinely collected by the Service Provider in the course of routing calls placed to or from any cellphone on its network.[1]

## II. Facts Establishing Probable Cause

6. I respectfully submit that probable cause exists to believe that the Requested Information will lead to evidence of the crimes of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both), (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud), (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); and

---

[1] Toll records are sometimes necessary or helpful in order to obtain or interpret historical cell site data and are therefore also requested herein.

SDNY_01_000008297
SUBJECT TO PROTECTIVE ORDER.

(iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same) (collectively, the "Subject Offenses").

7. Since in or about August 2021, the FBI and the Office of the United States Attorney for the Southern District of New York have been investigating the receipt of so-called "straw" donations by the 2021 and 2025 New York City mayoral campaigns of Eric Adams (the "2021 Adams Campaign," the "2025 Adams Campaign," and, collectively, the "Adams Campaigns"), including certain straw donations that were funded by and/or made at the direction of foreign government officials and other foreign persons.[2]

8. In connection with that investigation, on or about June 12, 2024, the Honorable Peggy Kuo, United States Magistrate Judge for the Eastern District of New York, issued a search warrant authorizing the search of a premises in Brooklyn, New York for evidence of, among other things, the Subject Offenses listed in items (i), (ii), and (iii) in the preceding paragraph (the "▮▮▮ Premises Warrant"). The ▮▮▮ Premises Warrant, and the Government's application for that warrant, are attached as Exhibit A, and are incorporated by reference herein.

9. As described in greater detail in Exhibit A, the ▮▮▮ Premises Warrant authorized a search of the home of ▮▮▮ a Target Subject of this investigation. Evidence developed in the investigation indicates that ▮▮▮ is connected to the Government of Uzbekistan, has worked to influence Eric Adams on behalf of Uzbek and Central Asian causes, and coordinated straw donations to the Adams Campaigns.

10. On or about June 13, 2024, the FBI executed the ▮▮▮ Premises Warrant. I participated in the search, as well as in an interview of ▮▮▮ that occurred shortly before

---

[2] A straw, or "conduit," donation occurs when a donation to a political campaign is made in the name of one donor, but the funds in question in fact belong to a different person.

SDNY_01_000008298
SUBJECT TO PROTECTIVE ORDER

execution of the warrant. In that interview, ▌ among other things and in substance, denied having reimbursed employees for donations to the Adams Campaigns, or having otherwise been involved in making straw donations to the Adams Campaigns.

11. On or about June 26, 2024, I participated in a proffer with ▌[3] During the proffer, ▌ stated, in substance and in part, the following:

    a. The day the FBI executed a search warrant at ▌ home, ▌ went to his office and called Mohamed Bahi.[4] On the ensuing phone call, ▌ told Bahi about the FBI's search, and Bahi—who indicated that he was at City Hall—responded by asking when they could meet. They set a meeting time that afternoon.

    b. That afternoon, Bahi arrived at ▌ office, and questioned ▌ about the FBI's search. ▌ told Bahi, among other things, that ▌ had denied to the FBI having participated in straw donations. ▌ also told Bahi that employees of ▌ had also been approached that day by the FBI, and that ▌ employees had denied being reimbursed for their donations to the Adams Campaigns.

    c. Bahi then told ▌ among other things, that he had met with Eric Adams at City Hall before coming to ▌ office. Bahi indicated that his meeting with Adams was conducted in private, and that Adams and Bahi each left their cellphones outside of the room where

---

[3] ▌ participated in the proffer pursuant to a proffer agreement, in the hopes of obtaining leniency in connection with the Government's investigation into the Subject Offenses. And as described in Exhibit A, there is probable cause to believe that ▌ himself was involved in committing the subject offenses discussed in the Government's application for the ▌ Premises Warrant.

[4] Based on my review of open-source information and my involvement in this investigation, I know that Mohamed Bahi works in Adams's administration, as a Senior Liaison in the Community Affairs Unit. Based on my review of electronic communications between ▌ and Bahi obtained pursuant to a search warrant, I know that ▌ and Bahi have previously communicated via text message, including regarding fundraising for Adams.

SDNY_01_000008299
SUBJECT TO PROTECTIVE ORDER.

they met. Bahi reported that Adams had been agitated in their meeting, and that Adams expressed displeasure that ▆ had been searched. But Bahi reported that Adams said it was ok, because ▆ was "tight." Bahi told ▆ that he asked what Adams meant by "tight," and Adams responded that ▆ was "strong."

    d. Bahi then told ▆ to stay strong, and to continue to claim that he had not reimbursed anyone for donations to the Adams Campaigns. Bahi told ▆ that if ▆ stuck to that story, everything would be fine. Bahi then had ▆ invite his employees, who had been approached by the FBI, into the office, so that Bahi could address them.

    e. When addressing ▆ employees, Bahi told the employees that they should stick to their story, and that because they were reimbursed in cash, the Government would be unable to prove that they had received reimbursements for their donations, so everything would be fine.

    f. ▆ subsequently met Bahi twice more, on the following Friday and Saturday, both times at a certain mosque in Brooklyn. In these meetings, Bahi continued to discuss with ▆ a strategy for protecting themselves in the investigation.

    g. The number ▆ uses to contact Bahi is ▆8792, *i.e.* the number of Target Cellphone-1.

12. Based on my review of records from T-Mobile and my participation in this investigation, I know that Target Cellphone-2 is used by Eric Adams.

13. Based on the foregoing, I respectfully submit that location information for the Target Cellphones on the day of the search of ▆ and the days immediately following it, will provide evidence of the Subject Offenses, in that they will confirm whether Adams and Bahi were in fact both at City Hall on Thursday June 13, 2024, whether Bahi traveled to meet with

█████ that day, and whether Bahi was at the Brooklyn Mosque at subsequent meetings with █████ on or about June 14 and 15, 2024.

### III. Request for Warrant and Order

14. Based on the foregoing I respectfully request that the Court require the Service Provider to provide the Requested Information as specified further in the Warrant and Order proposed herewith, including historical cell site data and toll records for the period from June 13, 2024 through June 15, 2024.

15. **Nondisclosure.** The existence and general nature of this ongoing criminal investigation are publicly known, because of media reporting, and are known to Adams himself because of the execution of prior warrants and Adams's counsel's subsequent interactions with prosecutors. But the exact nature of the investigation and the particular types of evidence the Government is covertly seeking as the investigation continues—including the fact that the Government is seeking the Requested Information—are not publicly known. Nor is it public that the Government is investigating conduct by other Target Subjects. The premature public disclosure of this affidavit or the requested Warrant and Order could alert subjects of the investigation about as-yet non-public information about the nature and scope of the Government's investigation, which could cause them to destroy evidence, flee from prosecution, or otherwise seriously jeopardize the investigation. Accordingly, I respectfully request that the Providers be directed not to notify the subscribers or others of the existence of the Warrant and Order for a period of one year, and that the Warrant and

SDNY_01_000008301
SUBJECT TO PROTECTIVE ORDER

Order and all supporting papers be maintained under seal until the Court orders otherwise, as specified in the Application submitted in conjunction with this Affidavit.

███████████████

Special Agent
Federal Bureau of Investigation

Sworn to before me on
July 1, 2024

*[signature]*
HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York

8

2024-06-30

SDNY_01_000008302
SUBJECT TO PROTECTIVE ORDER.

# Exhibit A

[24-MC-2339]

SDNY_01_000008303
SUBJECT TO PROTECTIVE ORDER.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Warrant and Order For Historical Location Information for the Cellphones Assigned Call Numbers ▮8792 and ▮6335, USAO Reference No. 2021R00778

**WARRANT AND ORDER**

**24 MAG 2450**

**Warrant and Order
for Historical Cellphone Location Information
and for Sealing and Non-Disclosure**

TO:   T-Mobile ("Service Provider")

Federal Bureau of Investigation ("Investigating Agency")

Upon the Application and Agent Affidavit submitted by the Government in this matter:

## I. Findings

The Court hereby finds:

1. The Target Cellphones that are the subject of this Order are assigned call numbers ▮8792 and ▮6335, and are currently serviced by the Service Provider.

2. Pursuant to 18 U.S.C. § 2703(c)(1)(A) and the applicable provisions of Rule 41 of the Federal Rules of Criminal Procedure, the Government's application sets forth probable cause to believe that the historical location information for the Target Cellphones specified below will reveal evidence, fruits, or instrumentalities of suspected violations of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both), (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud), (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); and (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same) (collectively, the "Subject Offenses").

SDNY_01_000008357
SUBJECT TO PROTECTIVE ORDER.

3. Pursuant to 18 U.S.C. § 2703(d), the Government's application also sets forth specific and articulable facts showing that there are reasonable grounds to believe that the historical location information and toll records for the Target Cellphones specified below are relevant and material to an ongoing criminal investigation.

4. Pursuant to 18 U.S.C. § 2705(b), there is reason to believe that notification of the existence of this Warrant and Order will result in destruction of or tampering with evidence, flight from prosecution, and/or intimidation of or tampering with potential witnesses, or otherwise will seriously jeopardize an ongoing investigation.

NOW, THEREFORE, pursuant to Fed. R. Crim. P. 41, 18 U.S.C. §§ 2701 *et seq.*, and 18 U.S.C. § 3103a, IT IS HEREBY ORDERED:

## II. Order to Service Provider

5. **Service Provider.** This Order shall apply to the Service Provider specified above.

6. **Historical Location Information and Toll Records.** The Service Provider shall provide to the Investigating Agency all available historical cell site location information reflecting the cell towers and sectors thereof utilized in routing any phone, text, or data communication to or from the Target Cellphones, and the approximate range of the target phone from the cell towers during the communication (PCM/RTT data), for the period from June 13, 2024 through June 15, 2024, as well as all available toll records (including call detail, SMS detail, or data session detail records) for the communications.

7. **Non-Disclosure to Subscribers.** The Service Provider, including its affiliates, officers, employees, and agents, shall not disclose the existence of this Warrant and Order, or the underlying investigation, to the Subscribers of the Target Cellphones or any other person, for a period of one year from the date of this Warrant and Order, subject to extension upon application to the Court, if necessary.

2024-06-30

SDNY_01_000008358
SUBJECT TO PROTECTIVE ORDER.

### III. Additional Provisions

8. **Sealing.** This Warrant and Order, and the supporting Application and Agent Affidavit, shall be sealed until otherwise ordered by the Court, except that the Government may without further order of this Court: serve this Warrant and Order on the Service Provider; provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

7/1/2024      10:05 a.m.
Date Issued     Time Issued

_Kathn H Paul_
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

2024-06-30

3

SDNY_01_000008359
SUBJECT TO PROTECTIVE ORDER.