| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | 24 MAG 2572 |
| In re: Warrant and Order For Prospective and Historical Location Information and Pen Register Information for the Cellphones Assigned Call Numbers ███ 8792 and ███ 7787, USAO Reference No. 2021R00778 | APPLICATION<br><br>_____ Mag. _____ |

**Application for Warrant and Order**
**for Cellphone Location and Pen Register Information**

  The United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Derek Wikstrom, Assistant United States Attorney, of counsel, respectfully requests that the Court issue the accompanying proposed Warrant and Order for prospective and historical location information and pen register information for two cellphones. As grounds for this Application the Government relies on the following facts and authorities.

**I. Introduction**

  1. I am an Assistant United States Attorney in the U.S. Attorney's Office for the Southern District of New York. This Application is submitted in conjunction with the accompanying affidavit of a law enforcement agent ("Agent Affidavit"), to be sworn before this Court, and incorporated by reference herein. I make this Application based on information and belief, including the Agent Affidavit, my review of other documents in the case, and information received from investigative personnel.

  2. The Investigating Agency, Target Cellphones, Subscribers, Target Subjects, Service Provider, and Subject Offenses referenced in this Application are as specified in the Agent Affidavit.

2019.07.24

SDNY_01_000008360
SUBJECT TO PROTECTIVE ORDER

## II. Legal Authority

### A. Prospective Location Information

3. The Government seeks to obtain both precision location information and cell site data for the Target Cellphones on a prospective basis (the "Prospective Location Information") for a period of 45 days from the date of this order – the same period of time for which a warrant for a tracking device may be granted under Rule 41(e)(2)(C). It bears noting, however, that while the Prospective Location Information may permit "tracking" the user of the phone in the colloquial sense, this is not an application for a warrant for a "tracking device" as defined in Fed. R. Crim. P. 41(a)(2)(E) and 18 U.S.C. § 3117(b). Those provisions only apply where an agent is seeking to physically install a tracking device on a given object. Instead, the Prospective Location Information will be obtained by requiring the Service Provider to provide the information.

4. The authority for this application is found in 18 U.S.C. § 2703(c)(1), which authorizes a court of competent jurisdiction to require any electronic communication service provider (which includes a cellular telephone service provider[1]) to disclose any "record or other information pertaining to a subscriber" other than the "contents of communications," when the government obtains, *inter alia*, a warrant under the applicable procedures of Rule 41. *See* 18 U.S.C. § 2703(c)(1)(A). Because data concerning a subscriber's location, such as precision location information and cell site data, constitutes "information pertaining to a subscriber" that does not include the "contents of communications," that data is among the types of information available

---

[1] *See* 18 U.S.C. § 2711(1) (incorporating by cross-reference statutory definitions set forth in 18 U.S.C. § 2510); 18 U.S.C. § 2510(15) (defining "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications").

2019.07.24

SDNY_01_000008361
SUBJECT TO PROTECTIVE ORDER

under § 2703(c)(1)(A).[2]  Further, as specified in 18 U.S.C. § 2711(3), this Court is a court of competent jurisdiction under the Stored Communications Act because it has jurisdiction over the Subject Offenses.

5. The Government's request for cell site data also implicates the pen register statute, because such data constitutes signaling information used by the Service Provider to route communications to and from the Target Cellphones.  In order to collect such data, a valid pen register order is required.[3]  Accordingly, I hereby certify pursuant to 18 U.S.C. § 3122 that such signaling information is relevant to an ongoing investigation being conducted by the Investigating Agency into suspected violations of the Subject Offenses by the Target Subjects.

**B. Historical Location Information**

6. The Government also seeks historical cell site data for the Target Cellphones for the period from July 1, 2024 to the present (the "Historical Location Information").  Because such data—like "Prospective Location Information"—constitutes information concerning a subscriber, the Court is authorized to order the Service Provider to provide this data pursuant to a warrant

---

[2] *See In re Application*, 460 F. Supp. 2d 448, 459–60 & n. 55 (S.D.N.Y. 2006) (Kaplan, J.) (cellphone location information falls within § 2703(c)(1)); *accord, e.g.*, *United States v. Caraballo*, 963 F. Supp. 2d 341, 361 (D.Vt. 2013); *In re Order*, 632 F. Supp. 2d 202, 207 (E.D.N.Y. 2008); *In re Application*, 405 F. Supp. 2d 435, 444-45 (S.D.N.Y. 2005).  *But see In re Application*, 849 F. Supp. 2d 526, 574 (D.Md. 2011) (rejecting view that cellular location data falls within the scope of the SCA and finding that phone must be treated as "tracking device" for purposes of Rule 41 where used to collect location data); *In re Application*, 2009 WL 159187, at *5-*6 (S.D.N.Y. Jan.13, 2009) (McMahon, J.) (same).

[3] *See* 18 U.S.C. § 3121 (prohibiting use of pen register or trap and trace device without an order under the pen register statute); 3127(3) & (4) (defining pen register and trap and trace device to include devices or processes that record, *inter alia*, signaling information).  Although cell site data constitutes "signaling" information within the meaning of the pen register statute, a separate statute precludes the Government from relying "solely" on the authority provided by the pen register statute to ascertain a subscriber's location.  47 U.S.C. § 1002(a).  Here, the Government seeks to obtain such data pursuant to 18 U.S.C. § 2703(c) as well as the pen register statute, rather than "solely" under the latter statute.  *See In re Application*, 460 F. Supp. 2d at 456-59.

3

2019.07.24

SDNY_01_000008362
SUBJECT TO PROTECTIVE ORDER.

application under 18 U.S.C. § 2703(c), under the applicable procedures of Rule 41. *See* 18 U.S.C. § 2703(c)(1)(A). I respectfully submit that the same probable cause supporting the Government's request for a warrant to obtain the Prospective Location Information requested above also supports the issuance of a warrant under § 2703(c) for the requested Historical Location Information. In addition, the Government seeks toll records for the same period as the Historical Location Information. Pursuant to 18 U.S.C. § 2703(d), I respectfully submit that the Agent Affidavit offers specific and articulable facts showing that there are reasonable grounds to believe that the toll record information sought is relevant and material to an ongoing criminal investigation.

### C. Pen Register Information

7. Finally, the Government seeks an order pursuant to 18 U.S.C. §§ 3121-26 authorizing the use of a pen register on the Target Cellphones for a period of 45 days from the date of this order. Specifically, the Government seeks an order directing the Service Provider to furnish any information, facilities, and technical assistance necessary to operate, unobtrusively and with minimum disruption of service, a pen register and trap and trace device to capture all dialing, routing, addressing, or signaling information associated with each call transmitted to or from the Target Cellphones, as specified further in the proposed Warrant and Order (the "Pen Register Information").[4]

---

[4] The Government is also not seeking authorization to obtain post-cut-through dialed digits ("PCTDD"), or digits that are dialed after a telephone call from the Target Cellphones has been connected. Pursuant to the attached Order, if possible, the Service Provider will forward only pre-cut-through-dialed digits to the Investigating Agency. However, if the Service Provider's technical capabilities require it to forward all dialed digits, including PCTDD, to the Investigating Agency, the Investigating Agency will only decode and forward to the agents assigned to the investigation the numbers that are dialed before the call is cut through.

SDNY_01_000008363
SUBJECT TO PROTECTIVE ORDER

8. I hereby certify pursuant to 18 U.S.C. § 3122 that the Pen Register Information is relevant to an ongoing investigation being conducted by the Investigating Agency into suspected violations of the Subject Offenses by the Target Subject(s).

**D. Sealing and Non-Disclosure Order to Service Provider**

9. When the Government obtains records or information under § 2703(c), it is not required to notify the subscriber or customer. 18 U.S.C. § 2703(c)(3). Additionally, the Government may obtain an order precluding the Service Provider from notifying the subscriber or any other third-party of the warrant or order obtained, for such period as the Court deems appropriate, where there is reason to believe that such notification will result in endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, or intimidation of potential witnesses, or will otherwise seriously jeopardize the investigation. 18 U.S.C. § 2705(b).

10. Further, 18 U.S.C. § 3123(d) provides that an order directing installation of a pen register or trap and trace device shall direct the pertinent service provider "not to disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber, or to any other person unless or until otherwise ordered by the Court."

11. Accordingly, as explained further in the Agent Affidavit, in light of the confidential nature of the continuing criminal investigation and the adverse consequences expected in the event of premature notification, the Government respectfully requests that the Court direct the Service Provider not to notify the Subscriber or any other person of the Warrant and Order sought herein for a period of one year, subject to extension upon application to the Court, if necessary.

12. For similar reasons, I respectfully request that the proposed Warrant and Order, this Application, and the accompanying Agent Affidavit, be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to

SDNY_01_000008364
SUBJECT TO PROTECTIVE ORDER.

serve this Warrant and Order on the Service Provider; provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

### III.  Prior Requests

13. Except as may be set forth above, no prior request for the relief requested herein has been made.

Dated: New York, New York

   July 12, 2024

                                                                                      _____
                                                                                      Derek Wikstrom
                                                                                      Assistant United States Attorney
                                                                                      Tel.: 212-637-1085

SDNY_01_000008365
SUBJECT TO PROTECTIVE ORDER.

| UNITED STATES DISTRICT COURT | 24 MAG 2572 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | |

In re: Warrant and Order For Prospective and Historical Location Information and Pen Register Information for the Cellphones Assigned Call Numbers ███████8792 and ███████7787, USAO Reference No. 2021R00778

AGENT AFFIDAVIT

_____ Mag. _____

**Agent Affidavit in Support of Warrant and Order
for Cellphone Location and Pen Register Information**

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF NEW YORK       )

███████████ being duly sworn, deposes and states:

## I. Introduction

1. I have been a Special Agent with the Federal Bureau of Investigation (the "FBI" or "Investigating Agency") since 2019. I am currently assigned to a public corruption squad of the New York Field Office, where, among other things, I investigate crimes involving illegal campaign contributions, theft of federal funds, and bribery. Through my training and experience, I also have become familiar with some of the ways in which individuals use smart phones and electronic communications, including social media, email, and electronic messages, in furtherance of their crimes, and have participated in the execution of search warrants involving electronic evidence.

2. **Requested Information.** I respectfully submit this Affidavit pursuant to 18 U.S.C. §§ 2703(c) and (c)(1)(A) and the applicable procedures of Federal Rule of Criminal Procedure 41; 18 U.S.C. §§ 2703(d) & 2705; and 18 U.S.C. §§ 3121-3126, in support of a warrant and order for prospective location information, historical location information, toll records, and pen register

2019.07.24

SDNY_01_000008366
SUBJECT TO PROTECTIVE ORDER

information, for the Target Cellphones identified below (collectively, the "Requested Information").

3. **Basis for Knowledge.** This Affidavit is based upon my participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals, as well as my training and experience. Because this Affidavit is being submitted for the limited purpose of obtaining the Requested Information, it does not include all the facts that I have learned during the course of this investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. In addition, unless otherwise indicated, statements by others referenced in this Affidavit were not necessarily made to me, but may have been provided to me by someone else to whom I have spoken or whose report I have read (and who in turn may have had either direct or indirect knowledge of the statement). Similarly, unless otherwise indicated, information in this Affidavit resulting from surveillance does not necessarily set forth my personal observations, but may have been provided to me by other law enforcement agents who observed the events, and to whom I have spoken or whose report I have read.

4. **Target Cellphones, Subscribers, Target Subjects, and Service Provider.** The Target Cellphones referenced in this Affidavit are the cellphones assigned call numbers ▇▇▇▇ 8792 ("Target Cellphone-1") and ▇▇▇▇ 7787 ("Target Cellphone-2," and together with Target Cellphone-1, the "Target Cellphones"). ▇▇▇▇ is the Subscriber of Target Cellphone-1, but Target Cellphone-1 is believed to be used by Mohamed Bahi. The Subscriber of Target Cellphone-2 is unknown, but Target Cellphone-2 is believed to be used by ▇▇▇▇ Bahi and

2019.07.24

2

SDNY_01_000008367
SUBJECT TO PROTECTIVE ORDER.

████ (among others) are Target Subjects of this investigation. T-Mobile is the Service Provider for the Target Cellphones.

5. **Precision Location Capability.** Cellphone service providers have technical capabilities that allow them to collect at least two kinds of information about the locations of the cellphones to which they provide service: (a) precision location information, also known as E-911 Phase II data, GPS data, or latitude-longitude data, and (b) cell site data, also known as "tower/face" or "tower/sector" information. Precision location information provides relatively precise location information about a cellphone, which a provider can typically collect either via GPS tracking technology built into the phone or by triangulating the device's signal as received by the provider's nearby cell towers. Cell site data, by contrast, reflects only the cell tower and sector thereof utilized in routing any communication to and from the cellphone, as well as the approximate range of the cellphone from the tower during the communication (sometimes referred to as "per-call measurement" ("PCM") or "round-trip time" ("RTT") data). Because cell towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas, cell site data is typically less precise than precision location information. Based on my training and experience, I know that the Service Provider has the technical ability to collect precision location information from any cellphone on its network, including by initiating a signal on the Service Provider's network to determine the phone's location. I further know that cell site data is routinely collected by the Service Provider in the course of routing calls placed to or from any cellphone on its network.[1]

---

[1] Toll records are sometimes necessary or helpful in order to obtain or interpret historical cell site data and are therefore also requested herein.

SDNY_01_000008368
SUBJECT TO PROTECTIVE ORDER

## II. Facts Establishing Probable Cause

6. Although I understand that probable cause is not necessary to obtain all of the Requested Information, I respectfully submit that probable cause exists to believe that the Requested Information will lead to evidence of the crimes of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both), (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud), (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); and (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same) (collectively, the "Subject Offenses").

7. Since in or about August 2021, the FBI and the Office of the United States Attorney for the Southern District of New York have been investigating the receipt of so-called "straw" donations by the 2021 and 2025 New York City mayoral campaigns of Eric Adams (the "2021 Adams Campaign," the "2025 Adams Campaign," and, collectively, the "Adams Campaigns"), including certain straw donations that were funded by and/or made at the direction of foreign government officials and other foreign persons.[2]

8. In connection with that investigation, on or about July 12, 2024, the Honorable Joseph A. Marutollo, United States Magistrate Judge for the Eastern District of New York, issued search warrants authorizing searches of two premises, the homes of Target Subjects Mohamed Bahi and ▇▇▇▇▇▇ to seize and search cellphones used by each of them for evidence of the Subject Offenses (the "Bahi and ▇▇▇▇ Warrants"). The Bahi and ▇▇▇▇ Warrants, and the

---

[2] A straw, or "conduit," donation occurs when a donation to a political campaign is made in the name of one donor, but the funds in question in fact belong to a different person.

4

SDNY_01_000008369
SUBJECT TO PROTECTIVE ORDER

Government's application for them, are attached as Exhibit A and are incorporated by reference herein.

9. As discussed in greater detail in Exhibit A, Bahi and ▮▮▮▮ were involved in straw donations made by another Target Subject of this investigation, ▮▮▮▮. Based on my review of communications recovered from ▮▮▮▮ iCloud account, obtained pursuant to a search warrant, I know that ▮▮▮▮ communicated with Bahi via Target Cellphone-1, and communicated with ▮▮▮▮ via Target Cellphone-2.

10. Based on my review of records from the Service Provider, I know that ▮▮▮▮ is the Subscriber for Target Cellphone-1, but that under the header "Device Details" in the Service Provider's records for Target Cellphone-1, the name "Mohamed Bahe," a commonly used alternate spelling of Bahi's name, is listed.

11. I have reviewed records in a public-records database regularly used by law enforcement indicating that ▮▮▮▮ is the user of Target Cellphone-2.

12. Based on the foregoing, I respectfully submit that there is probable cause to believe that the Requested Information will yield evidence of the Subject Offenses. Specifically, there is probable cause to believe that Bahi and ▮▮▮▮ are involved in the Subject Offenses and are the users of their respective Target Cellphones. Historical location information for the Target Cellphones will enable law enforcement to determine when Bahi and ▮▮▮▮ are ordinarily at home, in order to plan the execution of the Bahi and ▮▮▮▮ Warrants, and prospective location information will enable law enforcement to determine that Bahi and ▮▮▮▮ are home at the time of the execution of the Bahi and ▮▮▮▮ Warrants.

### III. Request for Warrant and Order

13. Based on the foregoing I respectfully request that the Court require the Service Provider to provide the Requested Information as specified further in the Warrant and Order proposed

SDNY_01_000008370
SUBJECT TO PROTECTIVE ORDER.

herewith, including prospective precision location and cell site data for a period of 45 days from the date of this Order,[3] historical cell site data and toll records for the period from July 1, 2024 through the date of this Order, and pen register information for a period of 45 days from the date of this Order.

14. **Nondisclosure.** The existence and general nature of this ongoing criminal investigation are publicly known, because of media reporting, and are known to Adams himself because of the execution of prior warrants and Adams's counsel's subsequent interactions with prosecutors. But the exact nature of the investigation and the particular types of evidence the Government is covertly seeking as the investigation continues—including the fact that the Government is seeking the Requested Information and plans to execute additional search warrants—are not publicly known. Nor is it public that the Government is investigating conduct by other Target Subjects. The premature public disclosure of this affidavit or the requested Warrant and Order could alert subjects of the investigation about as-yet non-public information about the nature and scope of the Government's investigation, which could cause them to destroy evidence, flee from prosecution, or otherwise seriously jeopardize the investigation. Accordingly, I respectfully request that the Providers be directed not to notify the subscribers or others of the existence of the Warrant and Order for a period of one year, and that the Warrant and Order and all supporting papers be

---

[3] Although the Bahi and ▬▬▬ Warrants only authorize a search if conducted in the next 14 days, if the FBI were unable to execute the warrant during that time period, the Government expects that it would seek a renewed warrant, which would be facilitated by the Requested Information.

SDNY_01_000008371
SUBJECT TO PROTECTIVE ORDER

maintained under seal until the Court orders otherwise, as specified in the Application submitted in conjunction with this Affidavit.

15. Accordingly, there is reason to believe that, were the Service Provider to notify the subscriber or others of the existence of the warrant, the investigation would be seriously jeopardized. Pursuant to 18 U.S.C. § 2705(b), I therefore respectfully request that the Service Provider be directed not to notify the subscriber or others of the existence of the Warrant and Order for a period of one year, and that the Warrant and Order and all supporting papers be maintained under seal until the Court orders otherwise, as specified in the Application submitted in conjunction with this Affidavit.

/s authorized electronic signature
_____

Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1, on

July 12, 2024

_____
HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York

7

2019.07.24

SDNY_01_000008372
SUBJECT TO PROTECTIVE ORDER.

# Exhibit A

# [24-MC-2762]

SDNY_01_000008373
SUBJECT TO PROTECTIVE ORDER.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **24 MAG 2572** |
| In re: Warrant and Order For Prospective and Historical Location Information and Pen Register Information for the Cellphones Assigned Call Numbers ▮▮▮▮▮ 8792 and ▮▮▮▮▮ 7787, USAO Reference No. 2021R00778 | **WARRANT AND ORDER**<br><br>_____ Mag. _____ |

**Warrant and Order**
**for Cellphone Location Information and Pen Register Information**
**and for Sealing and Non-Disclosure**

TO:     T-Mobile ("Service Provider")

Federal Bureau of Investigation ("Investigative Agency")

Upon the Application and Agent Affidavit submitted by the Government in this matter:

**I. Findings**

The Court hereby finds:

1. The Target Cellphones (the "Target Cellphones") that are the subject of this Order are assigned call numbers ▮▮▮▮▮ 8792 and ▮▮▮▮▮ 7787, and are currently serviced by the Service Provider.

2. Pursuant to 18 U.S.C. § 2703(c)(1)(A) and the applicable provisions of Rule 41 of the Federal Rules of Criminal Procedure, the Government's application sets forth probable cause to believe that the prospective and historical location information for the Target Cellphones will reveal evidence, fruits, or instrumentalities of suspected violations of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both), (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud), (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to

2019.07.24

commit the same); and (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same) (collectively, the "Subject Offenses").

3. Pursuant to 18 U.S.C. § 2703(d), the Government's application also sets forth specific and articulable facts showing that there are reasonable grounds to believe that the toll records for the Target Cellphones are relevant and material to an ongoing criminal investigation.

4. Pursuant to 18 U.S.C. § 3123(b)(1), the Government has certified that the pen register information for the Target Cellphones is relevant to an ongoing investigation by the Investigating Agency of Mohamed Bahi, ████ and others known and unknown in connection with suspected violations of the Subject Offenses.

5. Pursuant to 18 U.S.C. § 2705(b), there is reason to believe that notification of the existence of this Warrant and Order will result in destruction of or tampering with evidence, flight from prosecution, and/or intimidation of potential witnesses, or otherwise will seriously jeopardize an ongoing investigation.

NOW, THEREFORE, pursuant to Fed. R. Crim. P. 41, 18 U.S.C. §§ 3121 *et seq.*, 18 U.S.C. §§ 2701 *et seq.*, and 18 U.S.C. § 3103a, IT IS HEREBY ORDERED:

## II. Order to Service Provider

6. **Service Provider.** This Order shall apply to the Service Provider specified above.

7. **Prospective Location Information.** The Service Provider shall provide to the Investigating Agency on a prospective basis, for a period of 45 days from the date of this Order, information concerning the location of the Target Cellphones ("Prospective Location Information"), including all available:

   a. precision location information, including GPS data, E-911 Phase II data, and latitude-longitude data; and

SDNY_01_000008480
SUBJECT TO PROTECTIVE ORDER

b. cell site data, including any data reflecting (a) the cell towers and sectors thereof utilized in routing any phone, text, or data communication to or from the Target Cellphones, and (b) the approximate range of the target phone from the cell towers during the communication (including per-call measurement ("PCM") or round-trip time ("RTT") data);

8. **Historical Location Information and Toll Records**. The Service Provider shall provide to the Investigating Agency all available historical cell site location information reflecting the cell towers and sectors thereof utilized in routing any phone, text, or data communication to or from the Target Cellphones, and the approximate range of the target phone from the cell towers during the communication (PCM/RTT data), for the period from July 1, 2024 through the date of this Order, as well as all available toll records (including call detail, SMS detail, or data session detail records) for the communications.

9. **Pen register with caller identification and/or trap and trace device.** The Service Provider shall provide to the Investigating Agency, for a period of 45 days from the date of this order, all dialing, routing, addressing, or signaling information associated with each voice, text, or data communication transmitted to or from the Target Cellphones, including but not limited to:

a. any unique identifiers associated with the phone, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, MIN, or MAC address;

b. source and destination telephone numbers and/or Internet protocol ("IP") addresses;[1]

---

[1] The Service Provider is not required to provide post-cut-through dialed digits ("PCTDD"), or digits that are dialed after a telephone call from the Target Cellphones has been connected. If possible, the Service Provider will forward only pre-cut-through-dialed digits to the Investigative Agency. However, if the Service Provider's technical capabilities require it to forward all dialed digits, including PCTDD, to the Investigative Agency, the Investigative Agency will only decode

SDNY_01_000008481
SUBJECT TO PROTECTIVE ORDER

   c. date, time, and duration of the communication; and

   d. cell-site information as specified above.

  10. **Technical Assistance.** The Service Provider shall furnish the Investigating Agency all information, facilities, and technical assistance necessary to accomplish the disclosure of all of the foregoing information relating to the Target Cellphones unobtrusively and with the minimum interference to the service presently provided to the Subscriber.

  11. **Non-Disclosure to Subscriber.**  The Service Provider, including its affiliates, officers, employees, and agents, shall not disclose the existence of this Warrant and Order, or the underlying investigation, to the Subscriber or any other person, for a period of one year from the date of this Warrant and Order, subject to extension upon application to the Court, if necessary.

---

and forward to the agents assigned to the investigation, the numbers that are dialed before the call is cut through.

SDNY_01_000008482
SUBJECT TO PROTECTIVE ORDER.

III. **Additional Provisions**

12. **Compensation for Costs.** The Investigating Agency shall compensate the Service Provider for reasonable expenses incurred in complying with the Warrant and this Order.

13. **Sealing.** This Warrant and Order, and the supporting Application and Agent Affidavit, shall be sealed until otherwise ordered by the Court, except that the Government may without further order of this Court: serve this Warrant and Order on the Service Provider; provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

| 07/12/2024 | 5:50 p.m. |
|---|---|
| Date Issued | Time Issued |

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

SDNY_01_000008483
SUBJECT TO PROTECTIVE ORDER.