AO 93C (08/18) SDNY Rev. Warrant by Telephone or Other Reliable Electronic Means ☑ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No.
Three Cellphones Obtained from ▮▮▮▮▮ )
) **24 MAG 2707**
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Southern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations):*

18 U.S.C. §§ 371, 666, 1343, 1349, 1512; 52 U.S.C. § 30121

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment A

**YOU ARE COMMANDED** to execute this warrant on or before _____August 8, 2024_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____the duty Magistrate Judge_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____July 25, 2024; 3:34 p.m._____    _____/s/ illegible_____
                                                                                  *Judge's signature*

City and state: _____New York, NY_____    _____Hon. Valerie Figueredo, U.S.M.J._____
                                                                         *Printed name and title*

SDNY_01_000008589
SUBJECT TO PROTECTIVE ORDER

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:

*Executing officer's signature*

*Printed name and title*

SDNY_01_000008590
SUBJECT TO PROTECTIVE ORDER.

**Attachment A**

### I. Devices Subject to Search and Seizure

The devices that are the subject of this search and seizure warrant (the "Subject Devices") are described as follows:

   a. A black iPhone with a sticker on the back that has a bar code and the words "NYC Mayor's Office" and "MD-02308" ("Subject Device-1");

   b. A Samsung Fold with IMEI 352707358667487 ("Subject Device-2"); and

   c. A Samsung Galaxy S24 Ultra with Serial Number R5CX33ZXKPY ("Subject Device-3").

### II. Review of ESI on the Subject Device

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the Subject Device for evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both); (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud); (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); and (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same) (the "Subject Offenses") described as follows:

   1. Evidence concerning the identity or location of the owner(s) or user(s) of the Subject Devices.

   2. Evidence of knowledge or understanding of, or intent to violate, laws and regulations governing the conduct of the 2021 and 2025 mayoral campaigns of Eric Adams (the "Adams Campaigns") on the part of ▓▓▓▓▓ or on the part of any other person who is or was associated with or employed by the Adams Campaigns.

   3. Evidence relating to ▓▓▓▓▓ involvement in fundraising for the Adams Campaigns.

   4. Evidence relating to efforts by ▓▓▓▓▓ or by any person who is or was associated with or employed by the Adams Campaigns to provide benefits, whether lawfully or unlawfully, to any donor or potential donor to the Adams Campaigns in exchange for campaign contributions.

   5. Evidence relating to payments to any potential or actual donor to the Adams Campaigns to facilitate their making campaign contributions to the Adams Campaigns.

6. Evidence of individuals or entities who donated to the Adams Campaigns before or after receiving transfers of funds similar to the amount of the donation.

7. Evidence regarding any persons or entities involved, wittingly or unwittingly, in donations to the Adams Campaign in which the named donor is not the true source of the donated funds ("straw donations").

8. Evidence regarding any requests by the Adams Campaigns for matching funds based on straw donations, including any discussions of matching funds.

9. Evidence of fundraising for the Adams Campaigns involving any foreign nationals or officials.

10. Evidence of the exchange of benefits or favors between foreign nationals or officials, on the one hand, and any person who is or was associated with or employed by the Adams Campaigns, on the other hand.

11. Evidence relating to any efforts to influence testimony in any investigation relating to the Adams Campaigns, to destroy or conceal evidence, or to otherwise respond to, interfere with, or obstruct any investigation relating to the Adams Campaigns.

12. Passwords or other information needed to access the user's online accounts, including encrypted data stored in the Seized Devices.

SDNY_01_000008592
SUBJECT TO PROTECTIVE ORDER.

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.  **24 MAG 2707**
▮ )
)
)

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the ___Southern___ District of ___New York___ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attached Affidavit and its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371, 666, 1343, 1349, 1512; 52 U.S.C. § 30121 | theft of federal funds, federal program bribery, wire fraud, campaign contributions by foreign nationals, witness tampering, and conspiracy to commit those offenses |

The application is based on these facts:
Please see Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

▮
*Applicant's signature*

▮
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___Telephone___ *(specify reliable electronic means).*

Date: ___07/25/2024___

*Judge's signature*

City and state: ___New York, New York___     Hon. Valerie Figueredo, U.S.M.J.
*Printed name and title*

SDNY_01_000008593
SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

24 MAG 2707

TO BE FILED UNDER SEAL

In the Matter of the Application of the United States Of America for a Search and Seizure Warrant for Three Cellphones Obtained from ▆▆ ▆▆ USAO Reference No. 2021R00778

Agent Affidavit in Support of Application for Search and Seizure Warrant

SOUTHERN DISTRICT OF NEW YORK) ss.:

▆▆▆▆ being duly sworn, deposes and says:

## I. Introduction

### A. Affiant

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 2019. I am currently assigned to a public corruption squad of the New York Field Office, where, among other things, I investigate crimes involving illegal campaign contributions, theft of federal funds, and bribery. Through my training and experience, I also have become familiar with some of the ways in which individuals use smart phones and electronic communications, including social media, email, and electronic messages, in furtherance of their crimes, and have participated in the execution of search warrants involving electronic evidence.

2. I make this Affidavit in support of an application pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the electronic devices specified below (the "Subject Devices") for the items and information described in Attachment A. This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training, experience and advice received concerning the use of computers in criminal activity and the forensic analysis of electronically stored information ("ESI"). Because this affidavit is being submitted for the limited

purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### B. The Subject Device

3. The Subject Devices are particularly described as:

    a. A black iPhone with a sticker on the back that has a bar code and the words "NYC Mayor's Office" and "MD-02308" ("Subject Device-1");

    b. A Samsung Fold with IMEI 352707358667487 ("Subject Device-2"); and

    c. A Samsung Galaxy S24 Ultra with Serial Number R5CX33ZXKPY ("Subject Device-3").

4. Based on my training, experience, and research, I know that the Subject Devices each have capabilities that allow them to serve as wireless telephones, digital cameras, portable media players, GPS navigation devices, and PDAs.

5. The Subject Devices are presently located in the Southern District of New York.

### C. The Subject Offenses

6. For the reasons detailed below, I believe that there is probable cause to believe that the Subject Devices contains evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both); (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud); (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); and (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same) (collectively, the "Subject Offenses").

SDNY_01_000008595
SUBJECT TO PROTECTIVE ORDER.

## II. Probable Cause

### A. Probable Cause Regarding Subjects' Commission of the Subject Offenses

7. On or about July 12, 2024, the Honorable Joseph A. Marutollo, United States Magistrate Judge for the Eastern District of New York, issued search warrants authorizing, among other things, a search of the Staten Island home of ▮▮▮▮▮ in Staten Island (the "▮▮▮▮▮ Premises Warrant"). The ▮▮▮▮▮ Premises Warrant, and the Government's application for that warrant, are attached as Exhibit A, and are collectively incorporated by reference herein.

8. As described in greater detail in Exhibit A, there is probable cause to believe that cellphones used by ▮▮▮▮▮ who is a Senior Advisor to New York City Mayor Eric Adams—were used to carry out the Subject Offenses, and contain evidence of the Subject Offenses, and the ▮▮▮▮▮ Premises Warrant authorized the Government to seize and search cellphones used by ▮▮▮▮▮

9. I participated in the execution of the ▮▮▮▮▮ Premises Warrant, which took place on or about July 24, 2024. ▮▮▮▮▮ was not home when the warrant was executed—he was at the hospital, as discussed below—but his wife and sister were home. While the FBI was executing the ▮▮▮▮▮ Premises Warrant, ▮▮▮▮▮ wife and sister told me and other agents, in substance and in part, that they believed ▮▮▮▮▮ had his current personal cellphone with him at the hospital, and that two of ▮▮▮▮▮ other cellphones, his work phone and his previous personal phone, might have been in the wife's car. ▮▮▮▮▮ wife then checked and confirmed that two of ▮▮▮▮▮ cellphones were in her car, and offered to voluntarily retrieve them. I told her that she could voluntarily retrieve the phones, and she did so, handing two cellphones—Subject Device-1 and Subject Device-2—to another FBI agent. The wife handed Subject Device-1 and Subject Device-2 to the other agent while they were standing outside of ▮▮▮▮▮ home, so in an abundance of caution, the Government is now seeking this additional warrant authorizing the

SDNY_01_000008596
SUBJECT TO PROTECTIVE ORDER.

search of Subject Device-1 and Subject Device-2, for the same evidence of the Subject Offenses described in the ▮▮▮ Premises Warrant.

10. Based on my discussions with other FBI agents, I know that around the same time the FBI executed the ▮▮▮ Premises Warrant, other agents met with ▮▮▮ at the Maimonides Medical Center in Brooklyn, New York, and served on him a grand jury subpoena requesting that he produce forthwith all electronic devices in his possession, including certain specific devices identified by phone number. The agents told ▮▮▮ in substance and in part, that he did not need to immediately hand over the devices, but that he did need to bring them promptly to the grand jury in lower Manhattan, or have someone else do so on his behalf.

11. On or about the evening of July 24, 2024, I received a call from ▮▮▮ ▮▮▮ told me, in substance and in part, that having consulted with counsel from the Office of the New York City Mayor, he was requesting that I meet him at the Maimonides Medical Center to retrieve an electronic device so that he would not have to have someone travel to lower Manhattan to deliver it. I then went to the hospital and met with ▮▮▮ who handed me Subject Device-3.

### B. Probable Cause Justifying Search of the Subject Device

12. As set forth in greater detail in Exhibit A, the FBI and the Office of the United States Attorney for the Southern District of New York have been investigating the receipt of so-called "straw" donations by the 2021 and 2025 New York City mayoral campaigns of Eric Adams (collectively, the "Adams Campaigns"), including certain straw donations that were funded by and/or made at the direction of foreign government officials and other foreign persons.[1] ▮▮▮

---

[1] A straw, or "conduit," donation occurs when a donation to a political campaign is made in the name of one donor, but the funds in question in fact belong to a different person.

and others are involved in knowingly collecting straw donations for the Adams Campaigns, and are known to have used cellphones to communicate electronically about and in furtherance of that scheme.

13. I know from my training and experience that, like individuals engaged in any other kind of activity, individuals who engage in the Subject Offenses store records relating to their illegal activity and to persons involved with them in that activity on electronic devices such as the Subject Devices. Such records can include, for example, logs of electronic messages and emails with co-conspirators and others relevant to the Subject Offenses, contact information of co-conspirators and witnesses, including telephone numbers, email addresses, and identifiers for instant messaging and social medial accounts, location information, and financial and personal identification data.

14. Electronic files or remnants of such files can be recovered months or even years after they have been created or saved on an electronic device such as the Subject Devices. Even when such files have been deleted, they can often be recovered, depending on how the devices have subsequently been used, months or years later with forensics tools. Thus, the ability to retrieve from information from the Subject Devices depends less on when the information was first created or saved than on a particular user's device configuration, storage capacity, and usage habits.

15. Based on the foregoing, I respectfully submit there is probable cause to believe that ▬▬▬▬ and others committed the Subject Offenses, and that evidence of this criminal activity is likely to be found on the Subject Devices.

## III. Procedures for Searching ESI

### A. Review of ESI

16. Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel

SDNY_01_000008598
SUBJECT TO PROTECTIVE ORDER.

assisting the government in this investigation, and outside technical experts under government control) will review the ESI contained on the Subject Devices for information responsive to the warrant.

17. In conducting this review, law enforcement may use various techniques to determine which files or other ESI contain evidence or fruits of the Subject Offenses. Such techniques may include, for example:

- surveying directories or folders and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- conducting a file-by-file review by "opening" or reading the first few "pages" of such files in order to determine their precise contents (analogous to performing a cursory examination of each document in a file cabinet to determine its relevance);

- "scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; and

- performing electronic keyword searches through all electronic storage areas to determine the existence and location of search terms related to the subject matter of the investigation. (Keyword searches alone are typically inadequate to detect all information subject to seizure. For one thing, keyword searches work only for text data, yet many types of files, such as images and videos, do not store data as searchable text. Moreover, even as to text data, there may be information properly subject to seizure but that is not captured by a keyword search because the information does not contain the keywords being searched.)

18. Law enforcement personnel will make reasonable efforts to restrict their search to data falling within the categories of evidence specified in the warrant. Depending on the circumstances, however, law enforcement may need to conduct a complete review of all the ESI from the Subject Devices to locate all data responsive to the warrant.

**B. Return of the Subject Devices**

19. If the Government determines that the Subject Devices are no longer necessary to retrieve and preserve the data on the device, and that the Subject Devices are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(c), the Government will return the Subject

SDNY_01_000008599
SUBJECT TO PROTECTIVE ORDER

Devices, upon request. Computer data that is encrypted or unreadable will not be returned unless law enforcement personnel have determined that the data is not (i) an instrumentality of the offense, (ii) a fruit of the criminal activity, (iii) contraband, (iv) otherwise unlawfully possessed, or (v) evidence of the Subject Offenses.

### IV. Conclusion and Ancillary Provisions

20. Based on the foregoing, I respectfully request the court to issue a warrant to seize the items and information specified in Attachment A to this affidavit and to the Search and Seizure Warrant.

21. In light of the confidential nature of the continuing investigation, I respectfully request that this affidavit and all papers submitted herewith be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to provide copies of the warrant and affidavit as need be to personnel assisting it in the investigation and prosecution of this matter, and to disclose those materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

███████  (by VF with permission)
███████
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1, on

July 25, 2024

_____
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

SDNY_01_000008600
SUBJECT TO PROTECTIVE ORDER

**Attachment A**

### I. Devices Subject to Search and Seizure

The devices that are the subject of this search and seizure warrant (the "Subject Devices") are described as follows:

a. A black iPhone with a sticker on the back that has a bar code and the words "NYC Mayor's Office" and "MD-02308" ("Subject Device-1");

b. A Samsung Fold with IMEI 352707358667487 ("Subject Device-2"); and

c. A Samsung Galaxy S24 Ultra with Serial Number R5CX33ZXKPY ("Subject Device-3").

### II. Review of ESI on the Subject Device

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the Subject Device for evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both); (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud); (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); and (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same) (the "Subject Offenses") described as follows:

1. Evidence concerning the identity or location of the owner(s) or user(s) of the Subject Devices.

2. Evidence of knowledge or understanding of, or intent to violate, laws and regulations governing the conduct of the 2021 and 2025 mayoral campaigns of Eric Adams (the "Adams Campaigns") on the part of ▌▌▌▌ or on the part of any other person who is or was associated with or employed by the Adams Campaigns.

3. Evidence relating to ▌▌▌▌ involvement in fundraising for the Adams Campaigns.

4. Evidence relating to efforts by ▌▌▌▌ or by any person who is or was associated with or employed by the Adams Campaigns to provide benefits, whether lawfully or unlawfully, to any donor or potential donor to the Adams Campaigns in exchange for campaign contributions.

5. Evidence relating to payments to any potential or actual donor to the Adams Campaigns to facilitate their making campaign contributions to the Adams Campaigns.

6. Evidence of individuals or entities who donated to the Adams Campaigns before or after receiving transfers of funds similar to the amount of the donation.

7. Evidence regarding any persons or entities involved, wittingly or unwittingly, in donations to the Adams Campaign in which the named donor is not the true source of the donated funds ("straw donations").

8. Evidence regarding any requests by the Adams Campaigns for matching funds based on straw donations, including any discussions of matching funds.

9. Evidence of fundraising for the Adams Campaigns involving any foreign nationals or officials.

10. Evidence of the exchange of benefits or favors between foreign nationals or officials, on the one hand, and any person who is or was associated with or employed by the Adams Campaigns, on the other hand.

11. Evidence relating to any efforts to influence testimony in any investigation relating to the Adams Campaigns, to destroy or conceal evidence, or to otherwise respond to, interfere with, or obstruct any investigation relating to the Adams Campaigns.

12. Passwords or other information needed to access the user's online accounts, including encrypted data stored in the Seized Devices.

SDNY_01_000008602
SUBJECT TO PROTECTIVE ORDER.

# Exhibit A
# [24 MC 2762]

SDNY_01_000008603
SUBJECT TO PROTECTIVE ORDER.