# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>IN THE MATTER OF THE SEARCH OF<br>ALL CELLPHONES ON THE PERSON OR IN THE POSSESSION<br>OF MOHAMED BAHI AT NEWARK INTERNATIONAL AIRPORT | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 24-13201 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

ATTACHMENT A

located in the _____ District of _____ New Jersey _____ , there is now concealed *(identify the person or describe the property to be seized)*:

ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371 and 666; 18 U.S.C.<br>§§ 1343 and 1349; 18 U.S.C. § 371<br>and 52 U.S.C. § 30121; 18 U.S.C. §§<br>371 and 1512(b); 18 U.S.C. § 1519 | theft of federal funds, federal program bribery, and conspiracy to commit both; wire fraud and attempt<br>and conspiracy to commit wire fraud; campaign contributions by foreign nationals and conspiracy to<br>commit the same; witness tampering and conspiracy to commit the same; and destruction and<br>concealment of records, documents, and tangible objects with the intent to obstruct an investigation |

The application is based on these facts:

ATTACHMENT C

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached ███████

███████████████

███████ Special Agent, FBI

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means)*.

Date: 8/2/2024

/s Hon. Leda Dunn Wettre (By Agent with Authorization)

*Judge's signature*

City and state: Newark, New Jersey

Hon. Leda Dunn Wettre, U.S. Magistrate Judge

*Printed name and title*

SDNY_01_000008709
SUBJECT TO PROTECTIVE ORDER.

## ATTACHMENT A

### Property to Be Searched

The Target Devices are particularly described as any cellphones found on the

person of Mohamed Bahi ("Bahi"), including any clothing worn by Bahi and any

bags or containers carried by Bahi while at Newark International Airport.

SDNY_01_000008710
SUBJECT TO PROTECTIVE ORDER.

### ATTACHMENT B

Evidence, fruits, and instrumentalities of violations (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both); (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud); (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same); and (v) 18 U.S.C. § 1519 (destruction and concealment of records, documents, and tangible objects with the intent to obstruct an investigation) (collectively, the "Subject Offenses"), including the following:

A.      Evidence of knowledge or understanding of, or intent to violate, laws and regulations governing the conduct of the 2021 and 2025 mayoral campaigns of Eric Adams (the "Adams Campaigns") on the part of Mohamed Bahi, or on the part of any other person who is or was associated with or employed by the Adams Campaigns.

B.      Evidence relating to Bahi's involvement in fundraising for the Adams Campaigns.

C.      Evidence relating to efforts by Bahi or by any person who is or was associated with or employed by the Adams Campaigns to provide benefits, whether lawfully or unlawfully, to any donor or potential donor to the Adams Campaigns in exchange for campaign contributions.

D.      Evidence relating to payments to any potential or actual donor to the Adams Campaigns to facilitate their making campaign contributions to the

1

SUBJECT TO PROTECTIVE ORDER.

Adams Campaigns.

E.      Evidence of individuals or entities who donated to the Adams Campaigns before or after receiving transfers of funds similar to the amount of the donation.

F.      Evidence regarding any persons or entities involved, wittingly or unwittingly, in donations to the Adams Campaign in which the named donor is not the true source of the donated funds ("straw donations").

G.      Evidence regarding any requests by the Adams Campaigns for matching funds based on straw donations, including any discussions of matching funds.

H.      Evidence of fundraising for the Adams Campaigns involving any foreign nationals or officials.

I.      Evidence of the exchange of benefits or favors between foreign nationals or officials, on the one hand, and any person who is or was associated with or employed by the Adams Campaigns, on the other hand.

J.      Evidence relating to any efforts to influence testimony in any investigation relating to the Adams Campaigns, to destroy or conceal evidence, or to otherwise respond to, interfere with, or obstruct any investigation relating to the Adams Campaigns.

K.      Passwords or other information needed to access the user's online accounts, including encrypted data stored in the Target Devices.

L.      Evidence sufficient to establish the owners and users of the Target Devices at times relevant to the Subject Offenses.

SDNY_01_000008712
SUBJECT TO PROTECTIVE ORDER.

M.    Evidence of the geographic location of users or devices involved in the commission of the Subject Offenses at times relevant to the Subject Offenses.

During execution of the search of the Target Devices authorized herein, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of Mohamed Bahi on any of the Target Devices; and/or (2) hold any of the Target Devices in front of Bahi's face and activate the facial recognition feature; for the purpose of attempting to unlock the Target Devices in order to search their contents as authorized by this warrant.

For purposes of authentication at later proceedings, the government is authorized to retain a digital copy of all seized information authorized by the Search Warrant for as long as is necessary for authentication purposes.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

SDNY_01_000008713
SUBJECT TO PROTECTIVE ORDER.

**ATTACHMENT C**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | : | Hon. Leda Dunn Wettre, |
| ALL CELLPHONES ON THE PERSON | : | |
| OR IN THE POSSESSION OF | : | Mag. No. 24-13201 |
| MOHAMED BAHI AT NEWARK | : | |
| INTERNATIONAL AIRPORT | : | **TO BE FILED UNDER SEAL** |
| | : | |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent ▮▮▮▮▮▮ being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 2019.  I am currently assigned to a public corruption squad of the New York Field Office, where, among other things, I investigate crimes involving illegal campaign contributions, theft of federal funds, and bribery.  Through my training and experience, I also have become familiar with some of the ways in which individuals use smart phones and electronic communications, including social media, email, and electronic messages, in furtherance of their crimes, and have participated in the execution of search warrants involving electronic evidence.

2.     This Affidavit is respectfully submitted, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, in support of the Government's application for a warrant to search the person of Mohamed Bahi ("Bahi"), including any

1

SDNY_01_000008714
SUBJECT TO PROTECTIVE ORDER.

clothing worn by Bahi and any bags or containers carried by Bahi, and to seize any cellphones (collectively the "Target Devices") found pursuant to that search, as more particularly described in Attachment A, for the information described in Attachment B.

3.    Based on the facts set forth in this affidavit, there is probable cause to believe that the Target Devices contain evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both); (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud); (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same); and (v) 18 U.S.C. § 1519 (destruction and concealment of records, documents, and tangible objects with the intent to obstruct an investigation) (collectively, the "Subject Offenses").

4.    This affidavit is based upon my personal knowledge; my review of documents, recordings, and other evidence; my conversations with other law enforcement personnel; and my training, experience, and advice received concerning the use of electronic devices in criminal activity and the forensic analysis of electronically stored information ("ESI").  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and

SDNY_01_000008715
SUBJECT TO PROTECTIVE ORDER.

conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### THE TARGET DEVICES

5.    The Target Devices are defined as any cellphones carried by Bahi or in clothing, bags, or containers worn or carried by him at the time of the search.

6.    Based on my training and experience, I know that the Target Devices have capabilities that allow them to serve as wireless telephones (sending and receiving phone calls, video calls, text messages, and encrypted messages), digital cameras, portable media players, GPS navigation devices, calendars, and PDAs, and that allow them to provide email and internet access.

7.    At the time this warrant is executed, the Target Devices will be located in the District of New Jersey. In particular, Bahi is scheduled to be on United Airlines flight 147, departing London Heathrow International Airport on August 2, 2024 and arriving at Newark International Airport in Newark, New Jersey that same day, August 2, 2024. Law enforcement agents will execute this warrant at Newark International Airport.

### PROBABLE CAUSE

**A.    Probable Cause Regarding the Subject Offenses**

8.    Since in or about August 2021, the FBI and the Office of the United States Attorney for the Southern District of New York have been investigating the

3

SDNY_01_000008716
SUBJECT TO PROTECTIVE ORDER.

receipt of so-called "straw" donations[1] by the 2021 and 2025 New York City mayoral campaigns of New York City Mayor Eric Adams ("Adams") (the "Adams Campaigns"), including certain straw donations that were funded by and/or made at the direction of foreign government officials and other foreign persons.

9.    On or about July 12, 2024, the Honorable Joseph A. Marutollo, United States Magistrate Judge for the Eastern District of New York, issued a warrant authorizing the search of Mohamed Bahi's home, which is a premises in Staten Island, New York (the "Bahi Premises Warrant"). The Bahi Premises Warrant, and the Government's application for that warrant (as well as for a warrant for a second premises) are attached as Exhibit A.

10.    I know from my review of publicly available information that Bahi currently works for Adams's mayoral administration, as a Senior Liaison in Adams's Community Affairs Unit.

11.    As described in greater detail in Exhibit A, beginning in at least December 2020, Bahi organized straw donations to the Adams Campaigns, including from a man named ▮▮▮▮▮▮▮▮ who appears to have connections to the Government of Uzbekistan, and Bahi is known to have used cellphones to send and receive electronic communications in furtherance of that scheme. As a result of Bahi's efforts, ▮▮▮▮▮▮ directed others, including multiple of his

---

[1]    A straw, or "conduit," donation occurs when a donation to a political campaign is made in the name of one donor, but the funds in question in fact belong to a different person.

SDNY_01_000008717
SUBJECT TO PROTECTIVE ORDER.

employees, to make straw donations to the Adams Campaigns which ████████ reimbursed. (*See* Ex. A, Aff. ¶¶ 13-23).

12.    Based on my review of records from the New York City Campaign Finance Board, I know that the Adams Campaigns received matching funds—which are described in greater detail in Exhibit A (*see id.* ¶¶ 9.a-9.c)—based on the straw donations organized by Bahi and ██████████

13.    As also described in greater detail in Exhibit A, Bahi took steps to tamper with witnesses—namely, ██████████ and ██████████ employees—by meeting with them after they were interviewed by the FBI and encouraging them, in substance, to make false statements to the FBI regarding the straw donations. (*See id.* ¶¶ 24-25).

14.    On July 24, 2024, FBI agents executed the Bahi Premises Warrant. Based on my discussions with FBI agents who participated in the search, I have learned, among other things, the following:

a.    On July 24, 2024 at approximately 6:00 a.m., FBI agents began knocking on the door of Bahi's home and calling phone numbers known to be used by Bahi to announce that they were there to execute a search warrant. No one answered the door, and Bahi did not answer multiple calls from the agents.

b.    Agents then called Bahi's ex-wife, with whom he lives. She did answer the phone, and initially claimed not to be home. She subsequently came to the door, but initially refused to open it.

5

SUBJECT TO PROTECTIVE ORDER.

c.     About a minute after Bahi's ex-wife came to the door, Bahi himself came to the door, and let the FBI into his home to execute the search warrant.

d.     Once agents were inside Bahi's home executing the Bahi Premises Warrant, an agent mentioned to Bahi that the agent had repeatedly called Bahi. This prompted Bahi to take a cellphone ("Bahi Cellphone-1") out of his pocket, which the agent then seized pursuant to the Bahi Premises Warrant. (Agents also seized a second cellphone from Bahi's home during the search.)

e.     During an interview with FBI agents who were executing the Bahi Premises Warrant, Bahi stated, in substance and in part, that he had used Bahi Cellphone-1 as his personal cellphone for approximately the last few months, and that the cellphone he used before that was not at his home. Bahi offered to retrieve his prior personal cellphone and provide it to the agents. Bahi also stated that he was planning to travel to Egypt that evening, and that he was planning to return to the United States in early August 2024.

15.     On July 24, 2024, after the search, Bahi called one of the FBI agents who participated in the search. Based on my discussions with that agent, I have learned that during the call, Bahi stated, in substance and in part, that he had retrieved his old cellphone, but that he intended to keep it so that he would have a cellphone during his international travel.

16.     On the afternoon of July 24, 2024, FBI agents called Bahi to ask him follow-up questions about his cellphones. I participated in that call, along with other agents. During the call, Bahi stated, in substance and in part, that

6

SUBJECT TO PROTECTIVE ORDER.

he previously had Signal on one or more of his cellphones. Bahi admitted that he had recently deleted Signal, and claimed that he has a practice of deleting applications that were suspicious before traveling internationally, in case he was questioned during his travel. When agents asked Bahi directly whether he had deleted Signal that day, Bahi stated that he would not disclose when he deleted Signal.

17.    Based on my review of information from the forensic extraction of Bahi Cellphone-1, I have learned, among other things, that the Signal application was not on Bahi Cellphone-1 at the time it was forensically searched, but that according to activity logs for Bahi Cellphone-1, it had been used to access the Signal application as recently as approximately 12:04 a.m. on July 24, 2024, *i.e.*, the day of the search. In other words, Bahi deleted Signal from Bahi Cellphone-1 sometime between approximately midnight and approximately 6 a.m. on July 24, 2024.

18.    Based on my involvement in this investigation and my review of the contents of devices seized pursuant to previous search warrants, I know that Adams uses Signal to communicate and sometimes encourages others to do so, and that people who work with Adams also use Signal to communicate with him and others. Based on my experience and participation in this and other investigations, I know that Signal is an encrypted messaging application, which allows users to set the application to automatically delete messages at certain intervals. In the course of this investigation I have learned that on at least some

7

SUBJECT TO PROTECTIVE ORDER.

occasions, law enforcement has been able to retrieve Signal messages from seized electronic devices.

**B. Probable Cause Regarding the Target Devices**

19.   As discussed in Exhibit A, Bahi sent and received electronic messages relevant to the Subject Offenses as far back as November 2020 (*see* Ex. A, Aff. ¶ 20; *see also id.* ¶ 23.b (discussing electronic messages sent and received by Bahi on or about July 25, 2022)). And as discussed above, Bahi told agents that he had only been using Bahi Cellphone-1 for a few months, so presumably the messages discussed in Exhibit A were sent from a different physical electronic device. And as Bahi also explained to the agents, he retrieved an older electronic device after the July 24, 2024 search to bring with him on his trip. (*See supra* ¶ 14.e). As a result, I believe that the Target Devices now being used by Bahi, including the old personal cellphone he told agents he had retrieved on the day of the search, may have also been the device or devices Bahi was using in 2020 and 2022, and therefore may contain the communications discussed in Exhibit A and other communications relevant to the Subject Offenses.

20.   Based on my participation in this investigation, including my review of electronic communications obtained pursuant to prior search warrants, I know that Mohamed Bahi has used at least three different cellphone numbers in communications relevant to the investigation, and has at times maintained multiple cellphones at once. And I know from my training and experience that if Bahi is carrying multiple cellphones at the time of execution of the requested

SDNY_01_000008721
SUBJECT TO PROTECTIVE ORDER.

search warrant, it may not be possible to immediately determine what phone number is associated with any particular device until the device can be forensically searched. As a result, I am seeking authorization to seize all of the Target Devices, *i.e.* all cellphones Bahi is carrying when he is searched.

21.    Like individuals engaged in any other kind of activity, individuals who engage in the Subject Offenses store records relating to their illegal activity and to persons involved with them in that activity on electronic devices such as the Target Devices. Such records can include, for example, logs of electronic messages and emails with co-conspirators and others relevant to the Subject Offenses, contact information of co-conspirators and witnesses, including telephone numbers, email addresses, and identifiers for instant messaging and social media accounts, location information, and financial and personal identification data. As detailed above and in Exhibit A, communications about the straw donor scheme have been found in electronic messages and in other evidence recovered from electronic devices.

22.    Electronic files or remnants of such files can be recovered months or even years after they have been created or saved on an electronic device such as the Target Devices. Even when such files have been deleted, they can often be recovered, depending on how the devices have subsequently been used, months or years later with forensics tools. Thus, the ability to retrieve from information from the Target Devices depends less on when the information was first created or saved than on a particular user's device configuration, storage capacity, and usage habits.

9

SUBJECT TO PROTECTIVE ORDER.

23.    Additionally, a person can transfer data from an old cellphone, to a new device, including, for example, mail, contacts, calendars, photos and videos, books and pdfs, call logs, and text messages. For individuals who change cellphones, it is common to transfer electronic records, such as emails, contacts, calendars, photos and videos, books and pdfs, call logs, and text messages from the old phone to a new phone. Individuals can transfer data in a few ways, including in a cellphone provider or Apple store, through a personal computer containing a backup, or through an iCloud backup. Doing so does not typically delete or remove data from the older cellphone, but rather simply duplicates it on the newer device. Accordingly, data found on one electronic device is often found on other devices used by the same person.

24.    Based on the foregoing, I respectfully submit there is probable cause to seize and search the Target Devices for evidence, fruits, and instrumentalities of the Subject Offenses.

## PROCEDURES FOR SEARCHING ESI

### A. Execution of Warrant for ESI

25.    Federal Rule of Criminal Procedure 41(e)(2)(B) provides that a warrant to search for and seize property "may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information . . . for later review."  Consistent with Rule 41, this application requests authorization to seize any computer devices and storage media and transport them to an appropriate law enforcement facility for review. This is typically necessary for a number of reasons:

10

SUBJECT TO PROTECTIVE ORDER.

- First, the volume of data on electronic devices and storage media is often impractical for law enforcement personnel to review in its entirety at the search location.

- Second, because such data is particularly vulnerable to inadvertent or intentional modification or destruction, computer devices are ideally examined in a controlled environment, such as a law enforcement laboratory, where trained personnel, using specialized software, can make a forensic copy of the storage media that can be subsequently reviewed in a manner that does not change the underlying data.

- Third, there are so many types of electronic hardware and software in use today that it can be impossible to bring to the search site all of the necessary technical manuals and specialized personnel and equipment potentially required to safely access the underlying data.

- Fourth, many factors can complicate and prolong recovery of data from an electronic device, including the increasingly common use of passwords, encryption, or other features or configurations designed to protect or conceal data on the computer, which often take considerable time and resources for forensic personnel to detect and resolve.

## B. Authority to Obtain Biometric Data

26.     I know from my training and experience, as well as from information found in publicly available materials, that modern cellphones frequently offer their users the ability to unlock the device via biometric features (e.g., fingerprint, facial recognition) in lieu of a numeric or alphanumeric passcode or password. In my training and experience, users of devices that offer these biometric features often enable them, because they are considered to be a more convenient way to unlock a device than by entering a numeric or alphanumeric passcode or password, as well as a more secure way to protect a device's contents. If biometric features are enabled on any of the Target Devices, it may be necessary to press Bahi's fingers to sensors on the Target Devices, or to hold those devices in front of Bahi's face to activate any facial recognition sensors on

11

SUBJECT TO PROTECTIVE ORDER.

the Target Devices, in an attempt to unlock the Target Devices for the purpose of executing the search authorized by this warrant. Attempting to unlock the Target Devices in this way is necessary because the Government may not otherwise be able to access the data contained on those devices for the purpose of executing the search authorized by the requested warrant.

27.     Based on the foregoing, I request that the Court authorize law enforcement to press Bahi's fingers, including thumbs, to sensors on any Target Devices, and/or to hold the Target Devices in front of Bahi's face (and, if necessary, to hold Bahi in place while holding the Target Devices in front of his face), for the purpose of attempting to unlock the Target Devices in order to search their contents.

**C. Review of ESI**

28.     Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) will review the ESI contained on the Target Devices for information responsive to the warrant.

29.     In conducting this review, law enforcement may use various techniques to determine which files or other ESI contain evidence or fruits of the Subject Offenses.  Such techniques may include, for example:

- surveying directories or folders and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

12

- conducting a file-by-file review by "opening" or reading the first few "pages" of such files in order to determine their precise contents (analogous to performing a cursory examination of each document in a file cabinet to determine its relevance);

- "scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; and

- performing electronic keyword searches through all electronic storage areas to determine the existence and location of search terms related to the subject matter of the investigation. (Keyword searches alone are typically inadequate to detect all information subject to seizure. For one thing, keyword searches work only for text data, yet many types of files, such as images and videos, do not store data as searchable text. Moreover, even as to text data, there may be information properly subject to seizure but that is not captured by a keyword search because the information does not contain the keywords being searched.)

30.    Law enforcement personnel will make reasonable efforts to restrict their search to data falling within the categories of evidence specified in the warrant.  Depending on the circumstances, however, law enforcement may need to conduct a complete review of all the ESI from the Target Devices to locate all data responsive to the warrant.

**D. Return of ESI**

31.    If the Government determines that the Target Devices are no longer necessary to retrieve and preserve the data on the device, and that the Target Devices are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(c), the Government will return them, upon request.  Data that is encrypted or unreadable will not be returned unless law enforcement personnel have determined that the data is not (i) an instrumentality of the offense, (ii) a fruit of the criminal activity, (iii) contraband, (iv) otherwise unlawfully possessed, or (v) evidence of the Subject Offenses.

13

SDNY_01_000008726
SUBJECT TO PROTECTIVE ORDER.

## CONCLUSION

32.    I submit that this affidavit provides probable cause for a warrant to search the **Target Devices** described in Attachment A and to seize the evidence of the Subject Offenses more fully described in Attachment B.

## REQUEST FOR SEALING

33.    The existence of this ongoing criminal investigation is publicly known, but its full extent and scope, including some of the witnesses and evidence discussed in this affidavit, have not been publicly revealed. Premature public disclosure of this affidavit could cause Bahi and his associates and co-conspirators to destroy evidence not yet gathered by law enforcement, much of which likely exists in electronic or paper forms that can be readily destroyed.  In addition, disclosure of this affidavit could cause Bahi, or his associates or co-conspirators, to believe that their arrest is imminent, triggering their flight.  This is especially concerning given that Bahi has ties abroad and, as partly discussed above, recently traveled abroad. For these reasons, I respectfully request that this affidavit and all papers submitted herewith be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to provide copies of the warrant and affidavit as need be to personnel assisting it in the investigation and prosecution of this matter,

14

SDNY_01_000008727
SUBJECT TO PROTECTIVE ORDER.

and to disclose those materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Respectfully submitted,

███████████████████

█████████ Special Agent
Federal Bureau of Investigation

SA ██████ attested to this Affidavit
by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A)
on August 2 , 2024

/s Hon. Leda Dunn Wettre (By Agent with Authorization)
_____
HONORABLE LEDA DUNN WETTRE
United States Magistrate Judge

15

SDNY_01_000008728
SUBJECT TO PROTECTIVE ORDER.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | : | Hon. Leda Dunn Wettre |
| ALL CELLPHONES ON THE PERSON | : | |
| OR IN THE POSSESSION OF | : | Mag. No.  24-13201 |
| MOHAMED BAHI AT NEWARK | : | |
| INTERNATIONAL AIRPORT | : | **SEALING ORDER** |

Upon the application of the United States of America, by Philp R. Sellinger, the United States Attorney for the District of New Jersey (by Katherine J. Calle, Assistant United States Attorney, appearing), for a search warrant and an order sealing the search warrant issued on this date, the application and attached affidavit in support of such warrant, and the inventory and property receipt and other related documents, except for a copy of the search warrant and copy of the property receipt to be served at the time of the search; and for good cause shown,

**IT IS** on this 2nd day of August, 2024,

**ORDERED** that the search warrant, the application and affidavit in support of the search warrant, property receipt, inventory, and all other related documents, except for a copy of the search warrant and property receipt to be served at the time the search is executed, are sealed until otherwise ordered by the Court, except that the Government may, without further order of this Court disclose these materials in furtherance of its discovery and disclosure obligations in any prosecutions related to this matter.

/s Hon. Leda Dunn Wettre (By Agent with Authorization)
_____
HONORABLE LEDA DUNN WETTRE
UNITED STATES MAGISTRATE JUDGE

SDNY_01_000008729
SUBJECT TO PROTECTIVE ORDER.

# Exhibit A
# [24 MC 2762]

SDNY_01_000008730
SUBJECT TO PROTECTIVE ORDER.

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>IN THE MATTER OF THE SEARCH OF<br>ALL CELLPHONES ON THE PERSON OR IN THE<br>POSSESSION OF MOHAMED BAHI AT NEWARK<br>INTERNATIONAL AIRPORT | )<br>)<br>)<br>)  Case No.  24-13201<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ New Jersey
*(identify the person or describe the property to be searched and give its location)*:

ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before _____August 15, 2024_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Leda Dunn Wettre_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    8/2/2024 at 10:17 AM          /s Hon. Leda Dunn Wettre (By Agent with Authorization)
                                                                                    *Judge's signature*

City and state:    Newark, New Jersey                    Hon. Leda Dunn Wettre, U.S. Magistrate Judge
                                                                                    *Printed name and title*

SDNY_01_000008836
SUBJECT TO PROTECTIVE ORDER.

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>  24-13201 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

SDNY_01_000008837
SUBJECT TO PROTECTIVE ORDER.

**<u>ATTACHMENT A</u>**

**Property to Be Searched**

The Target Devices are particularly described as any cellphones found on the

person of Mohamed Bahi ("Bahi"), including any clothing worn by Bahi and any

bags or containers carried by Bahi while at Newark International Airport.

SDNY_01_000008838
SUBJECT TO PROTECTIVE ORDER.

**ATTACHMENT B**

Evidence, fruits, and instrumentalities of violations (i) 18 U.S.C. §§ 371 and 666 (theft of federal funds, federal program bribery, and conspiracy to commit both); (ii) 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt and conspiracy to commit wire fraud); (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same); (iv) 18 U.S.C. §§ 371 and 1512(b) (witness tampering and conspiracy to commit the same); and (v) 18 U.S.C. § 1519 (destruction and concealment of records, documents, and tangible objects with the intent to obstruct an investigation) (collectively, the "Subject Offenses"), including the following:

A.      Evidence of knowledge or understanding of, or intent to violate, laws and regulations governing the conduct of the 2021 and 2025 mayoral campaigns of Eric Adams (the "Adams Campaigns") on the part of Mohamed Bahi, or on the part of any other person who is or was associated with or employed by the Adams Campaigns.

B.      Evidence relating to Bahi's involvement in fundraising for the Adams Campaigns.

C.      Evidence relating to efforts by Bahi or by any person who is or was associated with or employed by the Adams Campaigns to provide benefits, whether lawfully or unlawfully, to any donor or potential donor to the Adams Campaigns in exchange for campaign contributions.

D.      Evidence relating to payments to any potential or actual donor to the Adams Campaigns to facilitate their making campaign contributions to the

1

SDNY_01_000008839
SUBJECT TO PROTECTIVE ORDER.

Adams Campaigns.

E.      Evidence of individuals or entities who donated to the Adams Campaigns before or after receiving transfers of funds similar to the amount of the donation.

F.      Evidence regarding any persons or entities involved, wittingly or unwittingly, in donations to the Adams Campaign in which the named donor is not the true source of the donated funds ("straw donations").

G.      Evidence regarding any requests by the Adams Campaigns for matching funds based on straw donations, including any discussions of matching funds.

H.      Evidence of fundraising for the Adams Campaigns involving any foreign nationals or officials.

I.      Evidence of the exchange of benefits or favors between foreign nationals or officials, on the one hand, and any person who is or was associated with or employed by the Adams Campaigns, on the other hand.

J.      Evidence relating to any efforts to influence testimony in any investigation relating to the Adams Campaigns, to destroy or conceal evidence, or to otherwise respond to, interfere with, or obstruct any investigation relating to the Adams Campaigns.

K.      Passwords or other information needed to access the user's online accounts, including encrypted data stored in the Target Devices.

L.      Evidence sufficient to establish the owners and users of the Target Devices at times relevant to the Subject Offenses.

2

SDNY_01_000008840
SUBJECT TO PROTECTIVE ORDER.

M.    Evidence of the geographic location of users or devices involved in the commission of the Subject Offenses at times relevant to the Subject Offenses.

During execution of the search of the Target Devices authorized herein, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of Mohamed Bahi on any of the Target Devices; and/or (2) hold any of the Target Devices in front of Bahi's face and activate the facial recognition feature; for the purpose of attempting to unlock the Target Devices in order to search their contents as authorized by this warrant.

For purposes of authentication at later proceedings, the government is authorized to retain a digital copy of all seized information authorized by the Search Warrant for as long as is necessary for authentication purposes.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

3

SDNY_01_000008841
SUBJECT TO PROTECTIVE ORDER.