AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
) Case No. **24 MAG 3540**
The Electronic Devices Seized from Gracie Mansion on )
September 26, 2024 )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the __Southern__ District of __New York__, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attached Affidavit and its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371, 666(a)(1)(B), 1343 | bribery and conspiracy to commit bribery |
| | wire fraud and attempt and conspiracy to commit wire fraud |
| 52 U.S.C. § 30121 | campaign contributions by foreign nationals and conspiracy to commit the same |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_S/ by the Court with permission_
*Applicant's signature*

████████████
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: __10/07/2024__

*Judge's signature*

City and state: __New York, New York__    Hon. Robert W. Lehrburger, USMJ, SDNY
*Printed name and title*

SDNY_09_0000003798
SUBJECT TO PROTECTIVE ORDER

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK | 24 MAG 3540 |
|---|---|
| In the Matter of the Application of the United States of America for a Search and Seizure Warrant for the Electronic Devices Seized from Gracie Mansion on September 26, 2024, USAO Reference No. 2021R00778 | **TO BE FILED UNDER SEAL**<br><br>**Agent Affidavit in Support of Application for Search and Seizure Warrant** |

SOUTHERN DISTRICT OF NEW YORK) ss.:

███████  being duly sworn, deposes and says:

**I. Introduction**

  **A. Affiant**

  1.  I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 2019. I am currently assigned to a public corruption squad of the New York Field Office, where, among other things, I investigate crimes involving illegal campaign contributions, wire fraud, and bribery. Through my training and experience, I also have become familiar with some of the ways in which individuals use smart phones and electronic communications, including social media, email, and electronic messages, in furtherance of their crimes, and have participated in the execution of search warrants involving electronic evidence.

  2.  I make this Affidavit in support of an application pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the electronic devices specified below (the "Subject Devices") for the items and information described in Attachment A. This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training, experience, and advice received concerning the use of cellphones and tablets in criminal activity and the forensic analysis of electronically stored information ("ESI"). Because this affidavit is being submitted for the

1

SDNY_09_0000003799
SUBJECT TO PROTECTIVE ORDER

limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### B. The Subject Devices

3. The Subject Devices, each of which was seized from Gracie Mansion on September 26, 2024, are particularly described as:

   a. One white Apple iPhone 15 in a clear case, IMEI: 358668282414756, S/N: KN4GYLFLWT, vouchered by the FBI as 1B82;

   b. One Apple iPhone in a clear case, vouchered by the FBI as 1B83;

   c. One Apple iPad with "NYC Mayor's Office" sticker on the back, vouchered by the FBI as 1B84;

   d. One Apple iPad Model A2602, S/N: X2R4D7X9XG, vouchered by the FBI as 1B85; and

   e. One Iridium satellite phone, vouchered by the FBI as 1B86.

4. Based on my training, experience, and research, I know that Apple iPhones and iPads have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. I also know that satellite phones contain subscriber identity module ("SIM") cards that can contain message and geolocation data.

### C. The Subject Offenses

5. For the reasons detailed below, I respectfully submit that there is probable cause to believe that the Subject Devices contain evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 666(a)(1)(B) (bribery and conspiracy to commit bribery); (ii) 18 U.S.C. §§ 371 and 1343 (wire fraud and attempt and conspiracy to commit wire fraud); and (iii) 18 U.S.C.

SDNY_09_0000003800
SUBJECT TO PROTECTIVE ORDER

§ 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same) (collectively, the "Subject Offenses").

## II. Probable Cause

6. On or about September 25, 2024, the Honorable Katharine H. Parker, United States Magistrate Judge, Southern District of New York, issued a search and seizure warrant permitting law enforcement to seize from Gracie Mansion cellphones and tablets used by Adams (the "Gracie Warrant"). Copies of the Gracie Warrant and the affidavit in support thereof (the "Gracie Affidavit") are attached hereto as Exhibit 1 and incorporated by reference herein.

7. As described in the Gracie Affidavit, on or about September 24, 2024, a grand jury sitting in this District returned an indictment charging Eric Adams with the Subject Offenses (the "Indictment"). A copy of the Indictment is attached as Exhibit A to the Gracie Affidavit and is incorporated by reference herein.

8. As used in the Indictment, the following terms refer to the following persons:

   a. ▮▮▮▮▮ – "Turkish Official"
   b. ▮▮▮▮▮ – "Airline Manager"
   c. ▮▮▮▮▮ – "Promoter"
   d. ▮▮▮▮▮ – "Businessman-5"
   e. ▮▮▮▮▮ – "Businessman-1"
   f. ▮▮▮▮▮ – "University President"
   g. ▮▮▮▮▮ – "Businessman-2"
   h. ▮▮▮▮▮ – "Businessman-4"
   i. Mohamed Bahi – "Adams Employee-1"
   j. ▮▮▮▮▮ – "Adams Employee-2"
   k. ▮▮▮▮▮ – "Adams Fundraiser"

SDNY_09_0000003801
SUBJECT TO PROTECTIVE ORDER

    l. █████ – "Adams Scheduler"

    m. █████ – "Adams Liaison"

    n. █████ – "Adams Staffer"

9. As described in the Gracie Affidavit, Adams and his co-conspirators used electronic messages of the kind sent, received, and stored on electronic devices like the Subject Devices in furtherance of the Subject Offenses, including at least as recently as June 2024. Furthermore, Adams has a practice of using multiple phones and, following the FBI's seizure of his electronic devices in November 2023, obtained several new phone numbers, including a phone number subscribed to by the New York City Police Department but saved in former NYPD Commissioner █████ phone (seized pursuant to a warrant on or about September 4, 2024) as "EA" and "Eric Adams." Based on my training and experience, I know that individuals involved in criminal activity commonly use multiple cellphones in order to reduce the chances that law enforcement's discovery or seizure of one phone will reveal or disrupt their illegal activities. Indeed, the FBI did not find the phone subscribed to by the NYPD but used by Adams during the September 26, 2024 search of Gracie Mansion.

10. Based on my training and experience and involvement in this investigation, I further know that messages sent and received on one Apple device, such as an iPhone or an iPad, can often be found on a separate Apple device if the two devices share a common cloud account.

11. On September 26, 2024, the FBI executed the Gracie Warrant and seized the Subject Devices. There is probable cause to believe that each of the Subject Devices is used by Adams for the reasons described below.

    a. The Apple iPhone vouchered as 1B82 was handed to law enforcement by Adams during execution of the Gracie Warrant;

SDNY_09_0000003802
SUBJECT TO PROTECTIVE ORDER

    b. The Apple iPhone vouchered as 1B83 was found on the floor of Adams's personal bathroom at Gracie Mansion;

    c. The Apple iPad vouchered as 1B84 was found in Adams's personal bedroom at Gracie Mansion;

    d. The Apple iPad vouchered as 1B85 was found in a sitting room adjacent to Adams's personal bedroom at Gracie Mansion; and

    e. The Iridium satellite phone vouchered as 1B86 was found in a Pelican case on the nightstand next to Adams's bed at Gracie Mansion.

12. Based on the foregoing, I respectfully submit there is probable cause to believe that Eric Adams is engaged in the Subject Offenses, and that evidence of this criminal activity is likely to be found on the Subject Devices.

### III. Procedures for Searching ESI

#### A. Review of ESI

13. Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) will review the ESI contained on the Subject Devices for information responsive to the warrant.

14. In conducting this review, law enforcement may use various techniques to determine which files or other ESI contain evidence or fruits of the Subject Offenses. Such techniques may include, for example:

- surveying directories or folders and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

5

- conducting a file-by-file review by "opening" or reading the first few "pages" of such files in order to determine their precise contents (analogous to performing a cursory examination of each document in a file cabinet to determine its relevance);

- "scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; and

- performing electronic keyword searches through all electronic storage areas to determine the existence and location of search terms related to the subject matter of the investigation. (Keyword searches alone are typically inadequate to detect all information subject to seizure. For one thing, keyword searches work only for text data, yet many types of files, such as images and videos, do not store data as searchable text. Moreover, even as to text data, there may be information properly subject to seizure but that is not captured by a keyword search because the information does not contain the keywords being searched.)

15. Law enforcement personnel will make reasonable efforts to restrict their search to data falling within the categories of evidence specified in the warrant. Depending on the circumstances, however, law enforcement may need to conduct a complete review of all the ESI from the Subject Devices to locate all data responsive to the warrant.

### B. Return of the Subject Devices

16. If the Government determines that the Subject Devices are no longer necessary to retrieve and preserve the data on the devices, and that the Subject Devices are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(c), the Government will return the Subject Devices, upon request. Data that is encrypted or unreadable will not be returned unless law enforcement personnel have determined that the data is not (i) an instrumentality of the offense, (ii) a fruit of the criminal activity, (iii) contraband, (iv) otherwise unlawfully possessed, or (v) evidence of the Subject Offenses.

## IV. Conclusion and Ancillary Provisions

17. Based on the foregoing, I respectfully request the court to issue a warrant to seize the items and information specified in Attachment A to this affidavit and to the Search and Seizure Warrant.

6

SDNY_09_0000003804
SUBJECT TO PROTECTIVE ORDER

18.  In light of the confidential nature of the continuing investigation, I respectfully request that this affidavit and all papers submitted herewith be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to provide copies of the warrant and affidavit as need be to personnel assisting it in the investigation and prosecution of this matter, and to disclose those materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

S/by the Court with permission

███████

Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1, on
October 7, 2024

_____
HON. ROBERT W. LEHBURGER
UNITED STATES MAGISTRATE JUDGE

SDNY_09_0000003805
SUBJECT TO PROTECTIVE ORDER

**ATTACHMENT A**

**I. Subject Devices**

The devices that are the subject of this search and seizure warrant (the "Subject Devices"), each of which was seized from Gracie Mansion on September 26, 2024, are described as follows:

a. One white Apple iPhone 15 in a clear case, IMEI: 358668282414756, S/N: KN4GYLFLWT, vouchered by the FBI as 1B82;

b. One Apple iPhone in a clear case, vouchered by the FBI as 1B83;

c. One Apple iPad with "NYC Mayor's Office" sticker on the back, vouchered by the FBI as 1B84;

d. One Apple iPad Model A2602, S/N: X2R4D7X9XG, vouchered by the FBI as 1B85; and

e. One Iridium satellite phone, vouchered by the FBI as 1B86.

**II. Review of ESI on the Subject Devices**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the electronically stored information ("ESI") contained on the Subject Devices for evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 666(a)(1)(B) (bribery and conspiracy to commit bribery); (ii) 18 U.S.C. §§ 371 and 1343 (wire fraud and attempt and conspiracy to commit wire fraud), and (iii) 18 U.S.C. § 371 and 52 U.S.C. § 30121 (campaign contributions by foreign nationals and conspiracy to commit the same) described as follows:

1. Calendar entries for Eric Adams, including but not limited to entries relating to Adams's 2021 or 2025 mayoral campaigns (the "2021 Campaign," the "2025 Campaign," and jointly the "Adams Campaigns"), international travel, meetings with foreign nationals, and events associated with or meetings related to Turkey or Uzbekistan.

2. Photographs or videos reflecting Adams's international travel.

3. Evidence of knowledge or understanding of, or intent to violate, laws and regulations governing the conduct of the 2021 and 2025 New York City mayoral races.

4. Evidence of foreign donations to the Adams Campaigns.

5. Evidence of individuals or entities who donated to the Adams Campaigns before or after receiving transfers of funds similar to the amount of the donation.

SDNY_09_0000003806
SUBJECT TO PROTECTIVE ORDER

6. Identity of any persons or entities involved, wittingly or unwittingly, in straw donations to the Adams Campaigns.

7. Evidence relating to the source of funds for payment or reimbursement of persons serving as conduits for campaign contributions to the Adams Campaigns.

8. Evidence regarding any requests by the Adams Campaigns for matching funds based on straw donations, including any discussions of matching funds.

9. Evidence of free or discounted travel benefits (including airfare, accommodations, meals, transportation, and entertainment) provided to Adams or persons traveling with Adams.

10. Evidence of an intent to exchange benefits between the Turkish Government or entities and persons acting at its behest, and Adams or the Adams Campaigns, including but not limited to evidence of a relationship between straw donations or travel benefits and any actions taken by Adams or any persons connected to Adams.

11. Evidence relating to coordination between Turkish nationals or the Turkish Government and the Adams Campaigns concerning political contributions to the Adams Campaigns, including, but not limited to, evidence of motive and intent for Turkish nationals or the Turkish Government to provide or facilitate campaign contributions to the Adams Campaigns, and evidence of motive and intent by any person who is or was associated with or employed by the Adams Campaigns to provide benefits, whether lawfully or unlawfully, to Turkish nationals or the Turkish Government in return for campaign contributions.

12. Evidence of Adams's relationship with ███████████████ Erden Arkan, ███████████████████████████ Mohamed Bahi, ████████████████████████████ or ██████


13. Evidence concerning efforts to conceal the Subject Offences, to destroy or conceal evidence of the Subject Offenses, to devise or coordinate false exculpatory explanations for the conduct underlying the Subject Offenses, or to otherwise obstruct law enforcement from investigating the Subject Offenses.

14. Passwords or other information needed to access user's online accounts, including encrypted data stored in the Subject Account.

15. Evidence sufficient to establish the owners and users of the Subject Account at times relevant to the Subject Offenses.

16. Evidence of the geographic location of users, computers, tablets, cellphones, or electronic devices involved in the commission of the Subject Offenses at times relevant to the Subject Offenses.

### III. Review of ESI

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the

2

SDNY_09_0000003807
SUBJECT TO PROTECTIVE ORDER

government in this investigation, and outside technical experts under government control) are authorized to create forensic images copies of the Subject Devices and review the ESI contained on the Subject Devices or on such copies for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the device was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other ESI within the categories identified in Section II of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from the Subject Devices if necessary to evaluate its contents and to locate all data responsive to the warrant.

SDNY_09_0000003808
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 1
# [24 MAG 3431]

SDNY_09_0000003809
SUBJECT TO PROTECTIVE ORDER

AO 93C  (08/18) SDNY Rev.  Warrant by Telephone or Other Reliable Electronic Means          ❏ Original          ❏ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | Case No.  **24 MAG 3540** |
| *or identify the person by name and address)* | ) | |
| | ) | |
| | ) | |
| | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:       Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:



The search and seizure are related to violation(s) of *(insert statutory citations)*:



I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:



**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
  ❏ in the daytime 6:00 a.m. to 10:00 p.m.       ❏ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ .
                                                                                                                                                       *(United States Magistrate Judge)*

  ❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ❏ for \_\_\_\_\_ days *(not to exceed 30)*     ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____      *[signature]*
                                                                                                                     *Judge's signature*

City and state: _____      _____
                                                                                                                     *Printed name and title*

SDNY_09_0000003889
SUBJECT TO PROTECTIVE ORDER

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                              *Executing officer's signature*

                                              *Printed name and title*

SDNY_09_0000003890
SUBJECT TO PROTECTIVE ORDER