# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

a Search and Seizure Warrant for a Google Pixel phone produced by ███████████ on January 24, 2025, USAO Reference No. 2021R00778

Case No. **25 MAG 451**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Southern___ District of ___New York___, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attached Affidavit and its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371 and 1343 | (wire fraud and attempt and conspiracy to commit wire fraud) |
| 18 U.S.C. §§ 371 and 666 | (federal program bribery and conspiracy to commit federal program bribery) |

The application is based on these facts:
See Attached Affidavit and Attachment A

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/ ███████ /otw
Applicant's signature

SA ███████ FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means)*.

Date: 02/07/2025

Judge's signature

City and state: New York, NY

Hon. Ona T. Wang, USMJ
Printed name and title

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | 25 MAG 451 |
| In the Matter of the Application of the United States Of America for a Search and Seizure Warrant for a Google Pixel phone produced by ▇▇▇▇▇▇▇▇▇ on January 24, 2025, USAO Reference No. 2021R00778 | TO BE FILED UNDER SEAL<br><br>Agent Affidavit in Support of Application for Search and Seizure Warrant |

SOUTHERN DISTRICT OF NEW YORK) ss.:

▇▇▇▇▇▇▇ being duly sworn, deposes and says:

## I. Introduction

### A. Affiant

1.      I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 2019. I am currently assigned to a public corruption squad of the New York Field Office, where, among other things, I investigate crimes involving illegal campaign contributions, wire fraud, and bribery. Through my training and experience, I also have become familiar with some of the ways in which individuals use smart phones and electronic communications, including social media, email, and electronic messages, in furtherance of their crimes, and have participated in the execution of search warrants involving electronic evidence.

2.      I make this Affidavit in support of an application pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the electronic device specified below (the "Subject Device") for the items and information described in Attachment A. This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training, experience and advice received concerning the use of computers in criminal activity and the forensic analysis of electronically stored information ("ESI"). Because this affidavit is being submitted for the limited purpose of establishing probable

11.07.2024

1

cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### B. The Subject Device

3. The Subject Device is particularly described as a Google Pixel phone produced by ▇▇▇▇▇▇▇▇ to the FBI pursuant to a subpoena on January 24, 2025.

4. Based on my training, experience, and research, I know that the Subject Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA.

5. The Subject Device is presently located in the Southern District of New York.

### C. The Subject Offenses

6. For the reasons detailed below, I believe that there is probable cause to believe that the Subject Device contains evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 1343 (wire fraud and attempt and conspiracy to commit wire fraud), and (ii) 18 U.S.C. §§ 371 and 666 (federal program bribery and conspiracy to commit federal program bribery) (collectively, the "Subject Offenses").

## II. Probable Cause

### A. Probable Cause Regarding Subjects' Commission of the Subject Offenses

7. Since in or about August 2021, the FBI and the Office of the United States Attorney for the Southern District of New York have been investigating the receipt of so-called "straw" donations by the 2021 and 2025 New York City mayoral campaigns of Eric Adams (the "2021 Adams Campaign," the "2025 Adams Campaign," and, collectively, the "Adams Campaigns"), including certain straw donations that were funded by and/or made at the direction of foreign government officials and other foreign persons. On or about September 24, 2024, a grand jury

sitting in this District returned an indictment charging Eric Adams with the Subject Offenses, among other offenses. *See* 24 Cr. 556 (DEH).

8.      In connection with that investigation, on or about January 17, 2025, the Honorable Gary Stein, United States Magistrate Judge for the Southern District of New York, issued a search warrant authorizing the search of the home of ▮▮▮▮▮▮▮▮▮ a Target Subject of the investigation, to seize and search cellphones and other electronic devices used by him for evidence of the Subject Offenses (the "▮▮▮▮ Warrant"). The ▮▮▮▮ Warrant and the Government's application for it are attached as Exhibit A and incorporated by reference herein.

9.      As discussed in greater detail in Exhibit A, ▮▮▮▮ organized straw donations to Adams's 2021 campaign and continued to support and meet with him into 2023, when Adams had begun fundraising for his 2025 re-election campaign. (▮▮▮▮ Warrant ¶¶ 7, 15). ▮▮▮▮ also discussed with his co-conspirators obtaining at least one action from Adams following Adams's election. (▮▮▮▮ Warrant ¶ 7(e); *see also id.* ¶ 15(j)). In or about July 2023, ▮▮▮▮ was indicted by the District Attorney's Office for New York County for conduct relating to straw donations to the Adams 2021 campaign. (▮▮▮▮ Warrant ¶ 7). ▮▮▮▮ ultimately pleaded guilty to misdemeanor conspiracy in the fifth degree, in violation of Penal Law § 105.01(1). (▮▮▮▮ Warrant ¶ 8). During his plea allocution, ▮▮▮▮ admitted that on or about August 14, 2020, he transferred $260 to a straw donor via CashApp, a mobile payment service, and that the straw donor then donated those funds to a political campaign at ▮▮▮▮ direction. (▮▮▮▮ Warrant ¶ 8).

**B.   Probable Cause Justifying Search of the Subject Device**

10.     As also described in the ▮▮▮▮ Warrant, ▮▮▮▮ and Adams each used electronic devices to commit the Subject Offenses. (▮▮▮▮ Warrant ¶¶ 10-13).

11. Based on my review of records from Adams's iCloud account, obtained through a judicially authorized warrant and described in the ▓▓▓ Warrant, ▓▓▓ and Adams also used electronic messages to communicate with each other. (▓▓▓ Warrant ¶ 14). For instance on or about August 17, 2019, ▓▓▓ sent Adams a message stating, in part, "Whats up my brother. . . . don't commit any dates to me. However, I'm going to send my people to your website and do like we said, $25 over 10 months . If they do not have 250." (▓▓▓ Warrant ¶ 14(b)). Based on my participation in the investigation, I believe this is a message telling Adams that he would have donors give Adams's campaign $250 in ten $25 installments, if they were not able to donate $250 at once. (▓▓▓ Warrant ¶ 14(b)).

12. On or about January 23, 2025, law enforcement executed the ▓▓▓ Warrant and seized a cellphone from ▓▓▓ Based on my review of notes from a call between counsel for ▓▓▓ and prosecutors at the United States Attorney's Office for the Southern District of New York, I know that following the search, counsel for ▓▓▓ contacted the prosecutors and informed them, in substance and in part, that ▓▓▓ had an additional cellphone—the Subject Device—that was not seized during the search, and that ▓▓▓ was willing to provide to law enforcement. ▓▓▓ counsel also informed prosecutors, in substance and in part, that based on their review of Attachment A to the ▓▓▓ Warrant, the Subject Device contains records within the time period of the search authorized by the ▓▓▓ Warrant.

13. On or about January 24, 2025, counsel for ▓▓▓ provided the Subject Device to law enforcement pursuant to a subpoena.

14. Based on the foregoing, I respectfully submit there is probable cause to believe that ▓▓▓ was engaged in the Subject Offenses, and that evidence of this criminal activity is

4

11.07.2024

likely to be found on the Subject Device. This warrant seeks the authority to search the Subject Device for the same evidence and during the same date range as authorized by the ▮ Warrant.

### III. Procedures for Searching ESI

#### A. Review of ESI

15. Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) will review the ESI contained on the Subject Device for information responsive to the warrant.

16. In conducting this review, law enforcement may use various techniques to determine which files or other ESI contain evidence or fruits of the Subject Offenses. Such techniques may include, for example:

- surveying directories or folders and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- conducting a file-by-file review by "opening" or reading the first few "pages" of such files in order to determine their precise contents (analogous to performing a cursory examination of each document in a file cabinet to determine its relevance);

- "scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files;

- using document review programs, including machine learning enabled software; and

- performing electronic keyword searches through all electronic storage areas to determine the existence and location of search terms related to the subject matter of the investigation. (Keyword searches alone are typically inadequate to detect all information subject to seizure. For one thing, keyword searches work only for text data, yet many types of files, such as images and videos, do not store data as searchable text. Moreover, even as to text data, there may be information properly subject to seizure but that is not captured by a keyword search because the information does not contain the keywords being searched.)

17. Law enforcement personnel will make reasonable efforts to restrict their search to data falling within the categories of evidence specified in the warrant. Depending on the circumstances, however, law enforcement may need to conduct a complete review of all the ESI from the Subject Device to locate all data responsive to the warrant.

### B. Return of the Subject Device

18. If the Government determines that the Subject Device is no longer necessary to retrieve and preserve the data on the device, and that the Subject Device is not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(c), the Government will return the Subject Device, upon request. Computer data that is encrypted or unreadable will not be returned unless law enforcement personnel have determined that the data is not (i) an instrumentality of the offense, (ii) a fruit of the criminal activity, (iii) contraband, (iv) otherwise unlawfully possessed, or (v) evidence of the Subject Offenses.

### IV. Conclusion and Ancillary Provisions

19. Based on the foregoing, I respectfully request the court to issue a warrant to seize the items and information specified in Attachment A to this affidavit and to the Search and Seizure Warrant.

20. The existence and general nature of this ongoing criminal investigation are publicly known, including because of the Adams Indictment and the ▓▓▓▓ Indictment. But the exact nature of the Government's ongoing investigation and the particular types of evidence the Government is covertly seeking as the investigation continues—including the fact that federal law enforcement executed the ▓▓▓▓ Warrant and is investigating conduct by ▓▓▓▓—is not publicly known. In light of the confidential nature of the continuing investigation, I respectfully request that this affidavit and all papers submitted herewith be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of

6

11.07.2024

this Court to provide copies of the warrant and affidavit as need be to personnel assisting it in the investigation and prosecution of this matter, and to disclose those materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.



Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1, on
February 7, 2025

HON. ONA T. WANG
UNITED STATES MAGISTRATE JUDGE

<div align="center">**Attachment A**</div>

## I. Device Subject to Search and Seizure

The device that is the subject of this search and seizure warrant (the "Subject Device") is described as follows:

a Google Pixel phone produced by ████████████████ to the FBI pursuant to a subpoena on January 24, 2025.

## II. Review of ESI on the Subject Device

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, outside technical experts under government control, and software tools) are authorized to review the ESI contained on the Subject Device for evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 1343 (wire fraud and attempt and conspiracy to commit wire fraud), and (ii) 18 U.S.C. §§ 371 and 666 (federal program bribery and conspiracy to commit federal program bribery) (the "Subject Offenses") that was created, stored, or maintained before July 31, 2023, described as follows:

1. Evidence of knowledge or understanding of, or intent to violate, laws and regulations governing the conduct of the 2021 and 2025 New York City mayoral races, including evidence of any intent or effort to violate the ban on straw donations.

2. Identity of any persons or entities involved, wittingly or unwittingly, in straw donations to the 2021 or 2025 campaigns of Eric Adams for New York City mayor (the "Adams Campaigns").

3. Evidence relating to the source of funds for payment or reimbursement of persons serving as conduits for campaign contributions to the Adams Campaigns.

4. Evidence of individuals or entities who donated to the Adams Campaigns before or after receiving transfers of funds similar to the amount of the donation.

5. Evidence regarding any requests by the Adams Campaigns for matching funds based on straw donations, including any discussions of matching funds.

6. Evidence of requests made to Eric Adams or any persons connected to Adams for any favorable treatment by the City of New York, including any requests for appointments, policy decisions, or government contracts, and any evidence of responses to such requests.

7. Evidence of planning fundraisers for the Adams Campaigns, and coordination in doing so with the Adams Campaigns.

11.07.2024

8. Evidence of the relationship between ▮▮▮▮▮▮▮▮▮▮ and any person who is or was associated with or employed by the Adams Campaigns, including Eric Adams, including all communications with or about, contract information for, and meetings or appointments with those individuals.

9. Evidence of efforts to conceal the Subject Offenses, to destroy or conceal evidence of the Subject Offenses, to tamper with witnesses, or to otherwise obstruct law enforcement from investigating the Subject Offenses.

10. Passwords or other information needed to access the user's online accounts or devices, including encrypted data.

11. Evidence sufficient to establish the owners and users of any devices at times relevant to the Subject Offenses.

12. Evidence of the geographic location of users, computers, or devices involved in the commission of the Subject Offenses at times relevant to the Subject Offenses.

\* \* \*

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the device was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Section II of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

2

AO 93C (08/18) SDNY Rev. Warrant by Telephone or Other Reliable Electronic Means    ☑ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. **25 MAG 451**
a Search and Seizure Warrant for a Google Pixel )
phone produced by ▮▮▮▮▮▮▮▮▮▮ on )
January 24, 2025, USAO Reference No. )
2021R00778 )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____Southern____ District of ____New York____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:

18 U.S.C. §§ 371 and 1343 (wire fraud and attempt and conspiracy to commit wire fraud), and 18 U.S.C. §§ 371 and 666 (federal program bribery and conspiracy to commit federal program bribery)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment A

**YOU ARE COMMANDED** to execute this warrant on or before ____February 21, 2025____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Duty Magistrate Judge____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    February 7, 2025 at 1:37 pm    _____
                                                              *Judge's signature*

City and state:    New York, NY    Hon. Ona T. Wang
                                    *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br>Date: _____<br><br><div align="right">_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title*</div> |

<div align="center">**Attachment A**</div>

## I. Device Subject to Search and Seizure

The device that is the subject of this search and seizure warrant (the "Subject Device") is described as follows:

a Google Pixel phone produced by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ to the FBI pursuant to a subpoena on January 24, 2025.

## II. Review of ESI on the Subject Device

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, outside technical experts under government control, and software tools) are authorized to review the ESI contained on the Subject Device for evidence, fruits, and instrumentalities of violations of (i) 18 U.S.C. §§ 371 and 1343 (wire fraud and attempt and conspiracy to commit wire fraud), and (ii) 18 U.S.C. §§ 371 and 666 (federal program bribery and conspiracy to commit federal program bribery) (the "Subject Offenses") that was created, stored, or maintained before July 31, 2023, described as follows:

1. Evidence of knowledge or understanding of, or intent to violate, laws and regulations governing the conduct of the 2021 and 2025 New York City mayoral races, including evidence of any intent or effort to violate the ban on straw donations.

2. Identity of any persons or entities involved, wittingly or unwittingly, in straw donations to the 2021 or 2025 campaigns of Eric Adams for New York City mayor(the "Adams Campaigns").

3. Evidence relating to the source of funds for payment or reimbursement of persons serving as conduits for campaign contributions to the Adams Campaigns.

4. Evidence of individuals or entities who donated to the Adams Campaigns before or after receiving transfers of funds similar to the amount of the donation.

5. Evidence regarding any requests by the Adams Campaigns for matching funds based on straw donations, including any discussions of matching funds.

6. Evidence of requests made to Eric Adams or any persons connected to Adams for any favorable treatment by the City of New York, including any requests for appointments, policy decisions, or government contracts, and any evidence of responses to such requests.

7. Evidence of planning fundraisers for the Adams Campaigns, and coordination in doing so with the Adams Campaigns.

11.07.2024

8. Evidence of the relationship between ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and any person who is or was associated with or employed by the Adams Campaigns, including Eric Adams, including all communications with or about, contract information for, and meetings or appointments with those individuals.

9. Evidence of efforts to conceal the Subject Offenses, to destroy or conceal evidence of the Subject Offenses, to tamper with witnesses, or to otherwise obstruct law enforcement from investigating the Subject Offenses.

10. Passwords or other information needed to access the user's online accounts or devices, including encrypted data.

11. Evidence sufficient to establish the owners and users of any devices at times relevant to the Subject Offenses.

12. Evidence of the geographic location of users, computers, or devices involved in the commission of the Subject Offenses at times relevant to the Subject Offenses.

\* \* \*

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the device was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Section II of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.